**EXHIBIT 7**

1   DUANE M. GECK (State Bar No. 114823)
    DONALD H. CRAM (State Bar No. 164001)
2   DAVID E. PINCH (State Bar No. 124851)
    SEVERSON & WERSON
3   A Professional Corporation
    One Embarcadero Center, Suite 2600
4   San Francisco, CA 94111
    Telephone: (415) 398-3344
5   Facsimile: (415) 956-0439

6   Attorneys for Plaintiff
    RESERVOIR CAPITAL
7   CORPORATION

8

9                UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

                SAN FRANCISCO DIVISION
11

| | |
|---|---|
| RESERVOIR CAPITAL CORPORATION, A Maryland Corporation, | No. FJ02-002 MJJ (JCS) |
| | 00-CV-3626 |
| Plaintiff, | **RESERVOIR CAPITAL CORPORATION's REQUEST TO TAKE JUDICIAL NOTICE IN SUPPORT OF MOTION FOR ORDER TO AMEND JUDGMENT TO INCLUDE ALTER EGOS** |
| vs. | |
| FOUR STAR FINANCIAL SERVICES, LLC. a California Limited Liability Company, | |
| Defendant. | Hearing— |
| | Date: September 19, 2003 |
| | Time: 9:30 a.m. |
| | Judge: The Hon. Joseph Spero |

12
13
14
15
16
17
18
19

20         Reservoir Capital Corporation moves this Court to take judicial notice

21   of the attached exhibits. The exhibits are records that have been previously filed

22   with this Court and as such the court is entitled to take judicial notice of records

23   and Orders pursuant to Federal Rules of Evidence 201(a).

24

25       **Exhibit "A"** – "Stipulation and Order for Settlement of Suit" originally

26   filed in the United States District Court for the District of Maryland in Case

    No. CCB-000-CV-3626 on July 16, 2001;
27

28

REQUEST TO TAKE JUDICIAL NOTICE IN SUPPORT
OF MOTION TO AMEND JUDGMENT TO INCLUDE
ALTER EGOS

ORIGINAL

1   **Exhibit "B"** – "Consent Order for Money Judgment Against Four Star

2   Financial Services, LLC" entered in the United States District Court for the

3   District of Maryland in Case No. CCB-000-CV-3626 on October 11, 2001;

4   **Exhibit "C"** – "Certification of Judgment for Registration in Another

5   District" entered by this court on January 11, 2002; and,

6   **Exhibit "D"** – "Stipulation Modifying Judgments and Order Thereon"

7   entered by this Court on July 20, 2002.

8   **Exhibit "E"** –   On-line Yellow Pages for telephone number and address

9   for Four Star Financial Services, LLC.

10   **Exhibit "F"** –   On-line Yellow Pages for telephone number and address

11   for Anson Garret & Company.

12   **Exhibit "G"** –   Certified copy of the Four Star Financial Services, LLC

13   Limited Liability Statement filed with the Secretary of State for the State of

14   California.

15   **Exhibit "H"** –   Certified copy of the FSF, LLC Limited Liability

16   Articles of Organization filed with the Secretary of State for the State of

17   California.

18   **Exhibit "I"** –   Certified copy of the Community Benefit Alliance, LLC

19   Limited Liability Statement of Information filed with the Secretary of State

20   for the State of California.

21   **Exhibit "J"** –   Declaration of Jack Garrett executed on April 1, 2003

22   **Exhibit "K"** –   Declaration of Dana L. Pierson executed on April 18,

23   2003

24   **Exhibit "L"** –   Declaration of Dana L. Pierson executed on April 23,

25   2003.

26

27

28   11073/0001/425089 2                 - 2 -         REQUEST TO TAKE JUDICIAL NOTICE IN SUPPORT
                                                     OF MOTION TO AMEND JUDGMENT TO INCLUDE
                                                     ALTER EGOS

1   **Exhibit "M" –**   Defendant Four Star Financial Services, LLC's

2   Response to Plaintiff's Statement in Support of Order to Show Cause;

3   Motion for Civil Sanctions.

4   **Exhibit "N" –**   Order Charging Judgment Debtor's Interest in Limited

5   Liability Companies and For Order For Sale of Its Interest in Those Limited

6   Liability Companies entered April 22, 2003.

7

8

9   DATE: **8 | 8 | 03**           SEVERSON & WERSON
                                    A Professional Corporation
10
11                                  By:
                                       David E. Pinch
12                                  Attorneys for Plaintiff
                                    RESERVOIR CAPITAL CORPORATION
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   11073/0001/425089.2              - 3 -

IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

RESERVOIR CAPITAL
CORPORATION,                          *

            Plaintiff,                *        Civil No. CCB-000-CV-3626

                                      *

v.                                    *        RECEIVED IN THE OFFICE OF
                                      *        CATHERINE C. BLAKE
FOUR STAR FINANCIAL
SERVICES, L.L.C.,                     *        JUL 1 6 2001

            Defendant.                *        UNITED STATES DISTRICT JUDGE

    *    *    *    *    *    *    *    *    *    *    *    *    *

## STIPULATION AND ORDER FOR SETTLEMENT OF SUIT

Reservoir Capital Corporation, the Plaintiff ("Reservoir"), and Four Star

Financial Services, L.L.C., the Defendant in this case ("Four Star"), by their respective

undersigned attorneys, hereby stipulate and agree as follows:

### Background

1.    On December 12, 2000, Reservoir filed a Complaint for Money

Damages against Four Star claiming a principal amount of $1,545,878.82, together with

interest, costs, and expenses, including attorneys' fees, arising out of an alleged breach of

contract, breach of fiduciary duty, and conversion under an October 16, 1997 Participation

Agreement (the "Agreement") between Reservoir and Four Star.

2.    On February 8, 2001, the Court entered an Order of Default for Four

Star's failure to timely file an answer or defense.

3.    On June 13, 2001, the Court vacated the Order of Default and issued a Scheduling Order for the case.

4.    After negotiations, Reservoir and Four Star have agreed to settle this case in accordance with the terms and conditions of the Settlement Agreement, a copy of which is attached hereto as Exhibit A, pursuant to which this Stipulation and Order has been filed.

### Stipulation

5.    Accordingly, Reservoir and Four Star hereby stipulate and agree as follows:

(i)  Four Star hereby agrees that on or before September 12, 2001, at 4:00 p.m. (the "Payment Deadline"), Four Star shall pay and deliver to Reservoir, by wire transfer to the account designated by Reservoir, the sum of One Million Two Hundred Fifty Thousand Dollars ($1,250,000.00) (the "Settlement Payment"). In the event that the full Settlement Payment is made by Four Star, by wire transfer, and received by Reservoir prior to the Payment Deadline, then within three (3) business days after Reservoir's receipt of the Settlement Payment, Reservoir shall file with the Court a Stipulation dismissing the Case with prejudice. Time is of the essence, and if Four Star fails to make the full Settlement Payment by wire transfer to Reservoir by the Payment Deadline, Reservoir shall have no obligation to accept the Settlement Payment in full satisfaction of the Claim.

(ii)  In the event that Reservoir does not receive the full amount of the Settlement Payment by wire transfer by the Payment Deadline, Reservoir shall be entitled to the immediate entry of a money judgment against Four Star in the amount of $1,843,889.56, which Reservoir may obtain by filing with the Court as early as September 13, 2001 a Consent Order for Money Judgment, in the form of the Consent Order attached hereto as Exhibit B.

Upon the filing of the Consent Order for Money Judgment, Four Star shall not take any action

to oppose entry of the Consent Order for Money Judgment or to seek to vacate such judgment.

Four Star's sole defense to the entry of the Consent Order for Money Judgment shall be proof

that the full payment by wire transfer to Reservoir, of the full amount of the Settlement

Payment was made prior to the Settlement Deadline.

SO ORDERED, on this _17_ day of _July_, 2001.

_____
Judge

STIPULATED AND AGREED:

_____
Jeffrey N. Pritzker, Bar No. 01546
Randolph C. Baker, Bar No. 05954
Margolis, Pritzker & Epstein, P.A.
405 E. Joppa Road
Suite 100
Towson, Maryland 21286
(410) 823-2222

Attorneys for Defendant, Four Star Financial Services, L.L.C.

Four Star Financial Services, L.L.C.

By: _____
    Name: Dena L. Pierson
    Title: Vice President

Irving E. Walker, Bar No. 000179
Gary H. Leibowitz, Bar No. 24717
Saul Ewing LLP
100 South Charles
Baltimore, MD 21202
(410) 332-8672
(410) 332-8937

Attorneys for Plaintiff, Reservoir Capital Corporation

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (this "Agreement") is made this 16th day of July, 2001 by and between **RESERVOIR CAPITAL CORPORATION**, a Maryland corporation ("Reservoir") and **FOUR STAR FINANCIAL SERVICES, L.L.C.**, a California limited liability company ("Four Star").

## Recitals

R.1     On October 16, 1997, Reservoir entered into a Participation Agreement (the "Agreement") with 900 Capital Services, Inc. ("900 Capital"), the predecessor in interest to Four Star, under which Reservoir agreed to purchase from 900 Capital an undivided one hundred percent (100%), full risk, non-recourse participation interest in a Factoring Agreement (the "Factoring Agreement") between 900 Capital and Network Telephone Services, Inc. ("NTS"). Under the terms of the Factoring Agreement, 900 Capital agreed to purchase from NTS, in order to provide NTS with working capital, certain accounts receivable, book debts, notes, drafts, and acceptances (collectively "the Accounts") which arose out of NTS' sale of goods or rendering of services. Reservoir, pursuant to the Agreement, agreed to participate along with 900 Capital in the purchase of the NTS Accounts up to a total maximum funding level of three million dollars ($3,000,000.00). 900 Capital subsequently became Four Star.

R.2     The collection of the NTS Accounts was to be performed by a third party collection firm, with the proceeds from the collections being paid to Four Star for the benefit of itself and Reservoir. Four Star was then obligated to remit to Reservoir, within three (3) business days after receipt of the payments made on the Accounts, Reservoir's proportionate share of all net collections.

R.3     Reservoir has alleged that Four Star failed to make the agreed upon payments, and that Four Star owes Reservoir the principal sum of $1,585,878.82, together with interest, costs, and expenses including attorneys' fees (the "Claim").

R.4     Reservoir filed an action in the United States District Court for the District of Maryland, Baltimore Division (the "Court"), styled Reservoir Capital Corporation v. Four Star Financial Services, L.L.C., Case No.: CCB-000-CV-3626 (the "Case") seeking to enforce the Claim. Four Star has denied Reservoir's Claim in that proceeding.

R.5     After negotiations, Reservoir and Four Star desire to settle the Case.

## Agreement

NOW THEREFORE, in consideration of the mutual covenants set forth below, Reservoir and Four Star intending legally to be bound, hereby agree as follows:

1.   Four Star's Agreement to Make Settlement Payment.  Four Star hereby agrees that on or before September 12, 2001, at 4:00 p.m. (the "Payment Deadline"), Four Star shall pay and deliver to Reservoir, by wire transfer to the account designated by Reservoir, the sum of One Million Two Hundred Fifty Thousand Dollars ($1,250,000.00) (the "Settlement Payment").  In the event that the full Settlement Payment is made by Four Star and received by Reservoir prior to the Payment Deadline, then within three (3) business days after Reservoir's receipt of the Settlement Payment, Reservoir shall file with the Court a Stipulation dismissing the Case with prejudice, in the form of the Stipulation attached hereto as Schedule 1.  Time is of the essence in this Agreement, and if Four Star fails to make, by wire transfer, the full Settlement Payment to Reservoir by the Payment Deadline, Reservoir shall have no obligation to accept the Settlement Payment in full satisfaction of the Claim.

2.   Reservoir's Right to Entry of Money Judgment.  In the event that Reservoir does not receive, by wire transfer, the full amount of the Settlement Payment by the Payment Deadline, Reservoir shall be entitled to the immediate entry of a money judgment in the amount of $1,843,889.56 against Four Star, which Reservoir may obtain by filing with the Court as early as September 13, 2001 a Consent Order for Money Judgment in the form of the Consent Order attached hereto as Schedule 2.  Upon the filing of the Consent Order for Money Judgment, Four Star shall not take any action to oppose entry of the Consent Order for Money Judgment or to seek to vacate such judgment.  Four Star's sole defense to the entry of the Consent Order for Money Judgment shall be proof that the full payment, in available funds, of the full amount of the Claim, was made by wire transfer prior to the Payment Deadline.

