**EXHIBIT  8**

1   ALSCHULER GROSSMAN STEIN & KAHAN LLP
    Michael J. Plonsker (No. 101235)
2   The Water Garden
    1620 26th Street
3   Fourth Floor, North Tower
    Santa Monica, California  90404-4060
4   Telephone:  310-907-1000
    Fax:  310-907-2000
5
    Attorneys for Plaintiffs
6   MICHAEL J. PLONSKER and LISA PLONSKER

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

OCT 1 0 2003

John A. Clarke, Executive Officer/Clerk

By D. Geter, Deputy

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   COUNTY OF LOS ANGELES - WEST DISTRICT

10

11  MICHAEL J. PLONSKER, individually;       CASE NO.   SC079281
    LISA PLONSKER, individually and as
12  trustee of the Faversham Grandchildren's  **COMPLAINT FOR:**
    Trust,
13                                            1.  **BREACH OF CONTRACT;**
            Plaintiffs,                       2.  **FRAUDULENT**
14                                                **MISREPRESENTATION;**
        vs.                                   3.  **NEGLIGENT MISREPRESENTATION;**
15                                            4.  **FRAUDULENT CONCEALMENT;**
    FOUR STAR FINANCIAL SERVICES,             5.  **BREACH OF FIDUCIARY DUTY;**
16  LLC, a California limited liability       6.  **NEGLIGENCE;**
    company; 900 CAPITAL SERVICES,            7.  **CONVERSION; AND**
17  INC., a California corporation; F.S.F. LLC, 8. **SETTING ASIDE FRAUDULENT**
    a California limited liability company;       **TRANSFER AND CONSTRUCTIVE**
18  ANSON, GARRETT & CO., a California            **TRUST**
    accountancy corporation; RON ANSON,
19  an individual; JACK GARRETT, an          ALLAN J. GOODMAN
    individual; GRONIMOF ALPER, LTD., a      Judge_____ Dept. H
20  California limited partnership; GARRETT
    & ANSON INVESTMENT COMPANY, a            Initial Status Conference &
21  California corporation; MARK COHN, an     OSC Re: Proof of Service Set  JAN 2 2 2004  at 8:30 a.m.
    individual; GAIL CATO, an individual;
22  DOES 1 through 500, inclusive,           1633 Purdue Ave., West Los Angeles Courthouse

23            Defendants.

24

25          Plaintiffs, Michael J. Plonsker and Lisa Plonsker ("Plaintiffs") complain as

26  follows:

27  ///

28  ///

                                                                          12

## PARTIES

1.　　　Plaintiffs Michael J. Plonsker and Lisa Plonsker (husband and wife) are, and at all times hereto were, individuals residing in the County of Los Angeles, State of California.  Plaintiff Lisa Plonsker is, and at all times mentioned herein was, a trustee of the Faversham Grandchildren's Trust ("Trust").

2.　　　Plaintiffs are informed and believe, and thereon allege, that Defendant Four Star Financial Services, LLC ("Four Star") is, and at all times hereto was, a California limited liability company duly organized and doing business in the State of California, County of Los Angeles.

3.　　　Plaintiffs are informed and believe, and thereon allege, that Defendant 900 Capital Services, Inc. ("900 Capital") is, and at all times hereto was, a California corporation duly organized and doing business in the State of California, County of Los Angeles.  Plaintiffs are informed and believe, and thereon allege, that Four Star is a successor to all right, title and interest in 900 Capital's assets.  Hereinafter 900 Capital shall also be referred to as "Four Star."

4.　　　Plaintiffs are informed and believe, and thereon allege, that Defendant F.S.F. LLC ("FSF") is, and at all times hereto was, a California limited liability company duly organized and doing business in the State of California, County of Los Angeles and is owned in whole or in part by Four Star.

5.　　　Plaintiffs are informed and believe, and thereon allege, that Defendant Anson, Garrett & Co. ("Anson & Garrett") is, and at all times hereto was, a California accountancy corporation duly organized and doing business in the State of California, County of Los Angeles.

///

2

13

1    6.    Plaintiffs are informed and believe, and thereon allege, that Defendant

2    Gronimof Alper Ltd. ("Gronimof") is, and at all times hereto was, a California limited liability

3    company duly organized and doing business in the State of California, County of Los Angeles.

4    7.    Plaintiffs are informed and believe, and thereon allege, that Garrett &

5    Anson Investment Company ("G&A") is, and at all times hereto was, a California corporation,

6    duly organized and doing business in the State of California, County of Los Angeles.

7    8.    Plaintiffs are informed and believe, and thereon allege, that Defendant Ron

8    Anson ("Anson") all times hereto was, an individual, a resident of Los Angeles County, State of

9    California, and a shareholder, officer, member and/or manager of Four Star, FSF, 900 Capital,

10    Anson & Garrett and G&A.

11    9.    Plaintiffs are informed and believe, and thereon allege, that Defendant Jack

12    Garrett ("Garrett") is, and at all times hereto was, an individual, a resident of Los Angeles

13    County, State of California, and a shareholder, officer, member, general partner and/or manager

14    of Four Star, FSF, 900 Capital, Anson & Garret, G&A and Gronimof.

15    10.    Plaintiffs are informed and believe, and thereon allege, that Defendant

16    Mark Cohn ("Cohn"), is, and at all times mentioned hereto was, an individual, a resident of the

17    State of California, county unknown, and a shareholder, officer, member and/or manager of Four

18    Star, FSF, 900 Capital and G&A and doing business in the County of Los Angeles, State of

19    California.

20    11.    Plaintiffs are informed and believe, and thereon allege, that Defendant Gail

21    Cato ("Cato") is, and at all times hereto was, an individual, a resident of the State of Georgia and

22    doing business in the County of Los Angeles, State of California.

23    12.    Plaintiffs are informed and believe, and thereon allege, pursuant to

24    California Code of Civil Procedure § 474, that the fictitiously named Defendants sued herein as

25    Does 1 through 500, inclusive, and each of them, were in some manner responsible or legally

26    liable for the actions, events, transactions and circumstances alleged herein. The true names and

27    capacities of such fictitiously named Defendants, whether individual, corporate, associate or

28    otherwise, are presently unknown to Plaintiffs and Plaintiffs will seek leave of court to amend this

3

14

1    complaint to assert the true names and capacities of such fictitiously named Defendants when the

2    same have been ascertained.  For convenience, each reference to a named Defendant herein shall

3    also refer to the Doe Defendants, and each of them.

4         13.    Plaintiffs are informed and believe, and thereon allege, that Defendants,

5    and each of them, were the agents, employees, partners, joint venturers, co-conspirators, owners,

6    principals, and employers of the remaining Defendants, and each of them, and are, and at all

7    times herein mentioned were, acting within the course and scope of that agency, partnership,

8    employment, conspiracy, ownership, or joint venture.  Plaintiffs are further informed and believe

9    and thereon allege that the acts and conduct herein alleged of each such Defendant were known

10    to, authorized by, and/or ratified by the other Defendants, and each of them.

11         14.    Plaintiffs are informed and believe, and thereon allege, that Defendants

12    Anson, Garrett and Cohn, are, and at all times material hereto were, the controlling shareholders,

13    general partners, and/or members of Defendants Four Star, FSF, Gronimof, G&A and/or Anson &

14    Garrett and Does 1 through 250, inclusive, and that Defendants Anson, Garrett and/or Cohn at all

15    times directly controlled each or all of such Defendants.  Plaintiffs are further informed and

16    believe, and thereon allege that Defendants Four Star, FSF, Gronimof, G&A, Anson & Garrett

17    and Does 1 through 250, inclusive, are, and at all times relevant hereto have been, mere shells and

18    shams without sufficient capital or assets to meet their debts, obligations and liabilities.  Plaintiffs

19    are further informed and believe and thereon allege, that all times material hereto, Defendants

20    Four Star, FSF, Gronimof, G&A and/or Anson & Garrett, and Does 1 through 250, inclusive, and

21    each of them, failed to maintain a corporate identity separate and distinct from Defendants Anson,

22    Garrett and/or Cohn, or from each other, and that they have been the business conduit and alter

23    ego of such Defendants, and each other, and that adherence to the fiction of the separate legal

24    existence of such Defendants as entities distinct from one another would permit an abuse of the

25    corporate privilege, would promote injustice and would sanction a fraud upon Plaintiffs.

26         15.    Plaintiffs are informed and believe, and thereon allege, that Defendants

27    Anson, Garrett and/or Cohn completely owned, controlled, dominated, used, managed and

28    operated Defendants Four Star, FSF, Gronimof, G&A and/or Anson & Garret, and Does 1

4

*15*

COMPLAINT FOR BREACH OF CONTRACT, ETC.

1   through 250, inclusive, or each of them, and, therefore, any obligation, duty or liability of one

2   Defendant as alleged herein should be deemed to similarly be an obligation, duty and liability of

3   each and every other Defendant.

4         16.    Plaintiffs are informed and believe, and thereon allege, that Defendants

5   Four Star, FSF, Gronimof, G&A, and/or Anson & Garrett and Does 1 through 250, inclusive, and

6   each of them, are, and at all times material hereto, were, the alter egos of each other and the other

7   defendants and there exists and at all times material hereto has existed a unity of interest and

8   ownership of all such Defendants such that any separateness has ceased to exist in that each of the

9   Defendants used assets of the other Defendants for their separate, individual purposes and caused

10  assets to be transferred to each other without adequate consideration. Plaintiffs are informed and

11  believe and thereon allege, that Defendants, and each of them, have improperly commingled

12  funds and/or participated in, engaged in and/or performed various stock or other financial

13  manipulations, transfers and/or assets without adequate consideration and/or without adequate

14  accounting.

15  ### GENERAL ALLEGATIONS

16        17.    Beginning in or about 1985, Plaintiffs engaged Defendants Anson &

17  Garrett, Anson and Garrett to act as their accountants and said Defendants acted as Plaintiffs'

18  accountants through and including July 2003, at which time Plaintiffs terminated said Defendants

19  as their accountants.

20        18.    In or about 1995, Anson and Garrett, on behalf of themselves and on behalf

21  of Four Star, Cohn and Anson & Garrett represented to Plaintiff Michael Plonsker (and through

22  him, to Plaintiff Lisa Plonsker) that they had created an investment opportunity for their clients

23  and friends which involved "factoring" accounts receivables due to telephone company customers

24  and that by doing so they could make a significant profit and pass that profit on to investors.

25  Anson and Garrett represented to Plaintiff Michael Plonsker that if he and his wife, Plaintiff Lisa

26  Plonsker, would like to invest in this investment opportunity, they would be paid interest on their

27  investment in the amount of between fifteen percent (15%) and eighteen percent (18%) of their

28  principal investment, which interest payments would be paid to Plaintiffs on a monthly basis. 16

5

1    Plaintiff Michael Plonsker advised Anson and Garrett that Plaintiffs were risk adverse (for

2    example, Plaintiffs had never invested in the stock market) and did not want to in any way

3    jeopardize or "put at risk" the principal that they invested in this investment opportunity. Anson

4    and Garrett represented that Plaintiffs' principal was not at risk in any manner whatsoever

5    because major well-known telephone companies owed the accounts receivable and the only

6    portion of the investment that was even possibly at risk was the amount of interest that would be

7    paid. Anson and Garrett further represented to Plaintiff Michael Plonsker that, as Plaintiffs'

8    accountants and friends, they recommended that Plaintiffs invest in this investment opportunity

9    and "guaranteed" that the principal was not at risk.

10           19.     Based on the representations of Anson and Garrett, which representations

11    were made on behalf of themselves individually, and on behalf of Cohn and Four Star (then

12    known as 900 Capital), on or about January 20, 1995, Michael Plonsker and 900 Capital entered

13    into a written agreement ("Investor Agreement #1") pursuant to which, among other things:

14           (a)    Plaintiff Michael Plonsker delivered a check in the amount of Fifty

15                  Thousand Dollars to Garrett of Anson & Garrett on behalf of 900 Capital;

16           (b)    Plaintiff Michael Plonsker was to be paid 15% interest on his investment

17                  (which later was increased to 18% interest) on a monthly basis; and

18

19           (c)    Plaintiff Michael Plonsker could request repayment of the principal amount

20                  and accrued interest upon providing thirty (30) days written notice.