3.   Execution of Agreement and Related Documents.

(a)   Contemporaneously with the execution of this Agreement, Reservoir and Four Star each shall sign and deliver to the other (a) a Stipulation and Consent Order for Settlement of Suit, in the form of the attached Schedule 3; (b) a Consent Order for Money Judgment in the form of the attached Schedule 2; and (c) Stipulation dismissing the Case in the form of the attached Schedule 1.  The Stipulation dismissing the case shall be delivered to Four Star's attorney, Jeffrey N. Pritzker, in escrow and shall be held by Mr. Pritzker and shall not be filed with the Court, unless, and until after, the Settlement Payment is delivered to Reservoir before the Payment Deadline.  The Consent Order for Money Judgment shall be delivered to Reservoir's attorney, Irving E. Walker, in escrow and shall be held by Mr. Walker and shall not be filed with the Court, unless Reservoir does not receive the full Settlement Payment by wire transfer prior to the Payment Deadline.

(b)     Reservoir and Four Star each agree that their respective attorneys shall not be disqualified from continuing to represent Reservoir and Four Star, respectively, in the Case or any other matter, as a result of the attorney's agreement to hold the Stipulation for dismissal and Consent Order for Money Judgment in escrow pursuant to the terms and conditions of this Agreement.

4.     Other Provisions.

a.     Each of the parties has participated in the drafting and negotiation of this Release.  For all purposes, this Release shall be deemed to have been drafted jointly by the parties hereto.

b.     This Agreement may be executed in counterparts, each of which shall be deemed to be an original.

c.     This Agreement shall be governed and construed in accordance with the laws of the State of Maryland.

d.     The individuals who sign this Agreement on behalf of Reservoir and Four Star, respectively, have been duly authorized to sign this Agreement and to bind his respective company to the terms and conditions of this Agreement.

IN WITNESS WHEREOF, this Agreement is hereby executed under seal this
__16th__ day of July, 2001.

WITNESS:                              RESERVOIR CAPITAL CORPORATION

_____             By:_____(seal)
                                         Chief Financial Officer  Amy s Breslin

                                      FOUR STAR FINANCIAL SERVICES, L.L.C.

_____             By:_____(seal)
                                         exec  VP.

STATE OF CALIFORNIA                    )
                                       ) to wit:
COUNTY OF _San Mateo_                  )

     I HEREBY CERTIFY that on the _12_ day of July, 2001, before me, the subscriber, a Notary Public of the State of California, personally appeared Mark F. Cohn, who acknowledged himself to be a Member of Four Star Financial Services, L.L.C., a California limited liability company, and that he, as a Member of Four Star Financial Services, L.L.C., being authorized to do so, executed this Settlement Agreement for the purposes contained in the document, by signing the name of the limited liability company by himself as a Member.

     IN WITNESS WHEREOF, I set my hand and official seal.

[NOTARY SEAL]

_Sally A. Stollman_
Notary Public

_SALLY A. STOLLMAN_
Printed Name of Notary Public

My Commission Expires: _7/18/01_

STATE OF MARYLAND                      )
                                       ) to wit:
Baltimore OF Maryland                  )

Amy Breslin

     I HEREBY CERTIFY that on the _16_ day of _July_, 2001, before me, the subscriber, a Notary Public of the State of Maryland, personally appeared ~~IVAN STERN~~ Amy Breslin AB, who acknowledged himself to be the CEO of RESERVOIR CAPITAL CORPORATION, a Maryland corporation, and that he, as the CEO of RESERVOIR CAPITAL CORPORATION, being authorized to do so, executed this for the purposes contained in the document, by signing the name of the corporation by himself as CEO. AB

     IN WITNESS WHEREOF, I set my hand and official seal.

5

[NOTARY SEAL]



_____ *Sara May Gold* _____
Notary Public

_____ SARA MAY GOLD _____
Printed Name of Notary Public

My Commission Expires: ___ 4/1/03 ___

FILED
U.S. DISTRICT COURT
IN THE DISTRICT OF MARYLAND
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND 53
(Baltimore Division)

CLERK'S O..
AT BALTIMORE

RESERVOIR CAPITAL
CORPORATION,                              *    _____DEPUT:

    Plaintiff,                           *       Civil No. CCB-000-CV-3626

                                          *

v.                                        *

FOUR STAR FINANCIAL                       *
SERVICES, L.L.C.,

    Defendant.                            *

*    *    *    *    *    *    *    *    *    *    *    *    *

CONSENT ORDER FOR MONEY JUDGMENT AGAINST
FOUR STAR FINANCIAL SERVICES, L.L.C.

In accordance with the Stipulation and Order for Settlement of Suit between

Reservoir Capital Corporation, Plaintiff, and Four Star Financial Services, L.L.C., Defendant,

judgment is hereby entered against Four Star Financial Services, L.L.C. in the amount of

$1,866,995.57.


Entered: _Oct. 1_, 2001          _____
                                         Judge

([SIGNATURES CONTINUED]



**EXHIBIT C**

SAO 451 (Rev.12/93) Certification of

# UNITED STATES DISTRICT COURT

DISTRICT OF     MARYLAND (Baltimore)

Reservoir Capital Corporation

    Plaintiff

    V.

Four  Star Financial Services, L.L.C.

    Defendant

CERTIFICATION OF JUDGMENT
FOR REGISTRATION IN
ANOTHER DISTRICT

**FJ02 002**

Case Number:  00-CV-3626

I, _____Felicia C. Cannon_____ Clerk of the United States district court certify that the

attached judgment is a true and correct copy of the original judgment entered in this action on _October 1, 2001_ , as it
                                                                                            Date
appears in the records of this court, and that

*No notice of appeal from this judgment has been filed, and no motion of any kind listed

in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed.

**IN TESTIMONY WHEREOF, I sign my name and affix the seal of this Court.**

_____December 21, 2001_____          _____FELICIA C. CANNON_____
         Date                                    Clerk

                                       _____
                                       (By) Deputy Clerk

*Insert the appropriate language: ..."no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal
Rules of Appellate Procedure has been filed." ..."no notice of appeal from this judgment has been filed, and any motions of the kinds listed in Rule 4(a)
of the Federal Rules of Appellate Procedure (†) have been disposed of, the latest order disposing of such a motion having been entered on [date]." ..."an
appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on [date]. ..."an appeal was taken from
this judgment and the appeal was dismissed by order entered on [date]."

(†Note: The motions listed in Rule 4(a), Fed. R. App. P., are motions: for judgment notwithstanding the verdict; to amend or make additional findings
of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.)

AO 451 (Rev 12/93) Certification of

# UNITED STATES DISTRICT COURT

DISTRICT OF ____MARYLAND (Baltimore)____

Reservoir Capital Corporation

        Plaintiff

        V.

Four Star Financial Services, L.L.C.

        Defendant

CERTIFICATION OF JUDGMENT
FOR REGISTRATION IN
ANOTHER DISTRICT

Case Number: 00-CV-3626

I, ____Felicia C. Cannon____ Clerk of the United States district court certify that the

attached judgment is a true and correct copy of the original judgment entered in this action on ___October 1, 2001___ , as it
                                                                           Date ,

appears in the records of this court, and that

*No notice of appeal from this judgment has been filed, and no motion of any kind listed

in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed.

IN TESTIMONY WHEREOF, I sign my name and affix the seal of this Court.

____December 21, 2001____
        Date

FELICIA C. CANNON
        Clerk

(By) Deputy Clerk

*Insert the appropriate language: ..."no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed." ..."no notice of appeal from this judgment has been filed, and any motions of the kinds listed in Rule 4(a) of the Federal Rules of Appellate Procedure (†) have been disposed of, the latest order disposing of such a motion having been entered on [date]." ..."an appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on [date]. ..."an appeal was taken from this judgment and the appeal was dismissed by order entered on [date]."

(†Note: The motions listed in Rule 4(a), Fed. R. App. P., are motions: for judgment notwithstanding the verdict; to amend or make additional findings of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.)

AO 451 (Rev 12/93)  Certification of...

# UNITED STATES DISTRICT COURT

DISTRICT OF     MARYLAND (Baltimore)

Reservoir Capital Corporation

       Plaintiff

           V.

Four  Star Financial Services, L.L.C.

       Defendant

**CERTIFICATION OF JUDGMENT
FOR REGISTRATION IN
ANOTHER DISTRICT**

Case Number:   00-CV-3626

FJC2 002

---

I, _____ Felicia C. Cannon _____ Clerk of the United States district court certify that the

attached judgment is a true and correct copy of the original judgment entered in this action on _October 1, 2001_ , as it
                                                                                 Date

appears in the records of this court, and that

*No notice of appeal from this judgment has been filed, and no motion of any kind listed

in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed.

---

**IN TESTIMONY WHEREOF, I sign my name and affix the seal of this Court.**

December 21, 2001
_____
Date

FELICIA C. CANNON
_____
Clerk

_____
(By) Deputy Clerk

---

*Insert the appropriate language: ..."no notice of appeal from this judgment has been filed, and no motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed." ..."no notice of appeal from this judgment has been filed, and any motions of the kinds listed in Rule 4(a) of the Federal Rules of Appellate Procedure (†) have been disposed of, the latest order disposing of such a motion having been entered on [date]." ..."an appeal was taken from this judgment and the judgment was affirmed by mandate of the Court of Appeals issued on [date]. ..."an appeal was taken from this judgment and the appeal was dismissed by order entered on [date]."

(†Note: The motions listed in Rule 4(a), Fed. R. App. P., are motions: for judgment notwithstanding the verdict; to amend or make additional findings of fact; to alter or amend the judgment; for a new trial; and for an extension of time for filing a notice of appeal.)

1  DUANE M. GECK (CSB No. 114823)
   DONALD H. CRAM, III (CSB No. 160004)
2  SEVERSON & WERSON
   A Professional Corporation
3  One Embarcadero Center, Suite 2600
   San Francisco, CA 94111
4  Telephone: (415) 398-3344
   Facsimile: (415) 677-5664
5
   Attorneys for Plaintiff and Judgment Creditor
6  RESERVOIR CAPITAL CORPORATION

**FILED**

JUL 25 2002

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

7                UNITED STATES DISTRICT COURT

8                NORTHERN DISTRICT OF CALIFORNIA

9                   SAN FRANCISCO DIVISION

10 RESERVOIR CAPITAL CORPORATION,        )  Case No.  FJ 02-0002 (MJJ) (JCS)
                                         )
11            Plaintiff,                 )
                                         )
12     vs.                               )  **STIPULATION MODIFYING**
                                         )  **JUDGMENTS AND ORDER THEREON**
13 FOUR STAR FINANCIAL SERVICES, LLC., ) 
   a California Limited Liability Company, )  **Date:**   **no hearing pending**
14                                       )  **Time:**
              Defendant.                 )  **Dept:**   **Courtroom of Judge Jenkins**
15                                       )           **19th floor, Courtroom 11**
                                         )           **450 Golden Gate Avenue**
16                                       )           **San Francisco, CA**
                                         )
17                                       )
   _____)
18

19

20                        **RECITALS**

21        1.      On July 17, 2001, a Stipulation and Order for Settlement of Suit ("Stipulation")

22 was signed by the United States District Court for the District of Maryland, Baltimore Division, in

23 Civil Case No. CCB-000-CV-3626 entitled *Reservoir Capital Corporation v. Four Star Financial*

24 *Services, LLC.* The Stipulation incorporates as an exhibit the Settlement Agreement made July

25 16, 2001 by Four Star Financial Services, LLC ("Four Star"), through its Executive Vice

26 President, Mark F. Cohn, and Reservoir Capital Corporation ("Reservoir").

27        2.      After Four Star failed to perform the terms of the Stipulation and the Settlement

28 Agreement, a Consent Order for Money Judgment was entered against Four Star in the Maryland

   11073/0001/379531.1                         STIPULATION MODIFYING JUDGMENTS

1   District Court on October 1, 2001, in the amount of $1,866,995.57 ("Maryland Judgment").

2        3.    Four Star did not appeal the Judgment or take any action in the Maryland District

3   Court to contest or challenge the Judgment.

4        4.    On January 11, 2002, Reservoir registered the Maryland Judgment with United

5   States District Court for the Northern District of California, San Francisco Division, which was

    assigned Case No. FJ02-0002 ("California Judgment").

6        5.    Following extensive negotiations, on June 24, 2002, Reservoir and Four Star

7   entered into a Settlement Agreement in an attempt to resolve all controversies relating to Four

8   Star's obligations to Reservoir under the Maryland Judgment and the California Judgment

9   (collectively, the "Judgments").