21    A true and correct copy of Investor Agreement #1 is attached hereto as Exhibit A and

22    incorporated herein as if set forth in full.

23           20.     In or about October 1998, Anson and Garrett, on behalf of themselves and

24    on behalf of Four Star, Cohn and Anson & Garrett, made further representations to Plaintiff

25    Michael Plonsker (and through him to Plaintiff Lisa Plonsker) which were, among other things,

26    that their accounts receivable factoring business was performing beyond expectations, that they

27    had both individually invested a significant amount of money in Four Star, that Plaintiffs should

28
                                                    6                                      17

1    invest additional sums (especially since they did not invest in the stock market) and that they

2    guaranteed that the principal invested would not be at risk.

3            21.     Based upon such representations, on or about October 5, 1998, Plaintiff

4    Michael Plonsker entered into a second written agreement with Four Star ("Cash Flow Note #1"),

5    pursuant to which, among other things:

6          (a)   Plaintiff Michael Plonsker delivered a check in the amount of One Hundred

7                 Thousand Dollars ($100,000) to Garrett of Anson & Garrett on behalf of

8                 Four Star;

9          (b)   Interest was to be paid to Plaintiff Michael Plonsker at a rate of eighteen

10                percent (18%) per annum, with said interest being paid on a monthly basis;

11                and

12

13         (c)   At any time, upon ninety (90) days notice to Four Star, Plaintiff Michael

14                Plonsker could demand payment in full of the principal amount and any

15                interest accrued but unpaid.

16   A true and correct copy of the Cash Flow Note #1 is attached hereto as Exhibit B and

17   incorporated herein by reference as if set forth in full.

18           22.    In or about February 2000, April 2001 and January 2002, and at many

19   other times throughout the years, Anson and Garrett, individually and on behalf of Four Star,

20   FSF, Cohn and Anson & Garrett, made similar representations to Plaintiff Michael Plonsker (and

21   through him to Plaintiff Lisa Plonsker) as set forth in paragraphs 18 and 20 above, and in addition

22   represented that Four Star was performing extremely well, that over $100 million had been

23   invested in the Company by very sophisticated investors and that, in addition to the "factoring"

24   investments, they had created another type of "risk free" investment, which they described as

25   "arbitrage" investments. Said Defendants further represented and "guaranteed," among other

26   things, that the principal to be invested would not be at risk in any manner whatsoever because

27   Four Star purchased telephone long distance time from large telephone companies at a significant

28   discount and sold such time to other significant telephone companies.

                             7                          /8

23.    Based upon such representations, Plaintiffs invested the following additional sums and entered into the following written contracts:

(a)    On or about April 5, 2000, Plaintiffs Michael Plonsker and Lisa Plonsker entered into a written Investor Agreement with Four Star ("Arbitrage Agreement #1") pursuant to which, among other things:

(i)    Plaintiffs delivered to Four Star, through Garrett of Anson & Garrett, the sum of One Hundred Thousand Dollars ($100,000) which was to be invested in a specified "arbitrage" transaction referred to as the "Canadian Deal;"

(ii)    Four Star shall make payments to Plaintiffs out of money first received from said investment until Plaintiffs received an annual yield of thirty percent (30%), payable monthly;

(iii)    Plaintiffs agreed that said investment would be tied up for a minimum of 40 weeks and that Plaintiffs could thereafter demand return of the investment on six weeks notice; and

(iv)    Four Star represented that "while the principal invested is safe, the exact amount of yields generated might be speculative. Accordingly, while Four Star does guarantee the return of principal from the investment activity, it makes no guarantees or warranties concerning yield."

(b)    On or about June 15, 2001, Plaintiffs Michael Plonsker and Lisa Plonsker entered into a written Investor Agreement with Four Star ("Arbitrage Agreement #2") pursuant to which, among other things:

(i)    Plaintiffs delivered to Four Star, through Garrett of Anson & Garrett, the sum of One Hundred Thousand Dollars ($100,000), which was to be invested in a specified "arbitrage" transaction

8

COMPLAINT FOR BREACH OF CONTRACT, ETC.

referred to as "Arbitrage #4;"

(ii) Four Star shall make payments to Plaintiffs, until Four Star located an acceptable "arbitrage" investment, of interest at a rate of eighteen percent (18%) per annum and, once an acceptable "arbitrage" investment was located, interest would be paid at a rate of thirty percent (30%) per annum, with all such interest payments being made monthly;

(iii) Plaintiffs agreed that their investment shall be tied up for the duration of the contracts in which Four Star has entered or will enter into concerning the acceptable investment, which Four Star represented would be approximately one year in duration; and

(iv) Four Star represented that "while the principal invested is safe, the exact amount of yields generated might be speculative. Accordingly, while Four Star does guarantee the return of principal from the investment activity, it makes no guarantees or warranties concerning yield."

(c) On or about January 28, 2002, Plaintiff Michael Plonsker and Four Star entered into a written Investor Agreement with Four Star ("Arbitrage Agreement #3") pursuant to which, among other things:

(i) Plaintiff Michael Plonsker delivered to Four Star, FSF, through Garrett of FSF and Anson & Garrett, the sum of One Hundred Thousand Dollars ($100,000) which was to be invested in a specified "arbitrage" transaction referred to as "Arbitrage #7;"

(ii) Four Star shall make payments to Plaintiff, until Four Star located an acceptable "arbitrage" investment, of interest at a rate of eighteen percent (18%) per annum and, once an acceptable

9

20

"arbitrage" investment was located, interest would be paid at a rate of thirty percent (30%) per annum, with all such interest payments being made monthly;

(iii)    Plaintiff agreed that his investment shall be tied up for the duration of the contracts in which Four Star has entered or will enter into concerning the acceptable investment, which Four Star represented would be approximately one year in duration; and

(iv)    Four Star represented that "while the principal invested is safe, the exact amount of yields generated might be speculative. Accordingly, while Four Star does guarantee the return of principal from the investment activity, it makes no guarantees or warranties concerning yield."

True and correct copies of Arbitrage Agreement #1, Arbitrage Agreement #2 and Arbitrage Agreement #3 are attached hereto as Exhibits C, D and E, respectively, and incorporated herein as if set forth in full.

24.    Based on the representations set forth hereinabove, Plaintiff Lisa Plonsker, as trustee of the Trust, entered into the following written contracts:

(a)    On or about June 23, 2000, Plaintiff Lisa Plonsker, on behalf of the Trust, and Four Star entered into a written Cash Flow Note with Four Star ("Cash Flow Note #2"), pursuant to which, among other things:

(i)    The Trust delivered to Four Star, through Garrett of Anson & Garrett, the sum of Ten Thousand Dollars ($10,000.00);

(ii)    Interest was to be paid to the Trust at a rate of eighteen percent (18%) per annum with said interest being accrued on a monthly basis; and

(iii)    At any time upon ninety (90) days' notice to Four Star, the Trust

10

21

COMPLAINT FOR BREACH OF CONTRACT, ETC.

1    could demand payment in full of the principal amount and any

2    interest accrued but unpaid.

3    (b)    On or about April 23, 2001, Plaintiff Lisa Plonsker, on behalf of the Trust,

4    entered into a written Investor Agreement with Four Star ("Arbitrage

5    Agreement #4") pursuant to which, among other things:

6
       (i)    The Trust delivered to Four Star, through Garrett of Anson &

7           Garrett, the sum of Seven Thousand Five Hundred Dollars

8           ($7,500.00) which was to be invested in a specified "Arbitrage"

9           transaction;

10
       (ii)    Four Star shall make payments to the Trust until Four Star located

11           an acceptable "Arbitrage" investment, of interest at a rate of

12           eighteen percent (18%) per annum, and once an acceptable

13           "Arbitrage" investment was located, interest would be paid at a rate

14           of thirty percent (30%) per annum, with all such interest payments

15           being accrued monthly;

16
       (iii)    Plaintiffs agreed that their investment shall be tied up for the

17           duration of the contracts in which Four Star has entered or will

18           enter in to concerning the acceptable investment, which Four Star

19           represented would be approximately one year in duration; and

20

21           (iv)    Four Star represented that "while the principal invested is safe, the

22           exact amount of yields generated might be speculative.

23           Accordingly, while Four Star does guarantee the return of principal

24           from the investment activity, it makes no guarantees or warranties

25           concerning yield."

26
   (c)    On or about June 2, 2001, Plaintiff Lisa Plonsker, on behalf of the Trust,

27    and Four Star entered into a written Cash Flow Note with Four Star ("Cash

28

11

22

COMPLAINT FOR BREACH OF CONTRACT, ETC.

Flow Note #3"), pursuant to which, among other things:

    (i)    The Trust delivered to Four Star, through Garrett of Anson & Garrett, the sum of Five Thousand Five Hundred Dollars ($5,500.00);

    (ii)   Interest was to be paid to the Trust at a rate of eighteen percent (18%) per annum with said interest being accrued on a monthly basis; and

    (iii)  At any time upon ninety (90) days' notice to Four Star, the Trust could demand payment in full of the principal amount and any interest accrued but unpaid.

(d)    On or about May 8, 2002, Plaintiff Lisa Plonsker, on behalf of the Trust, and Four Star entered into a written Cash Flow Note with Four Star ("Cash Flow Note #4"), pursuant to which, among other things:

    (i)    The Trust delivered to Four Star, through Garrett of Anson & Garrett, the sum of Six Thousand Dollars ($6,000.00);

    (ii)   Interest was to be paid to the Trust at a rate of eighteen percent (18%) per annum with said interest being accrued on a monthly basis; and

    (iii)  At any time upon ninety (90) days' notice to Four Star, the Trust could demand payment in full of the principal amount and any interest accrued but unpaid.

(e)    On or about June 27, 2002, Plaintiff Lisa Plonsker, on behalf of the Trust, and Four Star entered into a written Cash Flow Note with Four Star ("Cash Flow Note #5"), pursuant to which, among other things:

    (i)    The Trust delivered to Four Star, through Garrett of Anson & Garrett, the sum of Five Thousand Dollars ($5,000.00);

12

23

COMPLAINT FOR BREACH OF CONTRACT, ETC.

(ii)  Interest was to be paid to the Trust at a rate of eighteen percent (18%) per annum with said interest being accrued on a monthly basis; and

(iii)  At any time upon ninety (90) days' notice to Four Star, the Trust could demand payment in full of the principal amount and any interest accrued but unpaid.

25.    True and correct copies of Cash Flow Note #2, Arbitrage Agreement #4, Cash Flow Note #3, Cash Flow Note #4, Cash Flow Note #5, are attached hereto as Exhibits F, G, H, I and J, respectively, and incorporated herein as if set forth in full.

26.    Hereafter, the agreements referred to as Investor Agreement #1, Cash Flow Note #1, Cash Flow Note #2, Cash Flow Note #3, Cash Flow Note #4, Cash Flow Note #5, Arbitrage Agreement #1, Arbitrage Agreement #2, Arbitrage Agreement #3 and Arbitrage Agreement #4 shall be collectively referred to as "the Agreements."

## FIRST CAUSE OF ACTION

**(For Breach of Written Contracts Against Four Star, FSF, Anson, Garrett, Cohn, Gronimof, G&A, Anson & Garrett, and Does 1 through 250, inclusive)**

27.    Plaintiffs repeat and reallege as if fully set forth herein each and every allegation contained in paragraphs 1 through 26, inclusive, of this Complaint.

28.    Plaintiffs have fully performed all of the conditions and each and every act required to be performed on their part in accordance with the terms of the Agreements.

29.    On or about February 11, 2003, Plaintiffs demanded that Four Star pay in full all amounts owed to Plaintiffs pursuant to the Agreements and all interest due pursuant to the terms thereof. Four Star has failed and refused to make such payments to Plaintiffs.

30.    Plaintiffs have been damaged as a result of Defendants' breach of the Agreements in the amount of Four Hundred Eighty-Four Thousand Dollars ($484,000.00), plus all accrued interest with daily interest accruing thereon pursuant to the terms of the Agreements.

///

13

COMPLAINT FOR BREACH OF CONTRACT, ETC.