10       6.    Under the terms of the Settlement Agreement, if Four Star defaults under the

11  Settlement Agreement, Reservoir shall be entitled to declare, as due and payable, the entire unpaid

12  balance of the Judgments, plus interest at the rate of fifteen percent (15%) per annum from June

13  24, 2002, on the unpaid balance of the Judgments, and all attorneys' fees and out-of-pocket

    expenses incurred by Reservoir in enforcing the Judgments following the event of default.

14       7.    Reservoir and Four Star wish to amend the Judgments to incorporate the portion of

15  the Settlement Agreement allowing Reservoir to recover from Four Star the agreed interest and all

16  attorneys' fees and out-of-pocket expenses if Four Star defaults under the Settlement Agreement.

17

18                            **STIPULATION**

19      IT IS HEREBY STIPULATED BY AND BETWEEN RESERVOIR CAPITAL

20  CORPORATION ("Reservoir"), by and through its attorney of record Duane M. Geck of the law

21  firm of Severson & Werson PC, and FOUR STAR FINANCIAL SERVICES, LLC ("Four Star"),

22  by and through its attorney of record Miles Archer Woodlief, as follows:

23       1.    The Judgments are hereby modified so that interest at the rate of fifteen percent

24  (15%) per annum from June 24, 2002, shall accrue on the unpaid balance of the Judgments until

25  the Judgments are paid in full.

26       2.    The Judgments are further modified to permit the recovery by Reservoir against

27  Four Star of all attorneys' fees and out-of-pocket expenses incurred by Reservoir in enforcing the

    Judgments in the event of default under the Settlement Agreement.

28

1      3.    With these additional provisions, the Judgments, as hereby amended, shall

2  continue in full force and effect.

3                                           SEVERSON & WERSON, P.C.

4

5  Dated: _July 11_, 2002          By: _____

6                                           Duane M. Geck
                                             Donald H. Cram, III
7                                           Attorneys for Plaintiff
                                             RESERVOIR CAPITAL CORPORATION
8

9  Dated: _July 2__, 2002          _____

10                                          Miles Archer Woodlief
                                             Attorney for Defendant
11                                          FOUR STAR FINANCIAL SERVICES, LLC.
                                             (Facsimile Signature Deemed Original)
12

13

14                                  **ORDER**

15

16  PURSUANT TO STIPULATION, IT IS ORDERED THAT THE CALIFORNIA JUDGMENT IS
    HEREBY MODIFIED TO INCORPORATE THE ABOVE STIPULATION:

17

18  Dated: _7/20_, 2002            _____

19                                          Hon. Martin J. Jenkins
                                             United States District Judge
20

21

22

23

24

25

26

27

28

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (this "Agreement") is made this _25th_ day of June, 2002 by and between **RESERVOIR CAPITAL CORPORATION**, a Maryland corporation with its principal place of business in Baltimore, Maryland ("Reservoir"), and **FOUR STAR FINANCIAL SERVICES, L.L.C.**, a California limited liability company with its principal place of business in San Mateo, California ("Four Star").

### Recitals

R.1    On October 16, 1997, Reservoir entered into a Participation Agreement with 900 Capital Services, Inc. ("900 Capital"), the predecessor in interest to Four Star, under which Reservoir agreed to purchase from 900 Capital a nonrecourse participation interest in a Factoring Agreement (the "Factoring Agreement") between 900 Capital and Network Telephone Services, Inc. ("NTS"). Under the terms of the Factoring Agreement, 900 Capital agreed to purchase from NTS, in order to provide NTS with working capital, certain accounts receivable and other debts, which arose out of NTS's sale of goods or rendering of services ("the Accounts"). Reservoir, pursuant to the Participation Agreement, agreed to participate along with 900 Capital in the purchase of the NTS Accounts up to a total maximum funding level of $3,000,000.00. 900 Capital subsequently became Four Star.

R.2    The collection of the NTS Accounts was to be performed by a third party collection firm, with the proceeds from the collections being paid to Four Star for the benefit of itself and Reservoir. Four Star was then obligated to remit to Reservoir, within three business days after receipt of the payments made on the Accounts, Reservoir's proportionate share of all net collections. Reservoir alleged that Four Star failed to make the agreed upon payments from the payments Four Star received from the Accounts. Four Star did not dispute that the payments due to Reservoir were not made or that Four Star's ordinary commercial activities led to Reservoir's losses, but did dispute the amount of the losses suffered by Reservoir.

R.3    Reservoir filed an action in the United States District Court for the District of Maryland, Baltimore Division (the "Maryland Court"), styled <u>Reservoir Capital Corporation v. Four Star Financial Services, L.L.C.</u>, Case No.: CCB-000-CV-3626 seeking to enforce its claims against Four Star.

R.4    After negotiations between the parties through their respective counsel, a Stipulation and Order for Settlement of Suit (the "Stipulation") was entered in the Maryland Court. Reservoir did not receive payment from Four Star pursuant to the terms of the Stipulation. On October 1, 2001, in accordance with the Stipulation, a Consent Order for Money Judgment was entered in the Maryland Court against Four Star in the amount of $1,866,995.57 (the "Maryland Judgment"). Four Star did not challenge the Maryland Judgment in the Maryland Court.

R.5    On January 11, 2002, Reservoir recorded the Maryland Judgment in the United States District Court for the Northern District of California (the "California Court"),

727786.5 6/25/02

styled <u>Reservoir Capital Corporation v. Four Star Financial Services, L.L.C.</u>, Case No.: FJ 02-002 (the "California Judgment"). Thereafter, Reservoir commenced various proceedings to enforce the California Judgment.

R.6     On or about April 15, 2002, Four Star filed a Motion to Set Aside Judgment Pursuant to F.R.C.P. 60(b) ("Motion") in the California Court seeking to set aside the California Judgment. Thereafter, on June 6, 2002, Four Star filed an <u>ex parte</u> application seeking to stay enforcement of the California Judgment. The California Court denied Four Star's <u>ex parte</u> application by Order entered June 13, 2002.

R.7     On or about June 2, 2002, Reservoir levied upon Four Star's bank accounts at Comerica Bank, which resulted in the garnishment of sums believed to total in the range of $75,000 to $80,000 (the "Garnished Funds").

R.8     After extensive negotiations, Reservoir and Four Star desire to enter into this Agreement to resolve finally all controversies relating to Four Star's obligations to Reservoir under the Maryland Judgment and the California Judgment (collectively, the "Judgments") in accordance with the terms of this Agreement.

<u>**Agreement**</u>

NOW THEREFORE, in consideration of the mutual covenants set forth below, Reservoir and Four Star, intending legally to be bound subject to the terms and conditions herein, hereby agree as follows:

1.      **Recitals.** The parties agree that the foregoing Recitals, which are incorporated herein by reference, are true and correct.

2.      **Settlement Amount.** Reservoir agrees that in the event Four Star makes each and every payment as and when due under this Agreement, without any Event of Default (as defined below), Reservoir will accept the sum of One Million Six Hundred Thousand Dollars ($1,600,000) (the "Settlement Amount") in full satisfaction of the Judgments. The Garnished Funds shall not be counted toward the payment of the Settlement Amount, but will be applied toward the payment of the Judgments.

3.      **<u>Four Star's Agreement to Make the First Settlement Installment Payment</u>**. Four Star hereby agrees that on or before July 1, 2002, at 4:00 p.m. prevailing Eastern Daylight Time (the "First Payment Deadline"), Four Star shall pay and deliver to Reservoir, by wire transfer to the account designated by Reservoir in the attached Exhibit A, or such other account as may be designated from time to time by Reservoir in writing, the sum of Three Hundred Thousand Dollars ($300,000.00) (the "First Settlement Payment") towards payment of the Settlement Amount. In the event that the full First Settlement Payment is made by Four Star and received by Reservoir prior to the First Payment Deadline, then Reservoir will refrain from making any further attempts to execute on the Judgments, or to pursue further discovery in aid of execution of the Judgments, unless and until there is an Event of Default (as

defined below). Time is of the essence with respect to payment of the First Settlement Payment and all other payments to be made under this Agreement. If Four Star fails to make, by wire transfer, the full First Settlement Payment to Reservoir by the First Payment Deadline, Reservoir shall have the right to immediately execute on the Judgments, and except for Paragraph 10(e) below, this Agreement shall immediately be null and void as if the parties had never entered into it. Paragraph 10(e) shall remain in full force and effect even if this Agreement otherwise is nullified.

        4.     **Four Star's Agreement to Make the Remaining Settlement Payments.**
Four Star hereby agrees to pay the balance of the Settlement Amount to Reservoir, by wire transfer to the account designated by Reservoir, with no grace or cure period, on or before 4:00 p.m. on or before the date each payment is due, according to the following payment schedule:

| Date Due | Amount of Payment |
|---|---|
| July 20, 2002 | $100,000 |
| August 20, 2002 | $200,000 |
| September 20, 2002 | $200,000 |
| October 20, 2002 | $200,000 |
| November 20, 2002 | $200,000 |
| December 20, 2002 | $200,000 |
| January 20, 2003 | $200,000. |

If all of these payments are made as and when due, so that Reservoir timely receives the sum of $1,600,000 in addition to the Garnished Funds, then within five (5) business days after Reservoir's receipt of the full Settlement Amount, Reservoir shall file with the Maryland Court and the California Court an Order of Satisfaction, in a form acceptable to Reservoir and Four Star, confirming that the Judgments have been "PAID AND SATISFIED".

        5.     **Reservoir's Rights in the Event of Default by Four Star.**

        a. In the event that Reservoir does not receive, by wire transfer, the full amount of any of the settlement payments, by the scheduled payment deadlines in this Agreement, or Four Star breaches any of its other obligations under this Agreement (an "Event of Default"), Reservoir shall be entitled to declare as due and payable, in its sole and absolute discretion and without any prior notice, grace period, or cure period, the entire unpaid balance of the Judgments, plus interest at the rate of fifteen percent (15%) per annum from the date of this Agreement on the unpaid balance of the Judgments, and all attorneys' fees and out-of-pocket expenses incurred by Reservoir in enforcing the Judgments and this Agreement following such Event of Default. Four Star's sole defense to Reservoir's rights in the event of default by Four Star shall be proof that the respective settlement payment, in available funds, of the full amount due, was made by wire transfer prior to the payment deadline. Four Star reserves the right to challenge the reasonableness of the fees and costs requested by Reservoir in enforcing this Agreement of the Judgments.

b.  Consistent with the provisions of Paragraph 5(a) above, the Judgments each shall be amended to provide for interest and attorneys' fees and costs, by filing with the Maryland Court and the California Court an Amended Consent Order for Money Judgment, in a form reasonably acceptable to Reservoir and Four Star (the "Amended Consent Orders"), bearing the signatures of counsel for Reservoir and Four Star.  Four Star shall sign and deliver to Reservoir an original of each of the Amended Consent Orders within five (5) business days after Four Star receives the Amended Consent Orders from Reservoir, and the failure of Four Star to timely deliver the Amended Consent Orders to Reservoir shall be an Event of Default.

c.  In an Event of Default, Reservoir shall provide written notice of the Event of Default to Four Star by first-class mail, postage prepaid and by facsimile, to the following:

> Mark F. Cohn, Executive Vice President and General Counsel
> Four Star Financial Services, LLC
> 1000 Marina Blvd., 6th Floor
> Brisbane, CA  94005
> Facsimile: (650) 869-3700; with a copy to
>
> Miles Archer Woodlief, Esquire
> 775 East Blithedale Avenue, #514
> Mill Valley, CA  94911
> Facsimile:  (415) 449-3569.

This obligation to provide notice shall not affect or delay the timing or existence of an Event of Default.

6.  **Withdrawal of Motion**.  Four Star hereby agrees that the Motion, which currently is scheduled for hearing on July 9, 2002, shall be withdrawn with prejudice and Four Star will execute and deliver to Reservoir a stipulated order denying the Motion, which shall be filed with the California Court.

7.  **Effective Date**.  Except for Paragraph 10(e) below, which shall be effective immediately and irrevocably, this Agreement will not be effective until the First Settlement Payment is received by Reservoir, and until then, all of the enforcement and discovery proceedings instituted by Reservoir in California and now pending will continue; provided, however, that Reservoir agrees it will not issue any new attachments or garnishments between the date Reservoir receives an executed original of this Agreement bearing Four Star's signature and July 1, 2002.  If Four Star timely makes the First Settlement Payment, then (a) all enforcement and discovery proceedings will be stayed unless there occurs an Event of Default, in which case all enforcement and discovery proceedings may be immediately resumed by Reservoir; and (b) any documents produced and delivered to Reservoir pursuant to Judge Spero's Order dated June 17, 2002 shall be delivered to Four Star's attorney, Miles A.