## SECOND CAUSE OF ACTION

(For Fraudulent Misrepresentation and Conspiracy Against All Defendants and Does 1 through 500, inclusive)

31.    Plaintiffs repeat and reallege as if fully set forth herein each and every allegation contained in paragraphs 1 through 30, inclusive, of this Complaint.

32.    Plaintiffs are informed and believe and thereon allege as more particularly alleged in paragraphs 18, 20 and 22, above, that Defendants Anson, Garrett and Anson & Garrett, and each of them, on behalf of themselves individually and on behalf of, as alter egos of or in conspiracy with the other Defendants, and each of them, intentionally misrepresented material facts concerning Four Star's business activities, legal status, financial condition, investment activities and intentions with respect to the Agreements entered into by Plaintiffs.  The misrepresentations by said Defendants include, but are not limited to, the allegations set forth above, as well as additional representation over the years at numerous times that Four Star was and had engaged in only lawful business activities, was financially sound and successful, was not subject to any legal actions, would utilize the funds loaned by Plaintiffs for investment in the specified telecommunications activities and would repay funds loaned by Plaintiffs, with interest thereon, on demand by Plaintiffs.

33.    Plaintiffs are informed and believe and thereon allege, that between 1995 and 2000, Defendant Cato began conspiring with Defendants Anson, Cohen, Garrett, Four Star and/or FSF to make the misrepresentations to investors, including Plaintiffs, that are set forth herein for the purpose of inducing investors like Plaintiffs to invest money in Four Star and FSF so that said money could be diverted for their own benefits.

34.    Plaintiffs are informed and believe and thereon allege, contrary to the representations made to Plaintiffs by Defendants, that:

(a)    Defendants never intended to invest Plaintiffs' money in the investments represented;

14

COMPLAINT FOR BREACH OF CONTRACT, ETC.

(b)  Defendants never intended to guarantee Plaintiffs' principal investment or that the principal investment would not be at risk;

(c)  Defendants intended to divert Plaintiffs' investments to their own benefit and the benefit of companies owned and controlled by them;

(d)  Defendants did not have the experience, competence and/or intent to manage a large investment fund;

(e)  Defendants had engaged in mail and wire fraud in connection with a telemarketing scheme whereby thousands of consumers were defrauded of tens of millions of dollars;

(f)  Four Star was not financially sound and was not able to guarantee the repayment of principal amounts invested and was subject to significant legal actions;

(g)  Defendants knew that they were under investigation by federal and state authorities in connection with a fraudulent telemarketing scheme;

(h)  In or about 2001, Four Star, Cohn and several of Four Star's business associates were indicted for mail and wire fraud in connection with a telemarketing scheme by a federal grand jury in Maryland;

(i)  Four Star was not financially sound and successful, Four Star was insolvent and unable, or on the verge of being unable, to pay its obligations as they became due; Four Star's assets were relatively worthless; and Four Star had no revenues and no reasonable prospects of generating any revenues;

(j)  Defendants secretly had been engaged in a fraudulent transaction referred to by them as the "Argentinean transaction." Through the Argentinean transaction, Defendants have undertaken to convert the assets of Four Star through an elaborate ruse ostensibly involving the transfer of tens of millions of dollars of investment in Four Star (including Plaintiffs'

15

investments) through banks and other entities allegedly located in England, Canada, Saudi Arabia, Georgia and Argentina; the death of a Virginia attorney in a hotel room in Buenas Aires; and Cato. Defendants, on behalf of themselves and each other, represented that there was a veil of secrecy surrounding the Argentinean Transaction and warned Plaintiffs and other investors that if anyone tried to directly confirm the existence of the transaction, the transaction and all the money would be lost;

(k)    Defendants, or each of them, were secretly engaged in a "Ponsi scheme" whereby they illegally and fraudulently solicited, obtained and used money provided by new investors in Four Star, including Plaintiffs, to pay interest and returns to prior investors in Four Star;

(l)    Four Star utilized Plaintiffs' money in furtherance of and to defend its unlawful schemes; and

(m)    Defendants had no intention to repay Plaintiffs' money to them and knew that Four Star had no reasonable prospect of being able to repay such investments.

35.    In or about June 2003, Four Star and Cohn were convicted on more than 50 counts of mail fraud, wire fraud and conspiracy.

36.    Defendants, and each of them, acting as agents for and on behalf of or as alter egos of each other, made the above representations with the intent that Plaintiffs would rely on the representations. At the time Defendants made the above representations and/or concealments, they knew the representations were false and made the representations with the intent of inducing Plaintiffs to enter into the Agreements.

37.    In entering each of the Agreements, in forbearing on demanding earlier repayment and in forbearing on taking earlier legal action, Plaintiffs did, in fact, rely upon the representations, and each of them, and reasonably believed that the representations were true.

16

COMPLAINT FOR BREACH OF CONTRACT, ETC.

1    Had Plaintiffs known the above representations were false, they would not have taken such

2    actions.

3         38.    As a direct and proximate result of the above-described fraudulent and

4    deceitful representations made by Defendants, and each of them, on behalf of themselves and

5    each other, Plaintiffs have been damaged in an amount in excess of the jurisdictional limits of this

6    Court, the exact amount to be proven at the time of trial.

7         39.    The above-described conduct of the Defendants, and each of them, was

8    made individually on behalf of each other and in conspiracy with each of the other Defendants

9    and in the course and scope of their employment as officers, members, directors and/or managing

10   agents of the other Defendants. Further, the above-described conduct of Defendants, and each of

11   them, and such conduct was expressly or implicitly ratified as agent for and on behalf of the other

12   Defendants, was willful and intentional and done with fraud, oppression and malice, and was

13   done with a conscious disregard of Plaintiffs' rights and interests, such that the conduct warrants

14   the imposition of punitive damages against Defendants, and each of them, in a sum appropriate to

15   punish Defendants, and each of them, and to deter them from engaging in future similar

16   misconduct, the actual sum subject to proof at the time of trial.

17                        **THIRD CAUSE OF ACTION**

18       **(For Negligent Misrepresentation Against All Defendants (except Cato) and**

19                     **Does 1 through 500, inclusive)**

20        40.    Plaintiffs repeat and reallege as if fully set forth herein each and every

21   allegation contained in paragraphs 1 through 39, inclusive, of this Complaint.

22        41.    Defendants, and each of them, acting as agents for and on behalf of or as

23   alter egos of each other, owed Plaintiffs a duty to provide Plaintiffs with information that was not

24   false and misleading based upon their relationship with Plaintiffs.

25        42.    Defendants, and each of them, knew, or should have known, that Plaintiffs

26   would rely upon the information provided to them by Defendants, and each of them.

27        43.    As a direct and proximate result of the above-described representations

28   made by Defendants, and each of them, on behalf of themselves and each other, Plaintiffs have

17

COMPLAINT FOR BREACH OF CONTRACT, ETC.

1  been damaged in an amount in excess of the jurisdictional limits of this Court, the exact amount

2  to be proven at the time of trial.

3  ### FOURTH CAUSE OF ACTION

4  (For Fraudulent Concealment and Conspiracy Against All Defendants and

5  Does 1 through 500, inclusive)

6      44.    Plaintiffs repeat and reallege as if fully set forth herein each and every

7  allegation contained in paragraphs 1 through 43, inclusive, of this Complaint.

8      45.    Beginning at an uncertain time in or after 1995 and continuing through and

9  including 2003, Defendants Anson, Garrett, Anson & Garrett, and each of them, individually and

10 on behalf of, as alter egos of or in conspiracy with the other Defendants, in addition to the facts

11 alleged in paragraph 34 above, concealed the following facts from Plaintiffs:

12      (a)    The criminal conduct of Four Star and its managing agents;

13      (b)    The criminal indictment of Four Star and Mark Cohn;

14

15      (c)    The cash flow and liquidity problems of Four Star;

16      (d)    The investment of Plaintiffs' and other investors' money by Defendants in

17             investments other than the telecommunications transactions discussed

18             above;

19      (e)    The Argentinean transaction was a fraud;

20      (f)    The investments received from Plaintiffs would not be used for purposes

21             expressly explained by Defendants, and each of them, but instead would be

22             diverted to meet other non-disclosed liabilities and liquidity shortfalls.

23

24      (g)    Defendants, and each of them, were receiving significant sums from Four

25             Star;

26      (h)    Four Star had many civil claims against it;

27

28

18

COMPLAINT FOR BREACH OF CONTRACT, ETC.

(i)     Investors had withdrawn or attempted to withdraw their money based upon facts that they discovered and/or the deteriorating financial condition of Four Star;

(j)     In or about 2002, another of Four Star's co-defendants in the Maryland criminal action was convicted of mail and wire fraud, money laundering and criminal conspiracy, and another co-defendant was convicted of mail and wire fraud and of criminal conspiracy; and

(k)     Four Star claimed that it was insolvent to certain creditors.

46.    Plaintiffs are informed and believe, and thereon allege that at all relevant times Defendants, and each of them, acting on behalf of themselves and each of the other Defendants, knew that Plaintiffs were not aware of the facts concealed as alleged hereinabove. Defendants allowed and encouraged Plaintiffs to believe that their investments were safe and were not at risk.

47.    Plaintiffs are informed and believe, and thereon allege that at the time Defendants made the foregoing representations and concealed the foregoing facts, Defendants knew that said representations and concealments were material and were false in that, among other things, Plaintiffs' investments were at risk, new money invested by Plaintiffs was being paid as interest to other investors and the chance of Plaintiffs recovering the principal amount of their investment was in jeopardy.

48.    Plaintiffs are informed and believe, and thereon allege that the Defendants were aware that Defendants had superior knowledge compared to Plaintiffs and that Defendants knew and intended that Plaintiffs would rely on Defendants' misrepresentations and omissions in investing additional sums as well as in not demanding return of the principal that they had previously invested. As Defendants expected and intended, Plaintiffs relied upon Defendants' misrepresentations and omissions.

49.    Until approximately June 2003, based upon Defendants' concealment of the true facts and their true intentions, Plaintiffs understood and believed Defendants' promises

19

1    and representations and were unaware of Defendants' true intent to deceive and defraud

2    Plaintiffs.

3        50.     Plaintiffs' reliance on Defendants' misrepresentations and omissions was

4    reasonable under the circumstances in that Plaintiffs had no knowledge of Defendants' true intent

5    and had no reason to disbelieve Defendants.

6        51.     As a direct and proximate result of Defendants', and each of their,

7    fraudulent representations and concealments, Plaintiffs have been damaged in an amount in

8    excess of the jurisdictional limits of this Court the exact amount to be proven at trial.

9        52.     The above-described conduct of the Defendants, and each of them, was

10    made individually on behalf of each other and in conspiracy with each of the other Defendants

11    and in the course and scope of their employment as officers, members, directors and/or managing

12    agents of the other Defendants and such conduct was expressly or implicitly ratified as agent for

13    and on behalf of the other Defendants. Further, the above-described conduct of Defendants, and

14    each of them, was willful and intentional and done with fraud, oppression and malice, and was

15    done with a conscious disregard of Plaintiffs' rights and interests, such that the conduct warrants

16    the imposition of punitive damages against Defendants, and each of them, in a sum appropriate to

17    punish Defendants, and each of them, and to deter them from engaging in future similar

18    misconduct, the actual sum subject to proof at the time of trial.

19    **FIFTH CAUSE OF ACTION**

20    **(For Breach of Fiduciary Duty Against Anson, Garrett, Anson & Garrett and Four Star,**

21    **FSF, Gronimof, G&A and Does 1 through 500, inclusive)**

22        53.     Plaintiffs repeat and reallege as if fully set forth herein each and every

23    allegation contained in paragraphs 1 through 52, inclusive, of this Complaint.

24        54.     Anson, Garrett and Anson & Garrett are Plaintiffs' fiduciaries by reason of

25    their representation of Plaintiffs as their accountants.

26        55.     Plaintiffs are informed and believe, and thereon allege that Defendants

27    Anson, Garrett and Anson & Garrett have breached their fiduciary duties to Plaintiffs by

28    advancing their interests at the expense of Plaintiffs as hereinabove alleged.

20

56.     As a direct and proximate result of the breaches of fiduciary duty by Defendants Anson, Garrett and Anson & Garrett, as alleged hereinabove, Plaintiffs have been damaged in an amount, which is in excess of the jurisdictional limits of the Court, the exact amount to be proven at trial.