Woodlief ("Woodlief"), who shall hold the documents and return them promptly upon Reservoir's request to Reservoir in an Event of Default. Upon entry of an Order of Satisfaction under this Agreement, Woodlief may return those documents to Four Star which may do with them as Four Star pleases, unfettered by the terms or provisions of this Agreement.

8.    **Garnished Funds**. Four Star hereby agrees to cooperate with Reservoir, and to sign and return to Reservoir any papers reasonably requested by Reservoir, to expedite the payment of the Garnished Funds to Reservoir. The Garnished Funds are in addition to the Settlement Amount and shall not reduce any of the amounts due to be paid to Reservoir under Paragraphs 2, 3 and 4 of this Agreement.

9.    **Conditional Release**.  In the event that the Settlement Amount is fully and timely paid ("Full Payment"), **and not until then**, Reservoir and Four Star do hereby release and discharge the other and their respective successors and assigns, attorneys, members, officers, and directors, from any and all actions, causes of action, suits, debts, contracts, damages, claims and costs whatsoever, at law or in equity, whether known or unknown, which either party ever had or now has.  Reservoir and Four Star expressly, knowingly and intentionally waive all rights and protections of the provisions of California Civil Code Section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTION OF THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

This Paragraph 9 shall have no effect unless and until Reservoir receives Full Payment.

10.    **Other Provisions**.

a.    Each of the parties has participated in the drafting and negotiation of this Agreement, with full opportunity to confer with their respective counsel. For all purposes, this Agreement shall be deemed to have been drafted jointly by the parties hereto.

b.    This Agreement may be executed in counterparts, each of which shall be deemed to be an original.  A copy of this Agreement shall be deemed to be valid and binding as if it were an original.

c.    This Agreement shall be governed and construed in accordance with the laws of the State of California.

           d.      The individuals who sign this Agreement on behalf of Reservoir and Four Star, respectively, have been duly authorized to sign this Agreement and to bind his respective company to the terms and conditions of this Agreement.

           e.      Four Star hereby agrees that the Judgments each are valid, binding and enforceable, and no provision in this Agreement shall be construed to constitute a penalty for any Event of Default. In an Event of Default, Four Star shall not move to vacate or otherwise contest the validity or enforceability of the Judgments or this Agreement on any grounds in any forum, and hereby expressly waives any right Four Star may have to do so.

           f.      This Agreement constitutes the entire Agreement between Reservoir and Four Star with respect to the subject matter of the Agreement and this Agreement may not be modified in any way except in writing signed by both parties.

        IN WITNESS WHEREOF, this Agreement has been executed under seal.

WITNESS:                     RESERVOIR CAPITAL CORPORATION

_____    By:_____ (seal)
                              Ivan Stern, CEO

                     FOUR STAR FINANCIAL SERVICES, L.L.C.

_____    By:_____ (seal)
                        Name:
                        Title:

        d.     The individuals who sign this Agreement on behalf of Reservoir and Four Star, respectively, have been duly authorized to sign this Agreement and to bind his respective company to the terms and conditions of this Agreement.

        e.     Four Star hereby agrees that the Judgments each are valid, binding and enforceable, and no provision in this Agreement shall be construed to constitute a penalty for any Event of Default.  In an Event of Default, Four Star shall not move to vacate or otherwise contest the validity or enforceability of the Judgments or this Agreement on any grounds in any forum, and hereby expressly waives any right Four Star may have to do so.

        f.     This Agreement constitutes the entire Agreement between Reservoir and Four Star with respect to the subject matter of the Agreement and this Agreement may not be modified in any way except in writing signed by both parties.

        IN WITNESS WHEREOF, this Agreement has been executed under seal.

WITNESS:               **RESERVOIR CAPITAL CORPORATION**

                             By:_____ (seal)
                               Ivan Stern, CEO

                             **FOUR STAR FINANCIAL SERVICES, L.L.C.**

                             By:_____ (seal)
                             Name: Jack Garrett
                             Title: Pres.

STATE OF CALIFORNIA                    )
                                       ) to wit:
COUNTY OF _Los Angeles_                )

    I HEREBY CERTIFY that on the ___24th___ day of June, 2002, before me,
the subscriber, a Notary Public of the State of California, personally appeared ~~Marc F. Cohn,~~ Jack Garrei
who acknowledged himself to be a Member of Four Star Financial Services, L.L.C., a
California limited liability company, and that he, as a Member and officer of Four Star
Financial Services, L.L.C., being authorized to do so, executed this Settlement Agreement for
the purposes contained in the document, by signing the name of the limited liability company
as a Member and officer.

           IN WITNESS WHEREOF, I set my hand and official seal.

              _Patricia M. Victorin_

[NOTARY SEAL]                          Notary Public

> PATRICIA M. VICTORIN
> Commission # 1309438
> Notary Public - California
> Los Angeles County
> My Comm. Expires Jun 17, 2005

              _Patricia M. Victorin_
              Printed Name of Notary Public

              My Commission Expires: _June 17, 2005_

STATE OF MARYLAND                      )
                                       ) to wit:
County of Baltimore                    )

    I HEREBY CERTIFY that on the _____ day of _____,
2002, before me, the subscriber, a Notary Public of the State of Maryland, personally
appeared IVAN STERN, who acknowledged himself to be the CEO of RESERVOIR
CAPITAL CORPORATION, a Maryland corporation, and that he, as the CEO of
RESERVOIR CAPITAL CORPORATION, being authorized to do so, executed this for the
purposes contained in the document, by signing the name of the corporation by himself as
CEO.

STATE OF CALIFORNIA                )
                                   ) to wit:
COUNTY OF _____        )

     I HEREBY CERTIFY that on the _____ day of June, 2002, before me, the subscriber, a Notary Public of the State of California, personally appeared Marc F. Cohn, who acknowledged himself to be a Member of Four Star Financial Services, L.L.C., a California limited liability company, and that he, as a Member and officer of Four Star Financial Services, L.L.C., being authorized to do so, executed this Settlement Agreement for the purposes contained in the document, by signing the name of the limited liability company as a Member and officer.

     IN WITNESS WHEREOF, I set my hand and official seal.

[NOTARY SEAL]                      Notary Public
                                   _____

                                   Printed Name of Notary Public
                                   _____

                                   My Commission Expires:_____

STATE OF MARYLAND                  )
                                   ) to wit:
County of Baltimore                )

     I HEREBY CERTIFY that on the _25th_ day of _June_, 2002, before me, the subscriber, a Notary Public of the State of Maryland, personally appeared IVAN STERN, who acknowledged himself to be the CEO of RESERVOIR CAPITAL CORPORATION, a Maryland corporation, and that he, as the CEO of RESERVOIR CAPITAL CORPORATION, being authorized to do so, executed this for the purposes contained in the document, by signing the name of the corporation by himself as CEO.

IN WITNESS WHEREOF, I set my hand and official seal.

[NOTARY SEAL]

_Dorothy K Sadler_
Notary Public

_DOROTHY  K.  SADLER_
Printed Name of Notary Public

My Commission Expires: _8-1-02_

CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City and County of San Francisco, California; my business address is Severson & Werson, One Embarcadero Center, Suite 2500, San Francisco, CA 94111.

On the date below I served a copy, with all exhibits, of the following document(s):

**STIPULATION MODIFYING JUDGMENTS AND ORDER THEREON**

on all interested parties in said case addressed as follows:

Miles Archer Woodlief, Esq.                FAX: (415) 449-3569
775 E. Blithedale Avenue
# 514
Mill Valley  CA  94941

Phone: (4115) 730-3032

[XX] **(BY MAIL)** I caused an envelope to be deposited in the mail at San Francisco, California, with postage thereon fully prepaid.

I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in San Francisco, California in sealed envelopes with postage fully prepaid.

[ ] **(BY FEDERAL EXPRESS**

By depositing copies of the above documents in a box or other facility regularly maintained by Federal Express with delivery fees paid or provided for; or

[ ] **(BY FAX)** By use of facsimile machine telephone number 415/956-0439, I caused a true copy to be transmitted to the addressee(s) listed above at the facsimile number(s) noted after the party's address.

The facsimile machine I used complied with California Rules of Court, rule 2003 and no error was reported by the machine.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. This declaration is executed in San Francisco, California, on August 1, 2002.

_Marge M. Cloherty_
Marge M. Cloherty

11073/0001/364669.1







# YELLOW PAGES

Home ➜ Yellow Pages ➜ Results



1 Category (Browse)

or Business Name
Four Star Financia

2. City
Los Angeles

and State (required)
California

3.   FIND IT

Map-Based Search
Search by Distance
Detailed Search

Business Name
Telephone Number

Global Directories
Search Tips | Help

My Directory

People Pages

Maps
Driving Directions

**Listings**                                   **Multiple Categories (1 - 1 of 1)**

**Four Star Financial Services LLC**
11755 Wilshire Boulevard, Los Angeles, CA 90025
(310) 477-5252
map | driving directions | add to My Directory

**Appears in the Categories:**
   Accountants Certified Public CPA
   Factors

⟲ Jump to Top

data by ACXIOM  Copyright © 2003 Acxiom.



veri on

SUPERPAGES.COM
BETTER PAGES FOR BETTER DECISIONS

englis

| HOME PAGE | MY DIRECTORY | YELLOW PAGES | BUSINESS CENTER | PEOPLE PAGES | SUPER TOPICS | CONSUMER GUIDE | CITY PAGES |

## YELLOW PAGES

Rela

Home ➡ Yellow Pages ➡ Results



**Listings**                                        **Multiple Categories (1 - 1 of 1)**

**Anson Garrett & CO**
11755 Wilshire Boulevard, Los Angeles, CA 90025
(310) 477-5252
map | driving directions | add to My Directory

**Appears in the Categories:**
   Accountants Certified Public CPA
   Factors

⟲ Jump to Top

*data by* ACXIOM Copyright © 2003 Acxiom.





1. Category (Browse)

or Business Name
Anson & Garrett

2 City
Los Angeles

and State (required)
California

3.  FIND IT



Map-Based Search
Search by Distance
Detailed Search

Business Name
Telephone Number

Global Directories
Search Tips | Help

My Directory

People Pages

Maps
Driving Directions

F



### SECRETARY OF STATE

I, *Kevin Shelley*, Secretary of State of the State of California, hereby certify:

That the attached transcript of ⟨2⟩ page(s) was prepared by and in this office from the record on file, of which it purports to be a copy, and that it is full, true and correct.

*IN WITNESS WHEREOF,* I execute this certificate and affix the Great Seal of the State of California this day of

APR 1 6 2003



Secretary of State



# State of California
## Bill Jones
### Secretary of State

**LIMITED LIABILITY COMPANY – STATEMENT OF INFORMATION RENEWAL**

Filing Fee - Please see Information section

IMPORTANT – Read Instructions Before Completing This Form

1. DO NOT ALTER PREPRINTED NAME. IF ITEM 1 IS BLANK, PLEASE ENTER LIMITED LIABILITY COMPANY NAME.

FOUR STAR FINANCIAL SERVICES, LLC
11755 WILSHIRE BLVD., STE. 1350
LOS ANGELES CA 90025

**FILED**
In the Office of the Secretary of State
of the State of California

FEB 15 2000

*Bill Jones*

BILL JONES, Secretary of State

This Space For Filing Use Only

☑ IF THERE HAS BEEN NO CHANGE IN THE INFORMATION CONTAINED IN THE LAST STATEMENT OF INFORMATION ON FILE WITH THE CALIFORNIA SECRETARY OF STATE, CHECK THE BOX AND PROCEED TO ITEM 12.

| 2. SECRETARY OF STATE FILE NUMBER | 3. JURISDICTION OF FORMATION |
|---|---|
| **199610310006** | **CA** |

| 4. STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE | CITY AND STATE | ZIP CODE |
|---|---|---|

| 5. STREET ADDRESS IN CALIFORNIA OF OFFICE WHERE RECORDS ARE MAINTAINED (FOR DOMESTIC ONLY) | CITY | ZIP CODE |
|---|---|---|
| | **CA** | |

6. CHECK THE APPROPRIATE PROVISION BELOW AND NAME THE AGENT FOR SERVICE OF PROCESS:
  [ ] AN INDIVIDUAL RESIDING IN CALIFORNIA.
  [ ] A CORPORATION WHICH HAS FILED A CERTIFICATE PURSUANT TO SECTION 1505 OF THE CALIFORNIA CORPORATIONS CODE.