57.     The above-described conduct of the Defendants, and each of them, was made individually on behalf of each other and in conspiracy with each of the other Defendants and in the course and scope of their employment as officers, members, directors and/or managing agents of the other Defendants, and such conduct was expressly or implicitly ratified as agent for and on behalf of the other Defendants. Further, the above-described conduct of Defendants, and each of them, was willful and intentional and done with fraud, oppression and malice, and was done with a conscious disregard of Plaintiffs' rights and interests, such that the conduct warrants the imposition of punitive damages against Defendants, and each of them, in a sum appropriate to punish Defendants, and each of them, and to deter them from engaging in future similar misconduct, the actual sum subject to proof at the time of trial.

## SIXTH CAUSE OF ACTION

**(For Negligence Against Defendants Anson, Garrett, Anson & Garret, Gronimof, Four Star, FSF, G&A and Does 1 through 500, inclusive)**

58.     Plaintiffs repeat and reallege as if fully set forth herein each and every allegation contained in paragraphs 1 through 57, inclusive, of this Complaint.

59.     As accountants in an accounting firm providing services to Plaintiffs, Defendants Anson, Garrett and Anson & Garrett at all relevant times owed a duty to Plaintiffs to use reasonable care and professional competence.

60.     Defendants Anson, Garrett and Anson & Garrett made certain representations to Plaintiffs without any reasonable basis for believing them to be true at the time that they were made and, in addition, failed to take corrective action when the untruth became manifested as alleged herein.

61.     Defendants Anson, Garrett and Anson & Garrett breached their duties to Plaintiffs.

21

COMPLAINT FOR BREACH OF CONTRACT, ETC.

1    62.    Plaintiffs reasonably relied upon the representations of said Defendants and

2    invested the money hereinabove alleged.

3    63.    As a direct and proximate result of Defendants', and each of their, actions,

4    Plaintiffs have been damaged in an amount, which is in excess of jurisdictional limits of the

5    Court, the exact amount to be proven at trial.

6    ## SEVENTH CAUSE OF ACTION

7    **(For Conversion and Conspiracy to Convert Against All Defendants,**

8    **and Does 1 through 100, inclusive)**

9    64.    Plaintiffs repeat and reallege as if fully set forth herein each and every

10    allegation contained in paragraphs 1 through 63, inclusive of this Complaint.

11    65.    Plaintiffs invested specified sums of money with Defendant Four Star.

12    66.    Beginning at an unknown time and continuing through the present,

13    Defendants, and each of them, misappropriated and converted for their own use and possession,

14    without Plaintiffs' consent, specific amounts entrusted to them in the amount of Four Hundred

15    Eighty-Four Thousand Dollars ($484,000.00).

16    67.    Plaintiffs have the right to immediate possession of the specific funds

17    invested.

18    68.    As a direct and proximate result of Defendants' conversion of the specific

19    funds of Plaintiffs, Plaintiffs have been damaged in the amount of Four Hundred Eighty-Four

20    Thousand Dollars ($484,000.00), plus interest.

21    69.    The above-described conduct of the Defendants, and each of them, was

22    made individually on behalf of each other and in conspiracy with each of the other Defendants

23    and in the course and scope of their employment as officers, members, directors and/or managing

24    agents of the other Defendants, and such conduct was expressly or implicitly ratified as agent for

25    and on behalf of the other Defendants.  Further, the above-described conduct of Defendants, and

26    each of them, was willful and intentional and done with fraud, oppression and malice, and was

27    done with a conscious disregard of Plaintiffs' rights and interests, such that the conduct warrants

28    the imposition of punitive damages against Defendants, and each of them, in a sum appropriate to

22

1   punish Defendants, and each of them, and to deter them from engaging in future similar

2   misconduct, the actual sum subject to proof at the time of trial.

3                              EIGHTH CAUSE OF ACTION

4       (To Set Aside Fraudulent Transfer Against All Defendants (except Cato), and

5                              Does 1 through 100, inclusive)

6               70.     Plaintiffs repeat and reallege as if fully set forth herein each and every

7   allegation contained in paragraphs 1 through 69, inclusive of this Complaint.

8               71.     Plaintiffs are informed and believe and thereon allege that Defendants, or

9   each of them, transferred money or other assets to each other or Does 1 through 500, inclusive,

10  and that such transfers are fraudulent as to Plaintiffs since such transfers were made without

11  receiving a reasonably equivalent value in exchange for the transfer and/or since Defendants, or

12  each of them, were insolvent at the time or became insolvent as a result of such transfers.

13              72.     Plaintiffs are informed and believe and thereon allege that said transfers

14  were made with knowledge and were intended to hinder, delay or defraud the collection of

15  Plaintiffs' claims.

16              WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them,

17  as follows:

18  **AS TO THE FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT:**

19              1.      For compensatory damages according to proof at trial, plus interest.

20  **AS TO THE SECOND CAUSE OF ACTION FOR FRAUDULENT**

21  **MISREPRESENTATION:**

22              2.      For compensatory damages according to proof at trial, plus interest.

23              3.      For punitive or exemplary damages in an appropriate amount to be

24  determined at trial.

25  **AS TO THE THIRD CAUSE OF ACTION FOR NEGLIGENT MISREPRESENTATION:**

26              4.      For compensatory damages according to proof at trial, plus interest.

27  **AS TO THE FOURTH CAUSE OF ACTION FOR FRAUDULENT CONCEALMENT:**

28              5.      For compensatory damages according to proof at trial, plus interest.

                                    23

1           6.      For punitive or exemplary damages in an appropriate amount to be

2  determined at trial.

3  **AS TO THE FIFTH CAUSE OF ACTION FOR NEGLIGENT MISREPRESENTATION:**

4           7.      For compensatory damages according to proof at trial, plus interest.

5  **AS TO THE SIXTH CAUSE OF ACTION FOR NEGLIGENCE:**

6           8.      For compensatory damages according to proof at trial, plus interest.

7  **AS TO THE SEVENTH CAUSE OF ACTION FOR CONVERSION:**

8           9.      For the value of the property converted in the amount of Four Hundred

9  Eighty-Four Thousand Dollars ($484,000.00), plus interest;

10          10.     For punitive or exemplary damages in an amount to be determined at trial.

11  **AS TO THE EIGHTH CAUSE OF ACTION TO SET ASIDE FRAUDULENT**

12  **TRANSFER:**

13          11.     For an order that the money or any other assets transferred be set aside to

14  the extent necessary to satisfy Plaintiffs' claim;

15          12.     That a temporary retraining order and preliminary injunction be issued

16  prohibiting further disposition by Defendants, or each of them, or their transferees, or both, of the

17  amount claimed for herein;

18          13.     That an order be made declaring that Defendants FSF, Anson, Garrett,

19  Cohn, Anson & Garrett, Gronimof and G&A hold the funds described above in trust.

20  **ON ALL CAUSES OF ACTION:**

21          14.     For reasonable attorneys' fees according to proof;

22          15.     For costs of suit herein; and

23          16.     For such other and further relief as the Court may deem just and proper.

24  DATED: October/_D_ , 2003     ALSCHULER GROSSMAN STEIN & KAHAN LLP

25

26                By:_____

27                  Michael J. Plonsker
                    Attorneys for Plaintiffs MICHAEL J. PLONSKER and

28                    LISA PLONSKER

24

**EXHIBIT 9**

1   Jon Ferrara, Individually
    and as Trustee of the Ferrara Living Trust
2   Arleen Ferrara, Individually
    and as Trustee of the Ferrara Living Trust
3   502 16th Street
    Santa Monica, California 90402
4   Tel. (310) 393-2655
    Fax. (310) 451-0217
5   IN PROPIA PERSONA

**FILED**
LOS ANGELES SUPERIOR COURT

OCT 1 4 2003

JOHN A. CLARKE, CLERK

BY_____
            LUNG VAN VO, DEPUTY

7

8                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                        **FOR THE COUNTY OF LOS ANGELES**

10   JON and ARLEEN FERRARA, Individually   )   Case No.      BC304180
     and as Trustees of the FERRARA LIVING  )
11   TRUST,                                  )   COMPLAINT FOR PROFESSIONAL
                                             )   NEGLIGENCE AND BREACH OF
12                 Plaintiffs,               )   FIDUCIARY DUTY
                                             )
13        vs.                                )
                                             )
14   GEORGINA ASSET MANAGEMENT, LLC, )
     a California limited liability company, )
15   ROBERT LIPP, an individual,            )
     WINDERMERE INVESTMENT                  )
16   ASSOCIATES, INC., an Oregon corporation, )
     and DOES 1-20, inclusive.             )
17                                           )
                   Defendants.               )
18   _____)

19

20        Plaintiffs Jon and Arleen Ferrara, Individually and as Trustees of the Ferrara Living Trust

21   ("**Ferrara Trust**") (collectively "**Plaintiffs**"), hereby allege claims against defendants Georgina

22   Asset Management, LLC ("**Georgina**"), Robert Lipp ("**Lipp**"), Windermere Investment

23   Associates, Inc., ("**Windermere**") and Does 1 through 20 (collectively "**Defendants**"), as

     follows:

24        1.    Plaintiff Jon Ferrara is, and at all times herein mentioned was, an individual

25   residing in Santa Monica, California.

26        2.    Plaintiff Arleen Ferrara is, and at all times herein mentioned was, an individual

27   residing in Santa Monica, California.

28

                                            1
                                        COMPLAINT

3.      Plaintiffs Jon and Arleen Ferrara are Trustees of the Ferrara Trust. The Ferrara Trust was formed under the laws of the State of California and the Ferrara Trust's situs is California.

4.      Plaintiffs are informed and believe, and on that basis allege that at all times mentioned herein that Defendant Georgina was and is a California limited liability company with its principal place of business in Santa Monica, California.

5.      Plaintiffs are informed and believe, and on that basis allege that at all times mentioned herein that Defendant Lipp was and is an individual residing in Los Angeles County, California.

6.      Plaintiffs are informed and believe, and on that basis allege that at all times mentioned herein that Defendant Windermere was and is an Oregon corporation with its principal place of business in Portland, Oregon.

7.      The true names and capacities of DOES 1 through 20, inclusive, whether individual, corporate, associate or otherwise are unknown to Plaintiffs who therefore sue said Defendants by such fictitious names, and will amend this Complaint to show the true names and capacities thereof when the same have been ascertained. DOES 1 through 5, inclusive, are officers, directors, and/or employees of Windermere. DOES 6 through 10 are entities or persons affiliated with Windermere.

8.      Plaintiffs are informed and believe and on that basis allege that each of the Defendants, including those named as DOES, are the agents, servants and employees of each of the other Defendants, and in doing the things herein alleged, each acted within the course and scope of said agency and employment and with full knowledge and consent of each of the remaining Defendants.

## COMMON ALLEGATIONS

9.      Jon and Arleen Ferrara, individually and as trustees of the Ferrara Trust, hired Georgina and Lipp to provide investment advisory services in or about June 2000.

10.     Georgina's Uniform Application For Investment Advisor Registration, filed with the Securities Exchange Commission, states that Georgina would "rely heavily on the use of

2

COMPLAINT

models and recommendations supplied by Windermere Investment Associates, Inc." (Georgina's Form ADV p. 3.) Plaintiffs are informed and believe that Windermere provided advice and recommendations to them through Lipp regarding their investments, individually and as trustees of the Ferrara Trust.

## FIRST CAUSE OF ACTION

## NEGLIGENCE

### (Against All Defendants)

11.    Plaintiffs reallege paragraphs 1 through 10, and by reference thereto, incorporate the same as though fully set forth herein.

12.    Georgina, Lipp, and Windermere provided investment advice to Plaintiffs. Defendants had a duty to use such skill, prudence and diligence as investment advisors would commonly posses in handling the funds and investment decisions of clients such as Plaintiffs.

13.    The Defendants, and each of them, breached that duty by negligently: (1) failing to invest Plaintiffs money in secure investments that promised a stable rate of return; (2) causing Plaintiffs' money to be invested in Four Star Financial Services, Inc. (**"Four Star"**); (3) failing to report accurately the speculative nature of the investment; and (4) failing to take corrective action when it would have been apparent to other reasonable investment advisors that plaintiffs' portfolio should be reallocated.