  AGENT'S NAME: _____

| 7. ADDRESS OF THE AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, IF AN INDIVIDUAL | CITY | ZIP CODE |
|---|---|---|
| | **CA** | |

8. DESCRIBE TYPE OF BUSINESS OF THE LIMITED LIABILITY COMPANY.

LIST THE NAME AND COMPLETE ADDRESS OF ANY MANAGER OR MANAGERS, OR IF NONE HAVE BEEN APPOINTED OR ELECTED, PROVIDE THE NAME AND ADDRESS OF EACH MEMBER AND CHIEF EXECUTIVE OFFICER (CEO), IF ANY. (CHECK THE APPROPRIATE DESIGNATION) ATTACH ADDITIONAL PAGES IF NECESSARY.

| 9. NAME | | | [ ] MANAGER |
|---|---|---|---|
| ADDRESS | | | [ ] MEMBER |
| CITY | STATE | ZIP | [ ] CEO, IF ANY |

| 10. NAME | | | [ ] MANAGER |
|---|---|---|---|
| ADDRESS | | | [ ] MEMBER |
| CITY | STATE | ZIP | [ ] CEO, IF ANY |

11. NUMBER OF PAGES ATTACHED, IF ANY,

12. I DECLARE THAT THIS STATEMENT IS TRUE, CORRECT, AND COMPLETE.

_____    DATE  2/4/00
SIGNATURE OF INDIVIDUAL AUTHORIZED TO SIGN

*MARK F. COHN, MEMBER*
TYPE OR PRINT NAME AND TITLE OF PERSON SIGNING

**DUE DATE:** **04/12/2000**            **54**

SEC/STATE FORM LLC-12R (REV. 11/99)            APPROVED BY SECRETARY OF STATE



# State of California
# Bill Jones
# Secretary of State

**LIMITED LIABILITY COMPANY - STATEMENT OF INFORMATION**

Filing Fee $20.00 - If Amendment, See Instructions

**IMPORTANT** - Read Instructions Before Completing This Form

**FILED**
In the Office of the Secretary of State
of the State of California

MAR 0 6 2002

BILL JONES, Secretary of State

This Space For Filing Use Only

| | |
|---|---|
| 1. | LIMITED LIABILITY COMPANY NAME. (Do not alter if name is preprinted)<br><br>FOUR STAR FINANCIAL SERVICES, LLC<br>11755 WILSHIRE BLVD., STE. 1350<br>LOS ANGELES CA 90025 |

[ ] IF THERE HAS BEEN NO CHANGE IN ANY OF THE INFORMATION CONTAINED IN THE LAST STATEMENT OF INFORMATION ON FILE WITH THE CALIFORNIA SECRETARY OF STATE, CHECK THE BOX AND PROCEED TO ITEM 12.

| | |
|---|---|
| **2. SECRETARY OF STATE FILE NUMBER** | **3. STATE OR PLACE OF ORGANIZATION** |
| 199610310006 | CA |

**4. PRINCIPAL EXECUTIVE OFFICE**
STREET ADDRESS  11755 Wilshire Blvd., Suite 1350
CITY  Los Angeles    STATE  CA    ZIP CODE  90025

**5. CALIFORNIA OFFICE WHERE RECORDS ARE MAINTAINED (FOR DOMESTIC ONLY)**
STREET ADDRESS  1000 Marina Blvd., Suite 600
CITY  Brisbane    STATE  CA    ZIP CODE  94005

**6. CHECK THE APPROPRIATE PROVISION BELOW AND NAME THE AGENT FOR SERVICE OF PROCESS**
[ X ]  AN INDIVIDUAL RESIDING IN CALIFORNIA.
[ ]  A CORPORATION WHICH HAS FILED A CERTIFICATE PURSUANT TO CALIFORNIA CORPORATIONS CODE SECTION 1505

AGENT'S NAME:  Jack Garrett

**7. ADDRESS OF THE AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, IF AN INDIVIDUAL**
ADDRESS  11755 Wilshire Blvd., Suite 1350
CITY  Los Angeles    STATE  CA    ZIP CODE  90025

**8. DESCRIBE TYPE OF BUSINESS OF THE LIMITED LIABILITY COMPANY.**
Commercial Finance Lender

**9. LIST THE NAME AND COMPLETE ADDRESS OF ANY MANAGER OR MANAGERS, OR IF NONE HAVE BEEN APPOINTED OR ELECTED, PROVIDE THE NAME AND ADDRESS OF EACH MEMBER. ATTACH ADDITIONAL PAGES, IF NECESSARY.**

a. NAME  Jack Garrett
ADDRESS  11755 Wilshire Blvd., Suite 1350
CITY  Los Angeles    STATE  CA    ZIP CODE  90025

b. NAME  Ronald Anson
ADDRESS  11755 Wilshire Blvd., Suite 1350
CITY  Los Angeles    STATE  CA    ZIP CODE  90025

c. NAME  Mark Cohn
ADDRESS  1000 Marina Blvd., Suite 1350, Brisbane  STATE  CA    ZIP CODE  94005

**10. CHIEF EXECUTIVE OFFICER (CEO), IF ANY:**
NAME  Jack Garrett
ADDRESS  11755 Wilshire Blvd., Suite 1350
CITY  Los Angeles    STATE  CA    ZIP CODE  90025

**11. NUMBER OF PAGES ATTACHED, IF ANY:**  none

**12. THIS STATEMENT IS TRUE, CORRECT, AND COMPLETE.**

Mark Cohn
TYPE OR PRINT NAME OF PERSON COMPLETING FORM    SIGNATURE    Exec. Vice President    2-15-02
TITLE    DATE

**DUE DATE:**  04/12/2003

SEC/STATE FORM LLC-12R (REV. 10/2001)    APPROVED BY SECRETARY OF STATE

**EXHIBIT H**



**State of California**

## SECRETARY OF STATE

I, *Kevin Shelley*, Secretary of State of the State of California, hereby certify:

That the attached transcript of __1__ page(s) was prepared by and in this office from the record on file, of which it purports to be a copy, and that it is full, true and correct.



*IN WITNESS WHEREOF*, I execute this certificate and affix the Great Seal of the State of California this day of

MAR 2 7 2003

_____

Secretary of State

Sec/State Form CE-108 (rev 1/03)



# State of California
# Bill Jones
## Secretary of State

### LIMITED LIABILITY COMPANY
### ARTICLES OF ORGANIZATION

**A $70.00 filing fee must accompany this form.**
**IMPORTANT – Read Instructions before completing this form.**

File# 2001045100012

**FILED**
In the Office of the Secretary of State
of the State of California

FEB 1 3 2001

*Bill Jones*
BILL JONES, Secretary of State

This Space For Filing Use Only

| | |
|---|---|
| 1. | Name of the limited liability company  (end the name with the words "Limited Liability Company," " Ltd. Liability Co.," or the abbreviations "LLC" or "L.L.C.")<br>FSF, LLC |
| 2. | The purpose of the limited liability company is to engage in any lawful act or activity for which a limited liability company may be organized under the Beverly-Killea limited liability company act. |
| 3. | Name the agent for service of process and check the appropriate provision below:<br><br>C T Corporation System _____ which is<br><br>[  ] an individual residing in California. Proceed to item 4.<br><br>[X] a corporation which has filed a certificate pursuant to section 1505. Proceed to item 5. |
| 4. | If an individual, California address of the agent for service of process:<br>Address:<br><br>City:                          State: CA                     Zip Code: |
| 5. | The limited liability company will be managed by:  (check one)<br><br>[  ] one manager  [  ] more than one manager  [  ] single member limited liability company  [x] all limited liability company members |
| 6. | Other matters to be included in this certificate may be set forth on separate attached pages and are made a part of this certificate. Other matters may include the latest date on which the limited liability company is to dissolve. |
| 7. | Number of pages attached, if any:  None |
| 8. | Type of business of the limited liability company. (For informational purposes only)<br>Finance |
| 9. | **DECLARATION:** It is hereby declared that I am the person who executed this instrument, which execution is my act and deed.<br><br>*Dana L. Pierson*<br>Signature of Organizer         Dana L. Pierson<br>                               Type or Print Name of Organizer<br><br>February 9, 2001<br>Date |
| 10. | **RETURN TO:**<br>**NAME**     Dana L. Pierson<br>**FIRM**     FSF, LLC<br>**ADDRESS**  1000 Marina Boulevard, Suite 600<br>**CITY/STATE** Brisbane, CA 94005<br>**ZIP CODE** |

SEC/STATE (REV. 12/99)                          FORM LLC-1 – FILING FEE
                                                Approved by Secretary

CA076 - 1/17/2000 C T System Online



**State of California**

## SECRETARY OF STATE

I, *Kevin Shelley*, Secretary of State of the State of California, hereby certify:

That the attached transcript of ___2___ page(s) was prepared by and in this office from the record on file, of which it purports to be a copy, and that it is full, true and correct.



**IN WITNESS WHEREOF**, I execute this certificate and affix the Great Seal of the State of California this day of

_____
**APR 1 6 2003**
_____

Secretary of State

Sec/State Form CE-108 (rev 1/03)

OSP 03 74671



# State of California
# Bill Jones
# Secretary of State

## LIMITED LIABILITY COMPANY – STATEMENT OF INFORMATION RENEWAL

### A $10.00 FILING FEE MUST ACCOMPANY THIS FORM.

### IMPORTANT – Read Instructions Before Completing This Form.

**FILED**
In the office of the Secretary of State
of the State of California

**JUL 2 0 1999**

*Bill Jones*

BILL JONES, Secretary of State

1. LIMITED LIABILITY COMPANY NAME

COMMUNITY BENEFIT ALLIANCE, LLC

601 GATEWAY BLVD #260
SOUTH SAN FRANCISCO      CA      94080

This Space For Filing Use Only

| 2. SECRETARY OF STATE FILE NUMBER | 3. JURISDICTION OF FORMATION |
|---|---|
| **199729410042** | **CA** |

☑ IF THERE HAS BEEN NO CHANGE IN THE INFORMATION CONTAINED IN THE LAST STATEMENT OF INFORMATION ON FILE WITH THE CALIFORNIA SECRETARY OF STATE, CHECK THE BOX AND PROCEED TO ITEM 12.
IF THERE HAVE BEEN **ANY** CHANGES TO THE LAST STATEMENT OF INFORMATION ON FILE WITH THE CALIFORNIA SECRETARY OF STATE, COMPLETE THIS STATEMENT IN ITS ENTIRETY (ITEMS 4-12).

| 4. STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE | CITY AND STATE | ZIP CODE |
|---|---|---|
| 601 Gateway Boulevard, Suite 260, | South San Francisco, CA | 94080 |

| 5. STREET ADDRESS IN CALIFORNIA OF OFFICE WHERE RECORDS ARE MAINTAINED (FOR DOMESTIC ONLY) CITY | | ZIP CODE |
|---|---|---|
| 601 Gateway Boulevard, Suite 260, | South San Francisco | CA 94080 |

6. NAME OF THE AGENT FOR SERVICE OF PROCESS AND CHECK THE APPROPRIATE PROVISION BELOW:

Dana L. Pierson                                                                 , WHICH IS

[X] AN INDIVIDUAL RESIDING IN CALIFORNIA. PROCEED TO ITEM 7.