14.    The Defendants' breaches of their duties to Plaintiffs proximately caused injuries to Plaintiffs, and each of them in an amount no less than the jurisdictional limit of this Court.

15.    Plaintiffs did not discover the negligence or the actual harm until 2003.

## SECOND CAUSE OF ACTION

## BREACH OF FIDUCIARY DUTY

### (Against All Defendants)

16.    Plaintiffs reallege paragraphs 1 through 15, and by reference thereto, incorporate the same as though fully set forth herein.

17.    There existed at all relevant times a fiduciary relationship between Georgina, Lipp and Windermere, on the one hand, and Plaintiffs, on the other hand. Defendants were

3

1    investment advisors to Plaintiffs, and Plaintiffs relied on Defendants to advise them and invest

2    their money prudently.  Plaintiffs further relied on Defendants to execute that strategy in a

3    manner that achieved Plaintiffs' long-term goals.

4          18.    Defendants negligently breached their fiduciary duty to Plaintiffs by their acts

5    leading to Plaintiffs' investment in Four Star.  Defendants had a duty to use such skill, prudence

6    and diligence as investment advisors would commonly possess in providing advice and making

7    investment decisions for Plaintiffs.

8          19.    As a result of Defendants' breaches, Plaintiffs suffered damages in an amount no

9    less than the jurisdictional limit of this Court when Four Star failed and caused Plaintiffs to lose

10   their investment.

11         20.    Plaintiffs did not discover the negligence or the actual harm until 2003.

12         WHEREFORE, Plaintiffs pray for judgment against the Defendants, and each of them, as

13   follows:

14   FOR THE FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS:

15         1.    For compensatory damages in an amount according to proof at trial, but no less

16               than the jurisdictional limit of this court.

17         2.    For interest thereon at the legal rate and according to proof;

18         3.    For costs of suit;

19         4.    Attorney's fees; and

20         5.    For such other and further relief as the Court may deem just and proper.

21

22   FOR THE SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS:

23         1.    For compensatory damages in an amount according to proof at trial, but no less

24               than the jurisdictional limit of this court.

25         2.    For interest thereon at the legal rate and according to proof;

26         3.    For a return of all monies paid for services to any of the Defendants;

27         4.    For costs of suit;

28         5.    Attorney's fees; and

4

COMPLAINT

6. For such other and further relief as the Court may deem just and proper.

DATED: October 10, 2003                    IN PROPIA PERSONA

By: _____
    Jon Ferrara, Individually and as Trustee of
    the Ferrara Living Trust.

DATED: October 10, 2003                    IN PROPIA PERSONA

By: _____
    Arleen Ferrara, Individually and as Trustee
    of the Ferrara Living Trust.

5

COMPLAINT

| SHORT TITLE: FERRARA, et. al. vs. GEORGINA ASSET MGMT., INC., et. al. | CASE NUMBER: BC304180 |
|---|---|

### CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required in all new civil case filings in the Los Angeles Superior Court**

I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☐ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL_____ ☐ HOURS/ ☐ DAYS.

II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to No. III, Pg. 4):

   1 After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column 1, the Civil Case Cover Sheet case type you selected.

   2 Check **one** Superior Court type of action in Column 2 below which best describes the nature of this case.

   3 In Column 3, circle the reason for the court location choice that applies to the type of action you have checked.

| Applicable Reasons for Choosing Courthouse Location (See Column 3 below) |
|---|

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Inj/Prop.Damage)
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

   4 Fill in the information requested on page 4 in item III; complete Item IV. Sign the certificate.

| | -1-<br>Civil Case Cover Sheet<br>Category No. | -2-<br>Type of Action<br>(Check only one) | -3-<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Veh. - Pers. Injury/Prop. Dam./Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Pers. Inj/Prop. Dam./Wrongful Death - Unins. Motorist | 1., 2., 4. |
| **Other PI/PD/WD Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other PI/PD/WD (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7271  Negligent Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Dam./Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 3.<br>1., 2., 4. |
| **Non-PI/PD/WD Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Intellectual Property (19) | ☐ A6016  Intellectual Property | 2., 3. |

| SHORT TITLE: FERRARA, et. al. vs. GEORGINA ASSET MGMT., INC. et. al. | | CASE NUMBER |
|---|---|---|

| | -1- Civil Case Cover Sheet Category No. | -2- Type of Action (Check only one) | -3- Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Non-PI/PD/WD Tort (Cont.)** | Prof. Negligence (25) | ☐ A6017  Legal Malpractice<br>☒ A6050  Other Professional Malpractice (not medical or legal) | 1., 2.. 3.<br>1., ②. 3. |
| | Oth Non-PI/PD/WD Tort (35) | ☐ A6025  Other Non-PI/PD/WD Tort - Intentional<br>☐ A6026  Other Non-PI/PD/WD Tort - Negligence | 2., 3.<br>2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not UD or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff(no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractural Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Emnt Dom/Inv. Cond. (14) | ☐ A7300  Eminent Domain/Condemnation   Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property(not em. domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unl. Det.-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unl. Det.-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unl. Det.-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**  LASC Rule 2.0

CIV 109  09-03

| SHORT TITLE: FERRARA, et. al. vs. GEORGINA ASSET MGMT,, INC., et. al. | CASE NUMBER |
|---|---|

| | -1-<br>Civil Case Cover Sheet<br>Category No. | -2-<br>Type of Action<br>(Check only one) | -3-<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm Arbitration | 2., 5. |
| | Writ of Mandate<br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Oth. Jud. Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litig.** | Antitrust/Trade Reg. (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Inv. Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litig. (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Tox. Tort/Envronm (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Ins Clms - Complx Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Misc. Civil Petitions  Misc. Civ. Cmplts** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040   Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| | Partnership/Corp.<br>Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9<br>2., 3., 9<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

-4-

| SHORT TITLE: FERRARA, et. al. vs. GEORGINA ASSET MGMT., INC., et. al. | CASE NUMBER |
| --- | --- |

**III. Statement of Location:** Enter the address of the accident, party residence or place of business, performance, or other circumstance indicated in No. II., Item 3 on Page 1 as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER ITEM -3- WHICH APPLIES IN THIS CASE | | ADDRESS: |
| --- | --- | --- |
| ☐1. ☒2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | | 111 North Hill Street |
| CITY: Los Angeles | STATE: CA  ZIP CODE: 90012 | |

**IV. Certificate/Declaration of Assignment:** The undersigned hereby certifies and declares that the above entitled matter is properly filed for assignment to the ___County___ courthouse in the ___Central___ District of the Los Angeles Superior Court under Section 392 et seq., Code of Civil Procedure and Rule 2(b), (c) and (d) of this court for the reason checked above. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and this declaration was executed on ___10/10/03___ at __Santa Monica,__ California.

(date)　　　　　　　(city)

(SIGNATURE OF ATTORNEY/FILING PARTY)

## New Civil Case Filing Instructions

This addendum form is required so that the court can assign your case to the correct courthouse location in the proper district for filing and hearing. It satisfies the requirement for a certificate as to reasons for authorizing filing in the courthouse location, as set forth in Los Angeles Superior Court Local Rule 2.0. It must be completed and submitted to the court along with the Civil Case Cover Sheet and the original Complaint or Petition in ALL civil cases filed in any district (including the Central District) of the Los Angeles County Superior Court. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

---

**PLEASE HAVE THE FOLLOWING DOCUMENTS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

---

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk (Summons forms available at the Forms Counter.).

3. Civil Case Cover Sheet form required by California Rule of Court 982.2(b)(1), completely filled out (Cover Sheet forms available at the Forms Counter).

4. This "Addendum to Civil Case Cover Sheet" form [Superior Court Form Number CIV 109, revised 09-03], completely filled out (Item II. does not apply in limited civil cases) and submitted with the Civil Case Cover Sheet.*

5. Payment in full of the filing fee (unless filing on behalf of state or local government or no fee is due for the type of case being filed) or an Order of the Court waiving payment of filing fees in forma pauperis (fee waiver application forms available at the Filing Window)

6. In case of a plaintiff or petitioner who is a minor under 18 years of age, an Order of the Court appointing an adult as a guardian ad litem to act on behalf of the minor (Guardian ad Litem Application and Order forms available at the Forms Counter).

7. Additional copies of documents presented for endorsement by the Clerk and return to you.

* With the exception of unlimited civil cases concerning property damage, bodily injury or wrongful death occurring in this County, Labor Commissioner Appeals, and those types of actions required to be filed in the Central District by Local Court Rule 2(b), all unlimited jurisdiction civil actions may be optionally filed either in the Central District or in whichever other court location the rule would allow them to be filed. When a party elects to file an unlimited jurisdiction civil action in Central District that would also be eligible for filing in one or more of the other court locations, this form must still be submitted with location and assignment information completed.

---

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**    LASC Rule 2.0
CIV 109 09-03

982.2(b)(1)

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*
Jon Ferrara, in propia persona
Arleen Ferrara, in propia persona
502 16th Street
Santa Monica, California

TELEPHONE NO.: (310) 393-2655    FAX NO.: (310) 451-0217
ATTORNEY FOR *(Name):* Jon and Arleen Ferrara, Individually and as Trustees

INSERT NAME OF COURT, JUDICIAL DISTRICT, AND BRANCH COURT, IF ANY:
Los Angeles Superior Court
111 North Hill Street
Los Angeles, California 90012

CASE NAME:   Ferrara et al v. Georgina et al

**FILED**
LOS ANGELES SUPERIOR COURT
OCT 1 4 2003
JOHN A. CLARKE, CLERK
BY
LUNG VAN VO, DEPUTY

| CIVIL CASE COVER SHEET<br>☐ Limited  ☒ Unlimited | Complex Case Designation<br>☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | CASE NUMBER: BS504180<br>ASSIGNED JUDGE: |
|---|---|---|

*Please complete all five (5) items below.*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights *(e.g., discrimination, false arrest)* (08)
☐ Defamation *(e.g., slander, libel)* (13)
☐ Fraud (16)
☐ Intellectual property (19)
☒ Professional negligence *(e.g., legal malpractice)* (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)

☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Collections *(e.g., money owed, open book accounts)* (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property *(e.g., quiet title)* (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)

☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Claims involving mass tort (40)
☐ Securities litigation (28)
☐ Toxic tort/Environmental (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment *(e.g., sister state, foreign, out-of-county abstracts)* (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not  complex under rule 1800 of the California Rules of Court. If case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination and related actions pending in one or more courts in other counties, states or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial post-disposition judicial disposition

3. Type of remedies sought *(check all that apply):*
   a. ☒ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive

4. Number of causes of action *(specify):* Two: Professional Negligence and Breach of Fiduciary Duty

5. This case ☐ is ☒ is not  a class action suit.

Date: October 10, 2003

Jon Ferrara, in propia persona
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 982.2.)
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a complex case, this cover sheet shall be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
982.2(b)(1) [Rev. January 1, 2000]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 982.2, 1800–1812;
Standards of Judicial Administration, § 19

**EXHIBIT 10**

Form B5 (Official Form 5) - (Rev. 12/02)                                                                                    2002 USBC, Central District of California

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | **Involuntary Petition** |
|---|---|

| IN RE (Name of Debtor - If Individual: Last, First, Middle)<br>Four Star Financial Services, LLC | ALL OTHER NAMES used by debtor in the last 6 years<br>(include married, maiden, and trade names.) |
|---|---|

| SOC. SEC./TAX I.D. NO. (if more than one, state all.)<br>95-4597706 | |
|---|---|
| STREET ADDRESS OF DEBTOR (No. and street, city, state, & zip code)<br>11755 Wilshire Boulevard<br>Suite 1350<br>Los Angeles, CA 90025 | MAILING ADDRESS OF DEBTOR (if different from street address) |
| County of Residence or<br>Principal Place of Business<br><br>Los Angeles | |

LOCATION OF PRINCIPAL ASSETS OF BUSINESS DEBTOR (if different from previously listed addresses)

CHAPTER OF BANKRUPTCY CODE UNDER WHICH PETITION IS FILED

[ ] Chapter 7        [ X ] Chapter 11

### INFORMATION REGARDING DEBTOR (Check applicable boxes)

Petitioners believe

[ ] Debts are primarily consumer debts
[ X ] Debts are primarily business debts (complete sections A and B)

TYPE OF DEBTOR

[ ] Individual
[ ] Partnership
[ X ] Other: Limited Liability Company

[ ] Corporation Publicly Held
[ ] Corporation Not Publicly Held

#### A. TYPE OF BUSINESS (Check one)

[ ] Professional
[ ] Retail/Wholesale
[ ] Railroad

[ ] Transportation
[ ] Manufacturing/<br>Mining
[ ] Stockbroker

[ ] Commodity Broker
[ ] Construction
[ ] Real Estate
[ X ] Other

B. BRIEFLY DESCRIBE NATURE OF BUSINESS

Telecommunications, Internet,
Animation Communications, Financing

### VENUE

[ X ] Debtor has been domiciled or has had a residence, principal place of business, or principal assets in the District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

[ ] A bankruptcy case concerning debtor's affiliate, general partner or partnership is pending in this District.