[ ] A CORPORATION WHICH HAS FILED A CERTIFICATE PURSUANT TO SECTION 1505 OF THE CALIFORNIA CORPORATIONS CODE. PROCEED TO ITEM 8.

| 7. STREET ADDRESS OF THE AGENT FOR SERVICE OF PROCESS IN CALIFORNIA | CITY | | ZIP CODE |
|---|---|---|---|
| 601 Gateway Boulevard, Suite 260, | South San Francisco, | CA | 94080 |

8. DESCRIBE TYPE OF BUSINESS OF THE LIMITED LIABILITY COMPANY.

Owning and Marketing Cel Art

LIST THE NAME AND COMPLETE ADDRESS OF ANY MANAGER OR MANAGERS, AND CHIEF EXECUTIVE OFFICER, IF ANY, OR IF NONE HAVE BEEN APPOINTED OR ELECTED, PROVIDE THE NAME AND ADDRESS OF EACH MEMBER. (CHECK THE APPROPRIATE DESIGNATION). ATTACH ADDITIONAL PAGES IF NECESSARY.

| 9. NAME | Four Star Financial Services, LLC | | | [ ] MANAGER |
|---|---|---|---|---|
| ADDRESS | 601 Gateway Blvd., Suite 260 | | | [ ] CHIEF EXECUTIVE OFFICER |
| CITY | South San Francisco | STATE CA | ZIP 94080 | [X] MEMBER |

| 10. NAME | Ward Leber | | | [ ] MANAGER |
|---|---|---|---|---|
| ADDRESS | 4669 Murphy Canyon Road, Suite 104 | | | [ ] CHIEF EXECUTIVE OFFICER |
| CITY | San Diego, | STATE CA | ZIP 92124 | [X] MEMBER |

11. NUMBER OF PAGES ATTACHED, IF ANY.
None

12. I DECLARE THAT THIS STATEMENT IS TRUE, CORRECT, AND COMPLETE.

_____        7/14/99
SIGNATURE OF INDIVIDUAL AUTHORIZED TO SIGN        Date

*MARK F. COHN, PRESIDENT*
TYPE OR PRINT NAME AND TITLE OF PERSON SIGNING

DUE DATE:
**10/21/1999**

SEC/STATE (REV. 5/99)

FORM LLC-12R – FILING FEE $10.00
Approved by Secretary of State



# State of California

## Bill Jones
### Secretary of State

FILED
SACRAMENTO. CALIF.

SEP 29 2000

**LIMITED LIABILITY COMPANY – STATEMENT OF INFORMATION RENEWAL**

*Bill Jones*
BILL JONES
SECRETARY OF STATE

Filing Fee – Please see Information section

**IMPORTANT – Read Instructions Before Completing This Form**

1. DO NOT ALTER PREPRINTED NAME. IF ITEM 1 IS BLANK, PLEASE ENTER LIMITED LIABILITY COMPANY NAME.

   COMMUNITY BENEFIT ALLIANCE, LLC
   601 GATEWAY BLVD #260
   SOUTH SAN FRANCISCO CA 94080

This Space For Filing Use Only

[X] IF THERE HAS BEEN NO CHANGE IN THE INFORMATION CONTAINED IN THE LAST STATEMENT OF INFORMATION ON FILE WITH THE CALIFORNIA SECRETARY OF STATE, CHECK THE BOX AND PROCEED TO ITEM 12.

| 2. SECRETARY OF STATE FILE NUMBER | 3. JURISDICTION OF FORMATION |
|---|---|
| **199729410042** | **CA** |

4. STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE — CITY AND STATE — ZIP CODE

5. STREET ADDRESS IN CALIFORNIA OF OFFICE WHERE RECORDS ARE MAINTAINED (FOR DOMESTIC ONLY) — CITY — ZIP CODE
   CA

6. CHECK THE APPROPRIATE PROVISION BELOW AND NAME THE AGENT FOR SERVICE OF PROCESS:

   [ ] AN INDIVIDUAL RESIDING IN CALIFORNIA.
   [ ] A CORPORATION WHICH HAS FILED A CERTIFICATE PURSUANT TO SECTION 1505 OF THE CALIFORNIA CORPORATIONS CODE.

   AGENT'S NAME: _____

7. ADDRESS OF THE AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, IF AN INDIVIDUAL — CITY — ZIP CODE
   CA

8. DESCRIBE TYPE OF BUSINESS OF THE LIMITED LIABILITY COMPANY.

LIST THE NAME AND COMPLETE ADDRESS OF ANY MANAGER OR MANAGERS, OR IF NONE HAVE BEEN APPOINTED OR ELECTED, PROVIDE THE NAME AND ADDRESS OF EACH MEMBER AND CHIEF EXECUTIVE OFFICER (CEO), IF ANY. (CHECK THE APPROPRIATE DESIGNATION). ATTACH ADDITIONAL PAGES IF NECESSARY.

| 9. NAME | | | [ ] MANAGER |
|---|---|---|---|
| ADDRESS | | | [ ] MEMBER |
| CITY | STATE | ZIP | [ ] CEO, IF ANY |
| 10. NAME | | | [ ] MANAGER |
| ADDRESS | | | [ ] MEMBER |
| CITY | STATE | ZIP | [ ] CEO, IF ANY |

11. NUMBER OF PAGES ATTACHED, IF ANY.

12. I DECLARE THAT THIS STATEMENT IS TRUE, CORRECT, AND COMPLETE.

SIGNATURE OF INDIVIDUAL AUTHORIZED TO SIGN

DATE  9-11-00

*MARK F. COHN, MEMBER*
TYPE OR PRINT NAME AND TITLE OF PERSON SIGNING

**DUE DATE:  10/21/2000**

SEC/STATE-FORM LLC-12R (REV. 11/99)          APPROVED BY SECRETARY OF STATE

1

2  Miles Archer Woodlief (No. 124467)
   Attorney at Law

3  775 East Blithedale Avenue, #514
   Mill Valley, CA 94941

4  phone: (415) 730-3032
   facsimile: (415) 449-3569

5  Attorney for Defendant Four Star
   Financial Service, LLC

6

7                    UNITED STATES DISTRICT COURT FOR THE
                         NORTHERN DISTRICT OF CALIFORNIA

8                              (San Francisco Division)

9
   _____
10                                        )    Case No.: FJ02-0002 (MJJ) (JCS)
   RESERVOIR CAPITAL CORPORATION,         )
11                                        )    DECLARATION OF DANA PIERSON
                                          )    REGARDING CORPORATE
12                Plaintiff,              )    FORMATION DOCUMENTS PRODUCED
                                          )
   v.                                     )
13                                        )
   FOUR STAR FINANCIAL SERVICES,          )
14 LLC, a California limited liability company, )
                                          )
15                Defendant.              )
   _____       )

16

17        I, Dana Pierson, state as follows:

18

19        1.      I am Secretary for Defendant Four Star Financial Services, LLC, ("Four Star").  If

20 I were called on as a witness, I could and would testify to the following facts:

21        2.      To the best of my knowledge, Four Star and each wholly owned subsidiary or

22 affiliate controlled by Four Star or sharing a common set of officers and/or managing members,

23 have produced all documents within their possession or control relating to the "arbitrage deals"

24

25 and any sale relating to the same.

26        3.      To the best of my knowledge, Four Star and each wholly owned subsidiary or

27 affiliate controlled by Four Star or sharing a common set of officers and/or managing members,

28 have produced all documents within their possession or control relating to the formation

1

2  documents of Four Star and each such wholly owned subsidiary or affiliate.

3      I declare under penalty of perjury under the laws of the State of California that the

4  foregoing is true and correct to the best of my knowledge and belief.  Executed at Redwood City,

5  California this 18st day of April, 2003.

6

7

8                              By: Dana Pierson
                                   Dana Pierson
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

PROOF OF SERVICE

2

3

      I, Dawn Bierman, certify and declare as follows:

4

      I am over the age of 18 years, and not a party to this action.  I maintain an office at 255 Shoreline Drive, Suite 100, Redwood City, CA, 94065, which is located in

5

the county where the mailing described below took place.

6

      I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States

7

Postal Service and delivery to Federal Express.  Correspondence so collected and processed is deposited with the United States Postal Service or Federal Express that

8

same day in the ordinary course of business.

9

      On April 18, 2003, at my place of business at Redwood City, California, a copy of the forgoing was sent via first class mail, postage fully prepaid, addressed to:

10

Donald Cram
SEVERSON & WERSON

11

One Embarcadero Center, suite 2600

12

San Francisco, CA 94111

13

14

and that envelope was placed for collection and delivery on that date following ordinary business practices.

15

      I certify and declare under penalty of perjury under the laws of the State

16

of California that the foregoing is true and correct.  Executed on April 18, 2003.

17

18

19

_Dawn Bierman_

Dawn M. Bierman

20

21

22

23

24

25

1

2   Miles Archer Woodlief (No. 124467)
    Attorney at Law
3   775 East Blithedale Avenue, #514
    Mill Valley, CA 94941
    phone: (415) 730-3032
4   facsimile:  (415) 449-3569

5   Attorney for Defendant Four Star
    Financial Service, LLC
6

7               UNITED STATES DISTRICT COURT FOR THE
                  NORTHERN DISTRICT OF CALIFORNIA
8                      (San Francisco Division)

9   ────────────────────────────────
                                          )   Case No.: FJ02-0002 (MJJ) (JCS)
10  RESERVOIR CAPITAL CORPORATION,        )
                                          )   DECLARATION OF DANA PIERSON
11                                        )   REGARDING CORPORATE
                                          )   FORMATION DOCUMENTS PRODUCED
12              Plaintiff,                 )
    v.                                    )
13                                        )
    FOUR STAR FINANCIAL SERVICES,         )
14  LLC,  a California limited liability company, )
                                          )
15              Defendant.                 )
    ────────────────────────────────     )

16

17      I, Dana Pierson, state as follows:

18

19      1.      I am Secretary for Defendant Four Star Financial Services, LLC, ("Four Star").  If

20  I were called on as a witness, I could and would testify to the following facts:

21      2.      To the best of my knowledge, Four Star and each wholly owned subsidiary or

22  affiliate controlled by Four Star or sharing a common set of officers and/or managing members,

23
    have produced all documents within their possession or control relating to the "arbitrage deals"
24
    and any sale relating to the same.
25

26      3.      To the best of my knowledge, Four Star and each wholly owned subsidiary or

27  affiliate controlled by Four Star or sharing a common set of officers and/or managing members,

28  have produced all documents within their possession or control relating to the formation

1
2   documents of Four Star and each such wholly owned subsidiary or affiliate.

3      I declare under penalty of perjury under the laws of the State of California that the

4   foregoing is true and correct to the best of my knowledge and belief.  Executed at Redwood City,

5
    California this 18st day of April, 2003.
6

7

8                                    By: _Dana Pierson_
9                                        Dana Pierson

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

I, Dawn Bierman, certify and declare as follows:

I am over the age of 18 years, and not a party to this action. I maintain an office at 255 Shoreline Drive, Suite 100, Redwood City, CA, 94065, which is located in the county where the mailing described below took place.

I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service and delivery to Federal Express. Correspondence so collected and processed is deposited with the United States Postal Service or Federal Express that same day in the ordinary course of business.

On April 18, 2003, at my place of business at Redwood City, California, a copy of the forgoing was sent via first class mail, postage fully prepaid, addressed to:

Donald Cram
SEVERSON & WERSON
One Embarcadero Center, suite 2600
San Francisco, CA 94111

and that envelope was placed for collection and delivery on that date following ordinary business practices.

I certify and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on April 18, 2003.


Dawn M. Bierman

- 7

1

2   Miles Archer Woodlief (No. 124467)
    Attorney at Law
3   775 East Blithedale Avenue, #514
    Mill Valley, CA 94941
4   phone: (415) 730-3032
    facsimile:  (415) 449-3569

5
    Attorney for Defendant Four Star
6   Financial Service, LLC

7                   UNITED STATES DISTRICT COURT FOR THE
                       NORTHERN DISTRICT OF CALIFORNIA
8                          (San Francisco Division)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   Four Star's Notice of Motion and Motion for          1
     Protective Order; Memo P&A in Support of
     Same; Declaration in Support of Same

1

2

—————————————————————————— )    Case No.: FJ02-0002 (MJJ) (JCS)
                                            )
3   RESERVOIR CAPITAL CORPORATION,  )    SUPPLEMENTAL DECLARATION OF
                                            )    DANA PIERSON REGARDING
4                                           )    CORPORATE FORMATION
                                            )    DOCUMENTS PRODUCED
5           Plaintiff,                      )
    v.                                      )
6                                           )
    FOUR STAR FINANCIAL SERVICES,          )
7   LLC,  a California limited liability company, )
                                            )
8           Defendant.                      )
——————————————————————————

9

10      I, Dana Pierson, state as follows:

11

12      1.      I am Secretary for Defendant Four Star Financial Services, LLC, ("Four Star").  If

13  I were called on as a witness, I could and would testify to the following facts:

14      2.      To the best of my knowledge, Four Star and its parent(s), affiliate(s) and

15  subsidiary(ies) have each produced all Corporate Organization documents within their possession

16
    or control.
17

18      I declare under penalty of perjury under the laws of the State of California that the

19  foregoing is true and correct to the best of my knowledge and belief.  Executed at Redwood City,

20  California this 23rd day of April, 2003.

21

22

23                                          By: _____
                                            Dana Pierson, Secretary
24

25

26

27

28  Four Star's Notice of Motion and Motion for          2
    Protective Order: Memo P&A in Support of
    Same; Declaration in Support of Same

1

2    Miles Archer Woodlief (No. 124467)
     Attorney at Law
3    775 East Blithedale Avenue, #514
     Mill Valley, CA 94941
4    phone: (415) 730-3032
     facsimile:  (415) 449-3569

5    Attorney for Defendant Four Star
     Financial Service, LLC
6
                    UNITED STATES DISTRICT COURT FOR THE
7                      NORTHERN DISTRICT OF CALIFORNIA
                              (San Francisco Division)
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   Four Star's Notice of Motion and Motion for          1
     Protective Order; Memo P&A in Support of
     Same; Declaration in Support of Same

1

2    _____    )    Case No.: FJ02-0002 (MJJ) (JCS)
                                         )
3    RESERVOIR CAPITAL CORPORATION,      )    SUPPLEMENTAL DECLARATION OF
                                         )    DANA PIERSON REGARDING
4                                        )    CORPORATE FORMATION
                 Plaintiff,              )    DOCUMENTS PRODUCED
5    v.                                  )
                                         )
6    FOUR STAR FINANCIAL SERVICES,       )
     LLC,  a California limited liability company,  )
7                                        )
                 Defendant.              )
8    _____    )

9

10       I, Dana Pierson, state as follows:

11

12       1.    I am Secretary for Defendant Four Star Financial Services, LLC, ("Four Star").  If

13   I were called on as a witness, I could and would testify to the following facts:

14       2.    To the best of my knowledge, Four Star and its parent(s), affiliate(s) and

15   subsidiary(ies) have each produced all Corporate Organization documents within their possession

16   or control.