### PENDING BANKRUPTCY CASE FILED BY OR AGAINST ANY PARTNER
### OR AFFILIATE OF THIS DEBTOR (Report information for any additional cases on attached sheets.)

| Name of Debtor | Case Number | Date |
|---|---|---|
| Relationship | District | |

| ALLEGATIONS<br>(Check applicable boxes) | |
|---|---|

1. [ X ] Petitioner(s) are eligible to file this petition pursuant to 11 U.S.C. § 303(b).
2. [ X ] The debtor is a person against whom an order for relief may be entered under title 11 of the United States Code.
3.a. [ X ] The debtor is generally not paying such debtor's debts as they become due, unless such debts are the subject of a bona fide dispute;
or
b. [ ] Within 120 days preceding the filing of this petition, a custodian, other than a trustee, receiver, or agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession.

10/24/2003   **FILED**   14:28
**LA03-37579EC**
DEBTOR:
  FOUR STAR FINANCIAL SERVICES
JUDGE: HON. E. Carroll - 586
TRUSTEE:       CH: 11 (INCOMPLETE)
341A MTG:
ADR:

CLERK, U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIF. ID: 710
RECEIPT NO: LA-040678  $ 830.00

*If a child support creditor or its representative is a petitioner, and if the petitioner files the form specified*
*fee is required.*

CCD-B5

Form B5 (Official Form 5) Page 2 - (Rev. 12/02)                    2002 USBC, Central District of California

| **Involuntary Petition** | Name of Debtor |
|---|---|
| | Four Star Financial Services, LLC |

### TRANSFER OF CLAIM

| ☐ | Check this box if there has been a transfer of any claim against the debtor by or to any petitioner. Attach all documents evidencing the transfer and any statements that are required under Bankruptcy Rule 1003(a). |
|---|---|

### REQUEST FOR RELIEF

Petitioner(s) request that an order for relief be entered against the debtor under the chapter of title 11, United States Code, specified in this petition.

Petitioner(s) declare under penalty of perjury that the foregoing is true and correct according to the best of their knowledge, information, and belief.

X _Henry H. Rich, trustee_ 10/23/03
Signature of Petitioner or Representative (State Title)

Rich Energy Development Co. Retirement Trust
Name of Petitioner                    Date Signed

Name & Mailing          Stanley H. Rich, Trustee
Address of Individual    11823 Mayfeld Ave. #101
Signing in Representative Los Angeles, CA 90049
Capacity                 Trustee

X _Martin S. Zohn_  SB#054981    10/24/03
Signature of Attorney                    Date
Martin S. Zohn, Esq.
PROSKAUER ROSE LLP
Name of Attorney Firm (If any)

2049 Century Park East, #3200
Los Angeles, CA 90067
Address
310.557.2900
Telephone No.

---

X _____
Signature of Petitioner or Representative (State Title)

_____
Name of Petitioner          Date Signed

Name & Mailing
Address of Individual    _____
Signing in Representative
Capacity                 _____

X _____
Signature of Attorney          Date

_____
Name of Attorney Firm (If any)

Address _____

Telephone No. _____

---

X _____
Signature of Petitioner or Representative (State Title)

_____
Name of Petitioner          Date Signed

Name & Mailing
Address of Individual    _____
Signing in Representative
Capacity                 _____

X _____
Signature of Attorney          Date

_____
Name of Attorney Firm (If any)

Address _____

Telephone No. _____

### PETITIONING CREDITORS

| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
|---|---|---|
| Rich Energy Development Co Retirement Trust 11823 Mayfeld, Avenue, #101, LA, CA 90049 | Promissory Note (*in excess of) | $211,000.00* |
| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
| Name and Address of Petitioner | Nature of Claim | Amount of Claim |

| Note: | If there are more than three petitioners, attach additional sheets with the statement under penalty of perjury, each petitioner's signature under the statement and the name of attorney and petitioning creditor information in the format above. | Total Amount of Petitioners' Claims |
|---|---|---|

11  continuation sheets attached

Form B5 (Official Form 5) Page 2 - (Rev. 12/03)                                                    2002 USBC, Central District of California

| **Involuntary Petition** | Name of Debtor |
|---|---|
| | Four Star Financial Services, LLC |

**TRANSFER OF CLAIM**

[ ] Check this box if there has been a transfer of any claim against the debtor by or to any petitioner. Attach all documents evidencing the transfer and any statements that are required under Bankruptcy Rule 1003(a).

**REQUEST FOR RELIEF**

Petitioner(s) request that an order for relief be entered against the debtor under the chapter of title 11, United States Code, specified in this petition.

Petitioner(s) declare under penalty of perjury that the foregoing is true and correct according to the best of their knowledge, information, and belief.

X _(signature)_ (Trustee)
Signature of Petitioner or Representative (State Title)

Rodney Minott  Trust          10/23/03
Name of Petitioner              Date Signed

Name & Mailing          Rodney G. Minott
Address of Individual    1206 Mariposa Street
Signing in Representative San Francisco, CA 94107
Capacity

X _(signature)_          10/24/03
Signature of Attorney    SB#054981    Date
Martin S. Zohn, Esq.
PROSKAUER ROSE LLP
Name of Attorney Firm (If any)

2049 Century Park East, Suite 3200
Los Angeles, CA 90067
Address
310.557.2900
Telephone No.

X _(signature)_ (Trustee)
Signature of Petitioner or Representative (State Title)

Polly Berry Kennedy Minott Trust    10/23/03
Name of Petitioner              Date Signed

Name & Mailing          Rodney G. Minott
Address of Individual    1206 Mariposa Street
Signing in Representative San Francisco, CA 94107
Capacity                 Trustee

X _(signature)_          10/24/03
Signature of Attorney    SB#054981    Date
Martin S. Zohn, Esq.
PROSKAUER ROSE LLP
Name of Attorney Firm (If any)

2049 Century Park East, Suite 3200
Los Angeles, CA 90067
Address
310.557.2900
Telephone No.

X _(signature)_ (Trustee)
Signature of Petitioner or Representative (State Title)

Name of Petitioner              Date Signed

Name & Mailing
Address of Individual
Signing in Representative
Capacity

X _____
Signature of Attorney            Date

Name of Attorney Firm (If any)

Address

Telephone No.

**PETITIONING CREDITORS**

| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
|---|---|---|
| Rodney Minott<br>1206 Mariposa St, San Francisco, CA 94107 | Investment Agreement and Guaranty (*in excess of) | $400,000.00* |
| Polly Berry Kennedy Minott Trust<br>1206 Mariposa St, San Francisco, CA 94107 | Investment Agreement and Guaranty (*in excess of) | $75,000.00* |
| Name and Address of Petitioner | Nature of Claim | Amount of Claim |

| Note: | If there are more than three petitioners, attach additional sheets with the statement under penalty of perjury, each petitioner's signature under the statement and the name of attorney and petitioning creditor information in the format above. | Total Amount of Petitioners' Claims |
|---|---|---|

_____ continuation sheets attached

Form B5 (Official Form 5) Page 2 - (Rev. 12/02)                                          2002 USBC, Central District of California

| **Involuntary Petition** | Name of Debtor |
|---|---|
| | Four Star Financial Services, LLC |

### TRANSFER OF CLAIM

☐ Check this box if there has been a transfer of any claim against the debtor by or to any petitioner. Attach all documents evidencing the transfer and any statements that are required under Bankruptcy Rule 1003(a).

### REQUEST FOR RELIEF

Petitioner(s) request that an order for relief be entered against the debtor under the chapter of title 11, United States Code, specified in this petition.

Petitioner(s) declare under penalty of perjury that the foregoing is true and correct according to the best of their knowledge, information, and belief.

X _____
Signature of Petitioner or Representative (State Title)

Rodney Minott                          10/23/03
Name of Petitioner              Date Signed

Name & Mailing          Rodney G. Minott
Address of Individual   1206 Mariposa Street
Signing in Representative  San Francisco, CA 94107
Capacity

X *Martin S. Zohn*                          10/24/03
Signature of Attorney      SB#054981    Date
Martin S. Zohn, Esq.
PROSKAUER ROSE LLP
Name of Attorney Firm (If any)

2049 Century Park East, Suite 3200
Los Angeles, CA 90067
Address
310.557.2900
Telephone No.

X _____
Signature of Petitioner or Representative (State Title)

Polly Berry Kennedy Minott Trust    10/23/03
Name of Petitioner              Date Signed

Name & Mailing          Rodney G. Minott
Address of Individual   1206 Mariposa Street
Signing in Representative  San Francisco, CA 94107
Capacity                 Trustee

X *Martin S. Zohn*                          10/24/03
Signature of Attorney      SB#054981    Date
Martin S. Zohn, Esq.
PROSKAUER ROSE LLP
Name of Attorney Firm (If any)
2049 Century Park East, Suite 3200
Los Angeles, CA 90067
Address
310.557.2900
Telephone No.

X _____
Signature of Petitioner or Representative (State Title)

Name of Petitioner              Date Signed

Name & Mailing
Address of Individual   _____
Signing in Representative
Capacity                 _____

X _____
Signature of Attorney          Date

Name of Attorney Firm (If any)

_____
Address
_____
Telephone No.

### PETITIONING CREDITORS

| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
|---|---|---|
| Rodney Minott<br>1206 Mariposa St, San Francisco, CA 94107 | Investment Agreement and Guaranty (*in excess of) | $400,000.00* |
| Polly Berry Kennedy Minott Trust<br>1206 Mariposa St, San Francisco, CA 94107 | Investment Agreement and Guaranty (*in excess of) | $75,000.00* |
| Name and Address of Petitioner | Nature of Claim | Amount of Claim |

| Note: | If there are more than three petitioners, attach additional sheets with the statement under penalty of perjury, each petitioner's signature under the statement and the name of attorney and petitioning creditor information in the format above. | Total Amount of Petitioners' Claims |
|---|---|---|

_____ continuation sheets attached

Form B5 (Official Form 5) Page 2 - (Rev. 12/02)                                                                                    2002 USBC, Central District of California

| Involuntary Petition | Name of Debtor |
|---|---|
| | Four Star Financial Services, LLC |

**TRANSFER OF CLAIM**

☐ Check this box if there has been a transfer of any claim against the debtor by or to any petitioner. Attach all documents evidencing the transfer and any statements that are required under Bankruptcy Rule 1003(a).

**REQUEST FOR RELIEF**

Petitioner(s) request that an order for relief be entered against the debtor under the chapter of title 11, United States Code, specified in this petition.

Petitioner(s) declare under penalty of perjury that the foregoing is true and correct according to the best of their knowledge, information, and belief.

X _~signature~_

Signature of Petitioner or Representative (State Title)

Robert Lipp IRA                    10/23/03
Name of Petitioner          Date Signed

| Name & Mailing Address of Individual Signing in Representative Capacity | Robert Lipp 1709 Georgina Santa Monica, CA 90402 Signator |
|---|---|

X _~signature~_   SB#054981   10/24/03
Signature of Attorney          Date
Martin S. Zohn, Esq.
PROSKAUER ROSE LLP
Name of Attorney Firm (if any)

2049 Century Park East, Suite 3200
Los Angeles, CA 90067
Address
310.557.2900
Telephone No.

X _~signature~_ , Trustee
Signature of Petitioner or Representative (State Title)

Lipp Revocable Trust of 1992    10/23/03
Name of Petitioner          Date Signed

| Name & Mailing Address of Individual Signing in Representative Capacity | Robert Lipp 1709 Georgina Santa Monica, CA 90402 Signator |
|---|---|

X _~signature~_   SB#054981   10/24/03
Signature of Attorney          Date
Martin S. Zohn, Esq.
PROSKAUER ROSE LLP
Name of Attorney Firm (if any)
2049 Century Park East, Suite 3200
Los Angeles, CA 90067
Address
310.557.2900
Telephone No.