17

18       I declare under penalty of perjury under the laws of the State of California that the

19   foregoing is true and correct to the best of my knowledge and belief.  Executed at Redwood City,

20   California this 23rd day of April, 2003.

21

22

23                                       By: _____
                                             Dana Pierson, Secretary
24

25

26

27

28   Four Star's Notice of Motion and Motion for          2
     Protective Order; Memo P&A in Support of
     Same; Declaration in Support of Same

**EXHIBIT M**

Case 5:09-cv-03303-JF    Document 12-2    Filed 08/28/09    Page 66 of 82

1

2   Miles Archer Woodlief (No. 124467)
    Attorney at Law
3   775 East Blithedale Avenue, #514
    Mill Valley, CA 94941
    phone: (415) 730-3032
4   facsimile: (415) 449-3569

5   Attorney for Defendant Four Star
    Financial Service, LLC
6

RECEIVED

JUN 10 2003

SEVERSON & WERSON

7          UNITED STATES DISTRICT COURT FOR THE
            NORTHERN DISTRICT OF CALIFORNIA
8              (San Francisco Division)

9

10  RESERVOIR CAPITAL CORPORATION,  )  Case No.: FJ02-0002 (MJJ) (JCS)
                         )
11                         )  DEFENDANT FOUR STAR FINANCIAL
                         )  SERVICES, LLC'S RESPONSE TO
12          Plaintiff,      )  PLAINTIFF'S STATEMENT IN SUPPORT
      v.                      )  OF ORDER TO SHOW CAUSE; MOTION
13                         )  FOR CIVIL SANCTIONS
      FOUR STAR FINANCIAL SERVICES,    )
14  LLC, a California limited liability company, )
                         )  Hearing Date: 7-31-03
          Defendant.      )  Time:      9:30 a.m.
15                         )  Department:  Judge Spero (Ctrm A)

16

17

18

19

20

21

22

23

24

25

26

27

28

Four Star's Response to Statement Supporting OSC

Defendant Four Star Financial Services, LLC ("Four Star") submits this Response to Plaintiff's Statement in Support of Order to Show Cause;

**PRELIMINARY STATEMENT**

**Plaintiff has no predicate for its motion for civil contempt**

There is little doubt that Plaintiff Reservoir Capital Corporation ("Plaintiff") has been (perhaps rightfully) aggressive in seeking information regarding the whereabouts of Four Star Financial Services' ("Four Star") assets. There is also little doubt that Plaintiff perceives that those efforts have not been entirely fruitful to date in that it continues to seek still more information from or about Four Star. Finally, there is no doubt that Plaintiff finds Four Star's statements regarding its lack of documents to be incredible. That, however, is the sum and substance of Plaintiff's argument. Four Star *should* have these documents, so they *must* have these documents, so they are willing violating this Courts order by *not* producing them. Quite literally, in each instance, that is Plaintiff's argument.

The problem however, is that Four Star does not have the documents sought, not do its affiliates or subsidiaries. Whether the information sought still exists is not a question Four Star cannot answer, but it can state, and has done so under oath, that the information does not exist within its possession or control or within the possession or control of its affiliates or subsidiaries. There is no basis for a contempt order here.

**STATEMENT OF FACTS**

**Four Star has produced or offered for review thousands and thousands of documents and has cooperated extensively with Plaintiff regarding the production of documents and dissemination of information**

First, it must be understood that Four Star HAS produced boxes and boxes of documents

2

to Reservoir, and has done so almost continuously for several years. It has produced 100% of the documentation for literally hundreds of loans. It has produced boxes of corporate records pertaining to tens of companies and produced 100% of the records for virtually all of those companies. It has produced check registers, general ledgers, trial balances, balance sheets and on and on and on for several years of the companies recent past, including the most recent versions of everything. It has produced appraisals, summaries, estimates, etc regarding the value of the companies. Four Star has searched, reviewed, amended, and supplemented its responses as material became available or was located. It, voluntarily and of its own accord, produced extra persons at OEXs (for example, having Christina Wong attend with Rick Saperstein) to ensure answers could be more comp'ete.

This motion is about less than a hand full of documents that have not been produced. Simply put, Plaintiff believes these documents should exist and, with no evidence that they do exist, it pursues this motion as a result. Four Star has, time and time again, shown they do not.

**Only four (4) groups of documents remain in dispute**

Plaintiff seeks: (i) corporate records for three entities (Prior to reading Plaintiffs Brief, Four Star recalls only hearing that FSF and CBA's corporate records been produced, but that is of no moment); (ii) loan documents for one remaining loan (the Anson-Garrett-Cohn loan); (iii) documents relating to one remaining transaction (the so-called Arbitrage Deal); and (iv) documents reflecting the chain of title to a group of cel art. Out of the thousands of documents produced and the volumes of testimony given, this is the remaining dispute.

**Plaintiff has no evidence these documents exist**

Plaintiff has no evidence that the documents are being withheld or that they even exist.

1

2   Plaintiff offers no theory as to where the documents might be. Plaintiff has only an understanding

3   that these documents should exist.

4        **The Anson-Garrett-Cohn Loan**

5        Four Star made a loan to its managers. Plaintiff argues that The Corporations Code,

6
    §17058(a)(7), requires that records be kept. Plaintiff also argues that Four Star has a fiduciary
7
    obligation to have the records. To not have the records violates the law, argues Plaintiff.
8
9   Therefore, Four Star, then, must have the records and they must be produced.

10       First, the cited code only requires that the LLC keep current books and records as they

11  relate to the internal affairs of the company. Four Star does that. Second, Four Star has

12
    produced records pertaining to that transaction in that it has produced the General Ledger, which
13
    evidences the transaction and all payments made in connection with it. It might be tidy if there
14
15  were more or better or different records, but the Declarations previously submitted make it clear

16  that no additional records regarding these transactions exist. Absolutely nothing suggests that

17  they do.

18
         Plaintiff has, simply, guessed wrong. Plaintiff has offered nothing to even suggest there
19
    is a basis to even question the veracity of the Declarations submitted in which three persons state
20
21  no additional records exist. There being not a scintilla of evidence to the contrary, Plaintiff's

22  request for Civil Contempt must be denied.

23       **Corporate Records**

24       Plaintiff arguers that Four Star and two of its subsidiaries have not produced sufficient
25
    corporate records as to three companies -- Four Star, FSF and CBA. Plaintiff admits that some
26
27  have been produced for these entities and that for the substantial majority of companies, all

28

1

2   required material was produced.  Plaintiff's argument is, again, that Four Star *should have* more

3   documents for these companies, so they must have them.  Nothing more.

4       Evidence produced to date demonstrates that, apart from whether Four Star should have

5   the records, they do not.  Dana Pierson's Declaration, poked fun at by Plaintiff's counsel,

6   contained the exact words referenced by the Court and the very phrases requested by Plaintiff and

7   about which Plaintiff complained were missing when the original declaration was filed.  The

8

9   Court and Plaintiff deemed acceptable at the time.  To now complain of that language is either

10  hubris or sandbagging.  The point of that declaration and the one it amended are quite clear:

11  Four Star has no further corporate documents in its possession.  Plaintiff has, simply, guessed

12  wrong.  Plaintiff has offered nothing to even suggest there is a basis to even question the veracity

13  of Ms. Pierson's Declaration.  There being not a scintilla of evidence to the contrary, Plaintiff's

14

15  request for Civil Contempt must be denied.

16  **Arbitrage Contracts**

17      Again, Four Star has stated clearly and concisely that is has produced all information

18  within its possession as well as that in the possession of its subsidiaries and affiliates and, again,

19  Plaintiff -- without evidence or predicate facts --- is saying, "not so!"  Four Star has represented

20

21  that it has searched its files, the files of all relevant subsidiaries or affiliates and the records of its

22  managing members and that it has uncovered nothing other than that already turned over to

23  Plaintiff.  Four Star has handed over information about its business partner in this matter and has

24  provided the name and address and relevant documents concerning that partner.  Plaintiff is and

25  has at all times been able to follow-up directly with that entity.  In other words, Four Star has

26

27  again provided what it had and all of what it had.  Apparently, because it was less than Plaintiff

28

5

1

2    expected, Plaintiff seeks a contempt order.

3    Plaintiff contends that Four Star's lack of documentation is a civil or criminal infraction.

4    That being the case, the legal ramifications of Four Star's comments must be given weight in this

5    process. Four Star admits that it no longer has in its possession documents relating to a

6    substantial deal that has been troublesome. Such statements against interest are substantially

7

8    more believable – for that very reason.

9    Plaintiff, on the other hand, offers only that it doesn't make sense that Four Star does not

10   have these documents. While it may not, Four Star has made clear that it has searched its records

11   and those of its affiliates and subsidiaries and no documents exist.

12   **Animation Cel-Art**

13

14   To date, Four Star has produced appraisals, lists of the cels owned, and a summary of

15   how the art came to be in its possession. Plaintiff wants more.

16   Four Star has stated, under oath, that no more that that which has been produced exists.

17   Plaintiff still wants more. The evidence before this Court is that there is no more. As before,

18   Plaintiff has, simply, guessed wrong. Plaintiff has offered nothing to even suggest there is a

19   basis to even question the veracity of Ms. Pierson's Declaration. There being not a scintilla of

20

21   evidence to the contrary, Plaintiff's request for Civil Contempt must be denied.

22   **Four Star has produced evidence showing that that the remaining material sought
     does not exist or is not is its possession**

23

24   Declarations under oath by several persons in positions of responsibility regarding these

25   documents make clear that they do not exist except to the extent already produced. While

26   Plaintiff may wish they did and while Four Star's corporate life would clearly be easier if they

27   did, the evidence is that they do not.

28

6

**There is no predicate for contempt**

In stark contrast, Plaintiff has made no demonstration, not even a single instance, where it has discovered even a partial document that suggests that Four Star is misrepresenting the facts. There is no smoking gun, no smoke and no gun. This Motion and Plaintiff's moving papers are based solely and improperly on credulity. That is not enough to justify contempt.

The predicate for Plaintiff's motion is that there should be more documents. The issue before this court, the predicate for the civil contempt action, is not whether the documents should exist, but whether they DO exist. All the evidence before this Court, and such evidence remains uncontroverted, is that neither Four Star nor its affiliates or subsidiaries have any additional documents within the ambit of this motion or OSC.

**LEGAL ARGUMENT**

Civil Contempt can be appropriate in situations where a party has violated a court order. (Fed. R. Civ. Proc. 37(b)(2)(D).) First, however, there must be clear and convincing evidence of misconduct. (*Falstaff Brewing Corp. v. Miller Brewing Co.*, (9th Cir. 1983) 702 F.2d 770, 776, n.1.) There must be a knowing violation of a court order. (*Sekaquaptewa v. MacDonald* (9th Cir. 1976) 544 F.2d 396, 406.)