X _~signature~_ Managing Principal
Signature of Petitioner or Representative (State Title)

Georgina Asset Management, LLC    10/23/03
Name of Petitioner          Date Signed

| Name & Mailing Address of Individual Signing in Representative Capacity | Robert Lipp 270 18th Street Santa Monica, CA 90402 Managing Principal |
|---|---|

X _~signature~_   SB#054981   10/24/03
Signature of Attorney          Date
Martin S. Zohn, Esq.
PROSKAUER ROSE LLP
Name of Attorney Firm (if any)
2049 Century Park East, Suite 3200
Los Angeles, CA 90067
Address
310.557.2900
Telephone No.

**PETITIONING CREDITORS**

| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
|---|---|---|
| Robert Lipp IRA<br>1709 Georgina, Santa Monica, CA 90402 | Cash Flow Note(s)<br>(*in excess of) | $100,000.00* |
| Lipp Revocable Trust of 1992<br>1709 Georgina, Santa Monica, CA 90402 | Investment Agreement and Guaranty<br>(*in excess of) | $1,710,000.00* |
| Georgina Asset Management, LLC<br>270 18th St, Santa Monica, CA 90402 | Investment Agreement and Guaranty<br>(*in excess of) | $1,000,000.00* |
| Note:  If there are more than three petitioners, attach additional sheets with the statement under penalty of perjury, each petitioner's signature under the statement and the name of attorney and petitioning creditor information in the format above. | | Total Amount of Petitioners' Claims |

_____ continuation sheets attached

Form B5 (Official Form 5) Page 2 - (Rev. 12/02)                                                                  2002 USBC, Central District of California

| **Involuntary Petition** | Name of Debtor |
|---|---|
| | Four Star Financial Services, LLC |

**TRANSFER OF CLAIM**

[ ] Check this box if there has been a transfer of any claim against the debtor by or to any petitioner. Attach all documents evidencing the transfer and any statements that are required under Bankruptcy Rule 1003(a).

**REQUEST FOR RELIEF**

Petitioner(s) request that an order for relief be entered against the debtor under the chapter of title 11, United States Code, specified in this petition.

Petitioner(s) declare under penalty of perjury that the foregoing is true and correct according to the best of their knowledge, information, and belief.

X _____  *Pricipal*
Signature of Petitioner or Representative (State Title)

Georgina Asset Management, LLC        10/23/03
Name of Petitioner                    Date Signed

Name & Mailing Address of Individual Signing in Representative Capacity:
Robert H. Lipp
270 18th Street
Santa Monica, CA 90402
Managing Principal

X _____  SB#054981    10/24/03
Signature of Attorney                Date
Martin S. Zohn, Esq.
PROSKAUER ROSE LLP
Name of Attorney Firm (if any)
2049 Century Park East, Suite 3200
Los Angeles, CA 90067
Address
310.557.2900
Telephone No.

X _____  Trustee
Signature of Petitioner or Representative (State Title)

Georgina Asset Management, LLC PSP    10/23/03
Name of Petitioner                    Date Signed

Name & Mailing Address of Individual Signing in Representative Capacity:
Robert H. Lipp
270 18th Street
Santa Monica, CA 90402
Trustee

X _____  SB#054981    10/24/03
Signature of Attorney                Date
Martin S. Zohn, Esq.
PROSKAUER ROSE LLP
Name of Attorney Firm (if any)
2049 Century Park East, Suite 3200
Los Angeles, CA 90067
Address
310.557.2900
Telephone No.

X _____
Signature of Petitioner or Representative (State Title)

Name of Petitioner                    Date Signed

Name & Mailing Address of Individual Signing in Representative Capacity

X _____
Signature of Attorney                Date

Name of Attorney Firm (if any)

Address

Telephone No.

**PETITIONING CREDITORS**

| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
|---|---|---|
| Georgina Asset Management, LLC 270 18th St, Santa Monica, CA 90402 | Cash Flow Note(s) (*in excess of) | $650,000.00* |
| Georgina Asset Management, LLC PSP 270 18th St, Santa Monica, CA 90402 | Investment Agreement and Guaranty (*in excess of) | $60,000.00* |
| Name and Address of Petitioner | Nature of Claim | Amount of Claim |

| Note: | If there are more than three petitioners, attach additional sheets with the statement under penalty of perjury, each petitioner's signature under the statement and the name of attorney and petitioning creditor information in the format above. | Total Amount of Petitioners' Claims |
|---|---|---|

_____ continuation sheets attached

Form B5 (Official Form 5) Page 2 - (Rev. 12/03)                                                                    2002 USBC, Central District of California

| **Involuntary Petition** | Name of Debtor |
|---|---|
| | Four Star Financial Services, LLC |

**TRANSFER OF CLAIM**

☐ Check this box if there has been a transfer of any claim against the debtor by or to any petitioner. Attach all documents evidencing the transfer and any statements that are required under Bankruptcy Rule 1003(a).

**REQUEST FOR RELIEF**

Petitioner(s) request that an order for relief be entered against the debtor under the chapter of title 11, United States Code, specified in this petition.

| | |
|---|---|
| Petitioner(s) declare under penalty of perjury that the foregoing is true and correct according to the best of their knowledge, information, and belief. | |
| X | X _____ 10/24/03 |
| Signature of Petitioner or Representative (State Title) | Signature of Attorney                    Date |
| Michael J. Plonsker          10/23/03 | Martin S. Zohn, Esq. / David Scheidemantle, Esq. |
| Name of Petitioner          Date Signed | PROSKAUER ROSE LLP          SB#150054 |
| | Name of Attorney Firm (If any) |
| Name & Mailing     Michael J. Plonsker | 2049 Century Park East, Suite 3200 |
| Address of Individual   Alschuler Grossman Stein & Kahan | Los Angeles, CA 90067 |
| Signing in Representative  1620 26th Street | Address |
| Capacity          Santa Monica, CA 90404 | 310.557.2900 |
| | Telephone No. |

| | |
|---|---|
| X | X _____ |
| Signature of Petitioner or Representative (State Title) | Signature of Attorney                    Date |
| | |
| Name of Petitioner          Date Signed | Name of Attorney Firm (If any) |
| Name & Mailing | |
| Address of Individual | Address |
| Signing in Representative | |
| Capacity | Telephone No. |

| | |
|---|---|
| X | X _____ |
| Signature of Petitioner or Representative (State Title) | Signature of Attorney                    Date |
| | |
| Name of Petitioner          Date Signed | Name of Attorney Firm (If any) |
| Name & Mailing | |
| Address of Individual | Address |
| Signing in Representative | |
| Capacity | Telephone No. |

**PETITIONING CREDITORS**

| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
|---|---|---|
| Michael J. Plonsker | Promissory Note | $100,000.00* |
| 1620 26th St, Santa Monica, CA 90404 | (*in excess of) | |
| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
| | | |
| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
| | | |

| Note: | If there are more than three petitioners, attach additional sheets with the statement under penalty of perjury, each petitioner's signature under the statement and the name of attorney and petitioning creditor information in the format above. | Total Amount of Petitioners' Claims |
|---|---|---|

_____ continuation sheets attached

Form B5 (Official Form 5) Page 2 - (Rev. 12/02)

| **Involuntary Petition** | Name of Debtor |
|---|---|
| | Four Star Financial Services, LLC |

### TRANSFER OF CLAIM

[ ] Check this box if there has been a transfer of any claim against the debtor by or to any petitioner. Attach all documents evidencing the transfer and any statements that are required under Bankruptcy Rule 1003(a).

### REQUEST FOR RELIEF

Petitioner(s) request that an order for relief be entered against the debtor under the chapter of title 11, United States Code, specified in this petition.

---

Petitioner(s) declare under penalty of perjury that the foregoing is true and correct according to the best of their knowledge, information, and belief.

X _Arthur J Hohmann_ _10/23/03_
Signature of Petitioner or Representative (State Title)

MaxMin Yield Investments Limited Partnership
Name of Petitioner                          Date Signed

Name & Mailing            Arthur J. Hohmann
Address of Individual     P.O. Box 12392
Signing in Representative Aspen, CO 81612
Capacity                  President MaxMin, Inc. GP

X _____ _10/23/03_
Signature of Attorney                      Date
John C. Nabors, Esq.
GARDERE, WYNNE & SEWELL
Name of Attorney Firm (If any)

1601 Elm Street
Dallas, TX 75201
Address
214.999.3000
Telephone No.

---

X _____
Signature of Petitioner or Representative (State Title)

Name of Petitioner                          Date Signed

Name & Mailing
Address of Individual     _____
Signing in Representative
Capacity                  _____

X _____ _____
Signature of Attorney                      Date

Name of Attorney Firm (If any)

_____
Address
_____
Telephone No.

---

X _____
Signature of Petitioner or Representative (State Title)

Name of Petitioner                          Date Signed

Name & Mailing
Address of Individual     _____
Signing in Representative
Capacity                  _____

X _____ _____
Signature of Attorney                      Date

Name of Attorney Firm (If any)

_____
Address
_____
Telephone No.

---

### PETITIONING CREDITORS

| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
|---|---|---|
| MaxMin Yield Investments Limited Part. PO Box 12392, Aspen, CO 81612 | Judgment (*in excess of) | $3,200,000.00* |
| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
| | | |
| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
| | | |

| Note: If there are more than three petitioners, attach additional sheets with the statement under penalty of perjury, each petitioner's signature under the statement and the name of attorney and petitioning creditor information in the format above. | Total Amount of Petitioners' Claims |
|---|---|

_____ continuation sheets attached

Form B5 (Official Form 5) Page 2 - (Rev. 12/02)                                                            2002 USBC, Central District of California

| Involuntary Petition | Name of Debtor |
|---|---|
| | Four Star Financial Services, LLC |

### TRANSFER OF CLAIM

[ ] Check this box if there has been a transfer of any claim against the debtor by or to any petitioner. Attach all documents evidencing the transfer and any statements that are required under Bankruptcy Rule 1003(a).

### REQUEST FOR RELIEF

Petitioner(s) request that an order for relief be entered against the debtor under the chapter of title 11, United States Code, specified in this petition.

Petitioner(s) declare under penalty of perjury that the foregoing is true and correct according to the best of their knowledge, information, and belief.

X _____
Signature of Petitioner or Representative (State Title)

MaxMin Yield Investments Limited Partnership
Name of Petitioner                    Date Signed

Name & Mailing          Arthur J. Hohmann
Address of Individual    P.O. Box 12392
Signing in Representative Aspen, CO 81612
Capacity                 President MaxMin, Inc. GP

X _____    10/23/03
Signature of Attorney                Date
John C. Nabors, Esq.
GARDERE, WYNNE & SEWELL
Name of Attorney Firm (If any)

1601 Elm Street
Dallas, TX 75201
Address
214.999.3000
Telephone No.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

X _____
Signature of Petitioner or Representative (State Title)

Name of Petitioner                    Date Signed

Name & Mailing
Address of Individual
Signing in Representative
Capacity

X _____
Signature of Attorney                Date

Name of Attorney Firm (If any)

Address

Telephone No.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

X _____
Signature of Petitioner or Representative (State Title)

Name of Petitioner                    Date Signed

Name & Mailing
Address of Individual
Signing in Representative
Capacity

X _____
Signature of Attorney                Date

Name of Attorney Firm (If any)

Address

Telephone No.