Civil contempt is characterized by the court's desire to compel obedience to a court order. (*Shillitani v. United States,* 384 U.S. 364, 370.) Its purpose can be to compel compliance or compensate the contemnor's adversary for the injuries that result from the noncompliance, or both. (*Gompers v. Bucks Stove & Range Co.,* 221 U.S. 418, 448-449.) A civil contempt sanction is designed to force the contemnor *to comply* with an order of the court, and thus to affect discovery conduct. (*Cunningham v. Hamilton County, Ohio* (1999) 527 U.S. 198, 207.)

1

2          The obvious predicate for any contempt order, then, is non-compliance with a court order.

3   (*See,* Fed. R. Civ. Proc. 37(b)(2); *United States v. Kahaluu Const. Co.* (9th Cir. 1988) 857 F.2d

4   600, 602.) That fundamental predicate is missing in this instance. While it is clear that there are

5   categories of documents that were sought and not produced, there is not one stitch of information

6   to suggest that the documents not produced were in the possession or control of Four Star or its

7   subsidiaries or affiliates. Plaintiff has argued that Four Star should have the sought after

8   documents and therefore should have produced them. Four Star has offered evidence (sworn

9   testimony) that it does not have access to the documents sought. However unlikely or incredible

10  that fact may be to Plaintiff, Plaintiff has been unable to produce a single piece of evidence to the

11

12  contrary.

13

14         Plaintiff does not have the documents it wants, not because it is willfully disobeying the

15  Court's Order, but because Four Star simply does not have the documents to give.

16  **CONCLUSION**

17         For all the foregoing reasons, Plaintiff's Motion must be denied and no sanctions or other

18  contempt order issued.

19

20

21

22  Dated: June 10, 2003                          By: _____
                                                 Miles Archer Woodlief
23                                               Attorney at Law
                                                 775 East Blithedale Ave., #514
24                                               Mill Valley, CA 94941
                                                 phone: (415) 730-3032
25

26

27

28

8

1

2

PROOF OF SERVICE

3

I, Miles Archer Woodlief, certify and declare as follows:

4

I am over the age of 18 years, and not a party to this action. I maintain an office at
775 East Blithedale Avenue, Suite 514, Mill Valley, CA 94941, which is located in the county
where the mailing described below took place.

5

6

I am readily familiar with the business practice at my place of business for
collection and processing of correspondence for mailing with the United States Postal Service.
Correspondence so collected and processed is deposited with the United States Postal Service
that same day in the ordinary course of business.

7

8

9

On June 10, 2003, my place of business at Mill Valley, California, a copy of the
forgoing was sent via first class mail, with postage charges fully prepaid, addressed to:

10

11

Duane M. Geck, Esq.
Severson & Werson

12

One Embarcadero Center, 25th Floor
San Francisco, CA 94111

13

14

and that envelope was placed for collection and delivery on that date following ordinary business
practices.

15

I certify and declare under penalty of perjury under the laws of the State of
California that the foregoing is true and correct. Executed on June 10, 2003.

16

17

18

19

20

Miles Archer Woodlief

21

22

23

24

25

26

27

28

9

1   DUANE M. GECK (State Bar No. 114823)
    DONALD H. CRAM (State Bar No. 164001)
2   DAVID E. PINCH (State Bar No. 124851)
    SEVERSON & WERSON
3   A Professional Corporation
    One Embarcadero Center, Suite 2600
4   San Francisco, CA  94111
    Telephone:  (415) 398-3344
5   Facsimile:  (415) 956-0439

6   Attorneys for Plaintiff
    RESERVOIR CAPITAL CORPORATION

7

8               UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10               SAN FRANCISCO DIVISION

11  RESERVOIR CAPITAL CORPORATION, A )  No.  FJ02-002 MJJ (JCS)
    Maryland Corporation,           )
12                      )  00-CV-3626
           Plaintiff,      )
13                      )  [proposed] ORDER CHARGING
          vs.           )  JUDGMENT DEBTOR'S INTEREST IN
14                      )  LIMITED LIABILITY COMPANIES
    FOUR STAR FINANCIAL SERVICES, LLC. )  AND FOR ORDER FOR SALE OF ITS
15  a California Limited Liability Company,  )  INTEREST IN THOSE LIMITED
                      )  LIABILITY COMPANIES
16          Defendant.     )  [CALIFORNIA CORPORATION CODE
                      )  §17302}
17                      )
    _____)
18

19

20       The motion of Reservoir Capital Corporation ("Reservoir") for a charging order to charge

21  the membership interest of Four Star Financial Services, L.L.C. ("Four Star") in its wholly owned

22  subsidiaries, FSF, LLC and Community Benefit Alliance, L.L.C. was heard on shortened time

23  before the Honorable Magistrate Judge Joseph C. Spero, located at 450 Golden Gate Avenue,

24  Courtroom A, 15th Floor, San Francisco, California on April 25, 2003, at 9:30 a.m.  The court set

25  a briefing schedule requiring Four Star to file opposition, if it had any, by close of business on

26  April 10, 2003.  The court finds that no opposition has been filed.  Having reviewed the

27  declaration of Duane M. Geck, the memorandum of points and authorities, and all other moving

28

1  papers, the court finds Good Cause to waive presentation of oral argument and grants the motion

2  as follows:

3

4      IT IS HERBY ORDERED that the Court charges Four Star's interest in FSF, LLC, a

5  limited liability company ("FSF"), and COMMUNITY BENEFIT ALLIANCE, LLC, a limited

6  liability company ("CBA"), each having its principal places of business at 255 Shoreline Drive,

7  Redwood City, California 94065 with payment of the unsatisfied portion of the judgment entered

8  against Four Star Financial Services, LLC, the sole member of FSF and of CBA. The Judgment is

9  the judgment issued by the United States District Court of the District of Maryland entered on

10  October 18, 2001, and which Plaintiff registered in this court on January 11, 2002, and which this

11  Court modified pursuant to a written agreement of the parties on July 20, 2002 (the "Judgment").

12      IT IS FURTHER ORDERED that the Court charges Four Star's interest in FSF and CBA

13  with payment of interest on the unsatisfied portion of the Judgment at the stipulated rate of 15%

14  from June 24, 2002, (as set forth in the Judgment),until the date that the Judgment is paid in full.

15      IT IS FURTHER ORDERED that the Court charges, instructs, and orders FSF and CBA

16  pay to Reservoir all profits, income and other distributions owed to Four Star Financial Services,

17  LLC, that are past due and unpaid or shall become due after this order is issued to Reservoir until

18  such time as the balance of the Judgment, together with interest is paid in full.

19      IT IS FURTHER ORDERED that Four Star shall surrender its original membership shares

20  or other record of ownership in FSF and CBA to the United States Marshall pursuant to a writ of

21  execution and this charging order.

22      IT IS FURTHER ORDERED that pursuant to California Corporation Code §17302,

23  Reservoir is authorized to hold a foreclosure sale of Four Star Financial Services, LLC's interest

24  in FSF and CBA pursuant to the charging order imposed as requested above. The foreclosure sale

25  is to be conducted in accordance with California Code of Civil Procedure §§701.510 *et seq.*

26  governing the sale of personal property as an enforcement of judgment.

27      IT IS FURTHER ORDERED the United States Marshall shall notice and sell Four Star's

28

1    membership interest in FSF and CBA pursuant to Corporation Code §17302 and Code of Civil

2    Procedure   §701.530 and §§701.545 through 701.830, inclusive, and as incorporated by Federal

3    Rule of Civil Procedure 64.  Reservoir shall apply the proceeds from that sale first to accrued

4    interest and costs of sale and then to the balance of its unsatisfied Judgment.  Reservoir may

5    submit a credit bid up to and including the amount of the balance owed on its unsatisfied

6    judgment.

7

8    DATED: 4/22/03

9

10

The Honorable JOSEPH C. SPERO

11

Magistrate Judge of the United States District Court
Northern District of California

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER CHARGING JUDGMENT DEBTOR'S
INTEREST IN LIMITED LIABILITY COMPANY

1

## CERTIFICATE OF SERVICE

2      I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I
am employed in the City and County of San Francisco, California; my business address is
3    Severson & Werson, One Embarcadero Center, Suite 2500, San Francisco, CA 94111.

4      On the date below I served a copy, with all exhibits, of the following document(s):

5      **[PROPOSED] ORDER CHARGING JUDGMENT DEBTOR'S INTEREST IN**
**LIMITED LIABILITY COMPANIES AND FOR ORDER FOR SALE OF ITS**
6    **INTEREST IN THOSE LIMITED LIABILITY COMPANIES**

7    on all interested parties in said case addressed as follows:

8    Miles Archer Woodlief, Esq.           FAX: (415) 449-3569
775 E. Blithedale Avenue
9    # 514
Mill Valley CA 94941
10
Phone: (4115) 730-3032
11

12

13   [XX] **(BY MAIL)** I caused an envelope to be deposited in the mail at San Francisco, California,
with postage thereon fully prepaid.

14

15      I am readily familiar with the firm's practice of collecting and processing correspondence
for mailing. On the same day that correspondence is placed for collection and mailing, it is
16   deposited in the ordinary course of business with the United States Postal Service in San
Francisco, California in sealed envelopes with postage fully prepaid.

17

[ ] **(BY FEDERAL EXPRESS**
18

19      By depositing copies of the above documents in a box or other facility regularly
maintained by Federal Express with delivery fees paid or provided for; or

20

[ ] **(BY FAX)** By use of facsimile machine telephone number 415/956-0439, I caused a true copy
21   to be transmitted to the addressee(s) listed above at the facsimile number(s) noted after the party's
address.
22

23      The facsimile machine I used complied with California Rules of Court, rule 2003 and no
error was reported by the machine.

24      I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct. This declaration is executed in San Francisco, California, on April
25   15, 2003.

26

27                                           Marge M. Cloherty

28

hom

United States District Court
for the
Northern District of California
April 22, 2003

* * CERTIFICATE OF SERVICE * *

Case Number:3:02-fj-00002

Reservoir Capital

    vs

Four Star Financial

I, the undersigned, hereby certify that I am an employee in the Office of
the Clerk, U.S. District Court, Northern District of California.

That on  April 22, 2003, I SERVED a true and correct copy(ies) of
the attached, by placing said copy(ies) in a postage paid envelope
addressed to the person(s) hereinafter listed, by depositing said
envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office.

    Duane Geck, Esq.
    Severson & Werson
    One Embarcadero Ctr
    25th Flr
    San Francisco, CA  94111

    Irving E. Walker, Esq.
    Saul Ewing LLP
    100 South Charles Street
    Baltimore, MD  21201

    Miles Archer Woodlief, Esq.
    775 E. Blithedale Avenue
    #514
    Mill Valley, CA  94941

Richard W. Wieking, Clerk

BY: Karen L. Hom
Deputy Clerk

1   Miles Archer Woodlief (No. 124467)
    Attorney at Law
    775 East Blithedale Avenue, #514
2   Mill Valley, CA 94941
    phone: (415) 730-3032
3   facsimile:  (415) 449-3569

4   Attorney for Defendant Four Star
    Financial Service, LLC
5
                    UNITED STATES DISTRICT COURT FOR THE
6                     NORTHERN DISTRICT OF CALIFORNIA
                           (San Francisco Division)
7

8

9
    _____     )   Case No.: FJ02-0002 (MJJ) (JCS)
10                                           )
    RESERVOIR CAPITAL CORPORATION,           )   DECLARATION OF JACK GARRETT
11                                           )   REGARDING "ANSON-GARRETT-COH
                                             )   LOAN"
12              Plaintiff,                   )
    v.                                       )
13                                           )
    FOUR STAR FINANCIAL SERVICES,            )
14  LLC,  a California limited liability company, )
                                             )
15              Defendant.                   )
    _____     )

16

17

18
        I, Jack Garrett, state as follows:
19

20          1.     I am President for Defendant Four Star Financial Services, LLC, ("Four Star").  If

21  I were called on as a witness, I could and would testify to the following facts:

22          2.     To the best of my knowledge, there are no loan documents reflecting the loan from

23
    Four Star to Ron Anson, Jack Garrett and Mark Cohn (the loan commonly referred to as the      ,
24
    "Anson-Garrett-Cohn" loan except the General Ledger entry.  Certainly no such documents could
25
    be located after a diligent search for the same.
26

27          I declare under penalty of perjury under the laws of the State of California that the

28  Declaration of Jack Garrett re: Anson-Garrett-Cohn Loan

1    foregoing is true and correct to the best of my knowledge and belief. Executed at Redwood City,

2    California this 1st day of April, 2003.

3

4

5    By: _____
         Jack Garrett

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    Declaration of Jack Garrett re: Anson-Garrett-Cohn Loan