### PETITIONING CREDITORS

| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
|---|---|---|
| MaxMin Yield Investments Limited Part.<br>PO Box 12392, Aspen, CO 81612 | Judgment<br>(*in excess of) | $3,200,000.00* |
| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
| | | |
| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
| | | |

| Note: | If there are more than three petitioners, attach additional sheets with the statement under penalty of perjury, each petitioner's signature under the statement and the name of attorney and petitioning creditor information in the format above. | Total Amount of Petitioners' Claims |
|---|---|---|

_____ continuation sheets attached

Form B5 (Official Form 5) Page 2 - (Rev. 12/02)                                                                  2002 USBC, Central District of California

| Involuntary Petition | Name of Debtor |
|---|---|
| | Four Star Financial Services, LLC |

### TRANSFER OF CLAIM

☐ Check this box if there has been a transfer of any claim against the debtor by or to any petitioner. Attach all documents evidencing the transfer and any statements that are required under Bankruptcy Rule 1003(a).

### REQUEST FOR RELIEF

Petitioner(s) request that an order for relief be entered against the debtor under the chapter of title 11, United States Code, specified in this petition.

---

Petitioner(s) declare under penalty of perjury that the foregoing is true and correct according to the best of their knowledge, information, and belief.

X _Martin S. Zohn, attorney_
Signature of Petitioner or Representative (State Title)

Scott Emerson Ungar            10/23/03
Name of Petitioner                   Date Signed

Name & Mailing        Martin S. Zohn, Esq.
Address of Individual  PROSKAUER ROSE LLP
Signing in Representative 2049 Century Park East, #3200
Capacity _attorney_      Los Angeles, CA 90067

X _Martin S. Zohn_                      10/24/03
Signature of Attorney    SB#054981   Date
Martin S. Zohn, Esq.
PROSKAUER ROSE LLP
Name of Attorney Firm (If any)

2049 Century Park East, Suite 3200
Los Angeles, CA 90067
Address
310.557.2900
Telephone No.

---

X _Martin S. Zohn_   attorney
Signature of Petitioner or Representative (State Title)

The Ungar Family Inter Vivos Revoc Trust     10/23/03
Name of Petitioner                   Date Signed

Name & Mailing        Martin S. Zohn, Esq.
Address of Individual  PROSKAUER ROSE LLP
Signing in Representative 2049 Century Park East, #3200
Capacity _attorney_      Los Angeles, CA 90067

X _Martin S. Zohn_                      10/24/03
Signature of Attorney    SB#054981   Date
Martin S. Zohn, Esq.
PROSKAUER ROSE LLP
Name of Attorney Firm (If any)
2049 Century Park East, Suite 3200
Los Angeles, CA 90067
Address
310.557.2900
Telephone No.

---

X _____
Signature of Petitioner or Representative (State Title)

Name of Petitioner                   Date Signed

Name & Mailing
Address of Individual
Signing in Representative
Capacity

X _____
Signature of Attorney               Date

Name of Attorney Firm (If any)

Address

Telephone No.

---

### PETITIONING CREDITORS

| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
|---|---|---|
| Scott Emerson Ungar<br>6407 MacLaurin Dr, Tampa, FL 33647 | Money Advanced<br>(*in excess of) | $80,000.00* |
| The Ungar Family Inter Vivos Revoc Trust<br>6407 MacLaurin Dr, Tampa, FL 33647 | Money Advanced<br>(*in excess of) | $1,000,000.00* |
| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
| | | |

| Note: | If there are more than three petitioners, attach additional sheets with the statement under penalty of perjury, each petitioner's signature under the statement and the name of attorney and petitioning creditor information in the format above. | Total Amount of Petitioners' Claims |
|---|---|---|

_____ continuation sheets attached

Form B5 (Official Form 5) Page 2 - (Rev. 12/02)                                                                                2002 USBC, Central District of California

| **Involuntary Petition** | Name of Debtor<br>Four Star Financial Services, LLC |
|---|---|

**TRANSFER OF CLAIM**

☐ Check this box if there has been a transfer of any claim against the debtor by or to any petitioner. Attach all documents evidencing the transfer and any statements that are required under Bankruptcy Rule 1003(a).

**REQUEST FOR RELIEF**

Petitioner(s) request that an order for relief be entered against the debtor under the chapter of title 11, United States Code, specified in this petition.

| | |
|---|---|
| Petitioner(s) declare under penalty of perjury that the foregoing is true and correct according to the best of their knowledge, information, and belief.<br><br>X _Martin S. Zohn, attorney_<br>Signature of Petitioner or Representative (State Title)<br><br>Regional Holdings               10/23/03<br>Name of Petitioner                  · Date Signed<br><br>Name & Mailing          Martin S. Zohn, Esq.<br>Address of Individual   PROSKAUER ROSE LLP<br>Signing in Representative  2049 Century Park East, #3200<br>Capacity _attorney_      Los Angeles, CA 90067 | X _Martin S. Zohn_          10/24/03<br>Signature of Attorney  SB#054981  Date<br>Martin S. Zohn, Esq.<br>PROSKAUER ROSE LLP<br>Name of Attorney Firm (If any)<br><br>2049 Century Park East, Suite 3200<br>Los Angeles, CA 90067<br>Address<br>310.557.2900<br>Telephone No. |
| X _____<br>Signature of Petitioner or Representative (State Title)<br><br>Name of Petitioner          Date Signed<br><br>Name & Mailing<br>Address of Individual<br>Signing in Representative<br>Capacity | X _____<br>Signature of Attorney          Date<br><br>Name of Attorney Firm (If any)<br><br>Address<br><br>Telephone No. |
| X _____<br>Signature of Petitioner or Representative (State Title)<br><br>Name of Petitioner          Date Signed<br><br>Name & Mailing<br>Address of Individual<br>Signing in Representative<br>Capacity | X _____<br>Signature of Attorney          Date<br><br>Name of Attorney Firm (If any)<br><br>Address<br><br>Telephone No. |

**PETITIONING CREDITORS**

| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
|---|---|---|
| Regional Holdings<br>6407 MacLaurin Dr, Tampa, FL 33647 | Promissory Note<br>(*in excess of) | $40,000.00* |
| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
| Note:    If there are more than three petitioners, attach additional sheets with the statement under penalty of perjury, each petitioner's signature under the statement and the name of attorney and petitioning creditor information in the format above. | | Total Amount of Petitioners' Claims |

_____ continuation sheets attached

Form B5 (Official Form 5) Page 2 - (Rev. 12/02)                                                          2002 USBC, Central District of California

| **Involuntary Petition** | Name of Debtor<br>Four Star Financial Services, LLC |
|---|---|

### TRANSFER OF CLAIM

☐ Check this box if there has been a transfer of any claim against the debtor by or to any petitioner.  Attach all documents evidencing the transfer and any statements that are required under Bankruptcy Rule 1003(a).

### REQUEST FOR RELIEF

Petitioner(s) request that an order for relief be entered against the debtor under the chapter of title 11, United States Code, specified in this petition.

---

Petitioner(s) declare under penalty of perjury that the foregoing is true and correct according to the best of their knowledge, information, and belief.

X _Martin S. Zohn, attorney_
Signature of Petitioner or Representative (State Title)

Widelitz Family Trust U/T/D 4/15/94        10/24/03
Name of Petitioner                        Date Signed

Name & Mailing Address of Individual Signing in Representative Capacity: Martin S. Zohn, Esq.
PROSKAUER ROSE LLP
2049 Century Park East, #3200
Los Angeles, CA 90067

X _Martin S. Zohn_        SB#054981        10/24/03
Signature of Attorney                      Date
Martin S. Zohn, Esq.
PROSKAUER ROSE LLP
Name of Attorney Firm (if any)
2049 Century Park East, Suite 3200
Los Angeles, CA 90067
Address
310.557.2900
Telephone No.

---

X _Martin S. Zohn, atty_
Signature of Petitioner or Representative (State Title)

Bryce Scott Widelitz, UTMA CA        10/24/03
Name of Petitioner                        Date Signed

Name & Mailing Address of Individual Signing in Representative Capacity: Martin S. Zohn, Esq.
PROSKAUER ROSE LLP
2049 Century Park East, #3200
Los Angeles, CA 90067

X _Martin S. Zohn_        SB#054981        10/24/03
Signature of Attorney                      Date
Martin S. Zohn, Esq.
PROSKAUER ROSE LLP
Name of Attorney Firm (if any)
2049 Century Park East, Suite 3200
Los Angeles, CA 90067
Address
310.557.2900
Telephone No.

---

X _Martin S. Zohn, attorney_
Signature of Petitioner or Representative (State Title)

Kiley G. Widelitz, UTMA CA        10/24/03
Name of Petitioner                        Date Signed

Name & Mailing Address of Individual Signing in Representative Capacity: Martin S. Zohn, Esq.
PROSKAUER ROSE LLP
2049 Century Park East, #3200
Los Angeles, CA 90067

X _Martin S. Zohn_        SB#054981        10/24/03
Signature of Attorney                      Date
Martin S. Zohn, Esq.
PROSKAUER ROSE LLP
Name of Attorney Firm (if any)
2049 Century Park East, Suite 3200
Los Angeles, CA 90067
Address
310.557.2900
Telephone No.

---

### PETITIONING CREDITORS

| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
|---|---|---|
| Widelitz Family Trust U/T/D 4/15/94<br>10519 Lauriston Ave, LA, CA 90064 | Promissory Note<br>(*in excess of) | $400,000.00* |
| Bryce Scott Widelitz, UTMA CA<br>10519 Lauriston Ave, LA, CA 90064 | Promissory Note<br>(*in excess of) | $80,000.00* |
| Kiley G. Widelitz, UTMA CA<br>10519 Lauriston Ave, LA, CA 90064 | Promissory Note<br>(*in excess of) | $80,000.00* |
| Note:    If there are more than three petitioners, attach additional sheets with the statement under penalty of perjury, each petitioner's signature under the statement and the name of attorney and petitioning creditor information in the format above. | | Total Amount of Petitioners' Claims |

_____ continuation sheets attached

Form B5 (Official Form 5) Page 2 - (Rev. 12/02)                      2002 USBC, Central District of California

| **Involuntary Petition** | Name of Debtor<br>Four Star Financial Services, LLC |
|---|---|

### TRANSFER OF CLAIM

[ ]  Check this box if there has been a transfer of any claim against the debtor by or to any petitioner. Attach all documents evidencing the transfer and any statements that are required under Bankruptcy Rule 1003(a).

### REQUEST FOR RELIEF

Petitioner(s) request that an order for relief be entered against the debtor under the chapter of title 11, United States Code, specified in this petition.

Petitioner(s) declare under penalty of perjury that the foregoing is true and correct according to the best of their knowledge, information, and belief.

X _Martin S. Zohn, attorney_               X _Martin S Zohn_             10/24/03
Signature of Petitioner or Representative (State Title)     Signature of Attorney   SB#054981   Date

Heidi Widelitz, IRA          10/24/03    Martin S. Zohn, Esq.
Name of Petitioner           Date Signed      PROSKAUER ROSE LLP
                                    Name of Attorney Firm (if any)

Name & Mailing    Martin S. Zohn, Esq.      2049 Century Park East, Suite 3200
Address of Individual  PROSKAUER ROSE LLP      Los Angeles, CA 90067
Signing in Representative  2049 Century Park East, #3200  Address
Capacity  _attorney_    Los Angeles, CA 90067    310.557.2900
                                      Telephone No.

X _____     X _____
Signature of Petitioner or Representative (State Title)     Signature of Attorney         Date

_____     _____
Name of Petitioner        Date Signed     Name of Attorney Firm (if any)

Name & Mailing                                          
Address of Individual  _____    Address
Signing in Representative
Capacity                                    Telephone No.

X _____     X _____
Signature of Petitioner or Representative (State Title)     Signature of Attorney         Date

_____     _____
Name of Petitioner        Date Signed     Name of Attorney Firm (if any)

Name & Mailing
Address of Individual  _____    Address
Signing in Representative
Capacity                                    Telephone No.

### PETITIONING CREDITORS

| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
|---|---|---|
| Heidi Widelitz, IRA<br>10519 Lauriston Ave, LA, CA 90064 | Promissory Note<br>(*in excess of) | $350,000.00* |
| Name and Address of Petitioner<br><br> | Nature of Claim | Amount of Claim |
| Name and Address of Petitioner<br><br> | Nature of Claim | Amount of Claim |

| Note: | If there are more than three petitioners, attach additional sheets with the statement under penalty of perjury, each petitioner's signature under the statement and the name of attorney and petitioning creditor information in the format above. | Total Amount of Petitioners' Claims |
|---|---|---|

_____ continuation sheets attached