*LAW OFFICE OF ROBERT LUBIN*
ROBERT M. LUBIN ESQ. (055863)
r1817@aol.com
JOSEPH CAMENZIND, IV (244154)
camenzindlaw@yahoo.com
177 Bovet Road, Suite 600
San Mateo, CA 94402
Telephone: (650) 638-2331
Fax: (650) 638-1005

*LAW OFFICE OF KENNETH PRITIKIN*
KENNETH PRITIKIN, ESQ. (108072)
kwpritikin@gmail.com
2950 Buskirk Avenue, Suite 300
Walnut Creek, CA 94597
Phone: (925) 407-2158
Fax: (925) 262-4688

Attorneys for the Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)

| | |
|---|---|
| ROBERT PRITIKIN, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>COMERICA BANK, et al.,<br><br>Defendants | Case No.: C09 03303 JF<br><br>**PLAINTIFFS' OBJECTION TO AND MOTION TO STRIKE DECLARATION OF MONIQUE JEWETT-BREWSTER IN SUPPORT OF COMERICA BANK'S MOTION TO DISMISS**<br><br>Date: October 30, 2009<br>Time: 9:00 a.m.<br>Dept.: Honorable Jeremy Fogel |

PRITIKIN v. COMERICA BANK ET. AL.
PLAINTIFFS' OBJECTION TO AND MOTION TO STRIKE DECLARATION OF MONIQUE JEWETT-

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT Plaintiffs Robert Pritikin et al. ("Plaintiffs") hereby object to, and move to strike, the Declaration of Monique Jewett-Brewster in Support of Defendants [sic] Comerica's Motion to Dismiss the Complaint (hereinafter, the "Declaration"), as follows:

**A.  The Court Cannot Consider Evidence Outside the Pleadings on a Motion to Dismiss under Rule 12(b)(6), and It Would be Inappropriate at This Stage of the Proceedings to Convert the Motion to a Motion for Summary Judgment**

When a motion to dismiss under Rule 12(b)(6) attaches matters outside the pleading, the motion must be treated as a motion for summary judgment unless the Court makes clear that it did not rely on the extraneous material in ruling on the motion. *Kearns v. Tempe Technical Institute, Inc.*, 110 F.3d 44, 46 (9th Cir. 1996).

The Declaration is comprised entirely of matters outside the pleading. Hence, the Court must determine at the outset whether it will disregard the Declaration, or whether it will instead consider the Declaration such that, if it then relies on the Declaration in ruling on Comerica's Motion to Dismiss, the Motion is thereby converted into a motion for summary judgment.

Plaintiffs urge the Court to strike the Declaration rather than open the door to converting the Motion into a motion for summary judgment. Conversion of a motion to dismiss to a summary judgment motion is generally disfavored if "(1) the motion comes quickly after the complaint was filed, (2) discovery is in its infancy and the nonmovant is limited in obtaining and submitting evidence to counter the motion, or (3) the nonmovant does not have reasonable notice that a conversion might occur." *Rubert-Torres v. Hospital San Pablo, Inc.* (1st Cir. 2000) 205 F.3d 472, 475. All three of these factors are present here. First, Comerica's Motion to Dismiss was brought quickly after the Complaint was filed, i.e. the Motion was brought in lieu of an answer to the Complaint. Second, Plaintiffs have had no opportunity to conduct *any* discovery.[1]

---

[1] Indeed, shortly after the Complaint was filed, Plaintiffs' counsel proposed to Comerica's counsel that the parties stipulate to an Order permitting early discovery for the purpose of having Comerica produce certain documents. Comerica's counsel rebuffed Plaintiffs' proposal on the ground that Comerica intended to file a Motion to Dismiss, and that the Court's disposition of the Motion could make the proposed production of documents moot.

---

PRITIKIN v. COMERICA BANK ET. AL.
PLAINTIFFS' OBJECTION TO AND MOTION TO STRIKE DECLARATION OF MONIQUE JEWETT-

1  Third, in bringing its Motion to Dismiss, Comerica has not asked the Court to treat the Motion in
2  the alternative as a motion for summary judgment, thus leaving Plaintiffs to guess whether the
3  Court would be inclined to convert the Motion into a summary judgment motion.
4  **B.    Objection to Testimony**
5         In the event the Court nonetheless elects to consider the Declaration, Plaintiffs object to
6  the following portions of the Declaration for the reasons set forth below:
7         1.    Plaintiffs object to and move to strike the testimony at page 2, lines 19-21, and
8  at page 3, lines 2-6 of the Declaration, on the following grounds:
9             (a)    The testimony is inadmissible hearsay.  The testimony is hearsay as
10  defined by Fed.R.Evid. 602 and 801(c), in that it is based not on the personal knowledge of the
11  declarant, but rather is made on the basis of statements made to the declarant by third persons,
12  which statements are then offered in evidence by the declarant in order to prove the truth of the
13  matter asserted by the third persons.  Hearsay is not admissible except as provided by statute.
14  Fed.R.Evid. 802.
15            (b)    The testimony is irrelevant to these proceedings and is thus inadmissible.
16  Fed.R.Evid. 402.  The testimony is irrelevant because it is not probative of the alleged facts
17  that it purports to support, i.e. that there existed at one time a transcript of the 341(a) meeting
18  of creditors which allegedly took place on May 4, 2004 in the Chapter 7 *Four Star* bankruptcy
19  case; that said transcript was maintained by the Office of the United States Trustee for five
20  years and then destroyed; and that Comerica has been prejudiced by the delay in the filing of
21  Plaintiffs' Complaint because the transcript contained information which would support
22  Comerica's defenses to Plaintiffs' Complaint but which is no longer available to Comerica
23  through ordinary discovery procedures.
24                First, the fact that "most" Offices of the United States Trustee record and
25  maintain transcripts of 341(a) meetings of creditors provides only a speculative basis for
26  concluding that a transcript was recorded and maintained for the 341(a) meeting described in
27  the Declaration.  Second, even if such a transcript was recorded and maintained before being
28

1 | destroyed, there is no evidence to suggest that the transcript contained any information that
2 | would support Comerica's defenses to Plaintiffs' Complaint.

3 |     (c)  The probative value of the testimony is substantially outweighed by the
4 | danger of unfair prejudice and confusion of the issues. F.R.Evid. 403. The purported
5 | probative value of the testimony is that it allegedly supports Comerica's contention that it has
6 | been prejudiced by the delay in the filing of this action, and that the Court should therefore
7 | refuse to apply the federal doctrine of equitable tolling to Plaintiffs' RICO claims, and on that
8 | basis grant Comerica's Motion to Dismiss as to those claims. *See* Motion at 17:3-9.

9 |     However, a motion to dismiss based on the running of the statute of
10 | limitations cannot be granted "unless it appears beyond doubt that the plaintiff can prove no set
11 | of facts that would establish the timeliness of the claim." *Supermail Cargo Inc., v. United*
12 | *States*, 68 F.3d 1204, 1207 (9th Cir. 1995). Given this high bar for granting Comerica's
13 | Motion, and given that the testimony provides, at most, a speculative basis for the factual
14 | conclusions that Comerica asserts in its Motion—i.e. that a transcript of the 341(a) meeting of
15 | creditors held on May 4, 2004 in the *Four Star* case was created and has now been destroyed,
16 | and that such transcript contained information which would support Comerica's defenses to
17 | Plaintiffs' Complaint but which is no longer available to Comerica through ordinary discovery
18 | procedures—the probative value of the testimony is far outweighed by the prejudice to
19 | Plaintiffs and the confusion it generates concerning the issue at hand, that issue being whether
20 | the doctrine of equitable tolling should be applied to Plaintiffs' RICO claims.

21 |     Indeed, with regard to the second factual conclusion that Comerica seeks
22 | to make on the basis of this testimony, i.e. that the transcript of the 341(a) meeting of creditors
23 | would likely have contained information which would support Comerica's defenses to
24 | Plaintiffs' Complaint, such a conclusion is directly disputed by the specific allegations made in
25 | the Complaint that, at all times prior to the filing of the Complaint, Four Star Managers Ronald
26 | Anson and Jack Garrett refused to cooperate with any inquiries into Four Star's operations, and
27 | that Mark Cohn first disclosed the facts of Comerica's role in the Four Star Ponzi scheme in
28 | October 2008 only after reaching a plea agreement with the United States Attorney over new

1  wire fraud and mail fraud charges brought against him in 2007. Complaint at ¶¶ 53-55. This
2  factual dispute underscores precisely why it would be inadvisable for the Court to receive
3  factual evidence outside the scope of the pleadings in connection with Comerica's Motion to
4  Dismiss.
5        2.    Plaintiffs object to and move to strike the testimony at page 2, line 26
6  (beginning with "The purpose of the call ...") through page 3, line 1 of the Declaration. The
7  testimony is inadmissible because it is not based on the declarant's personal knowledge.
8  F.R.Evid. 602. There is no evidence from the Declaration that the declarant has personal
9  knowledge that a meeting of creditors was held on May 4, 2004, or that if such a meeting was
10 held, that a transcript of that meeting was created. Indeed, in response to an inquiry made by
11 Plaintiffs' counsel to the Four Star bankruptcy trustee, Plaintiffs' counsel was advised that
12 there was no 341(a) meeting of creditors held on that date in the *Four Star* bankruptcy case.
13       3.    Plaintiffs object to and move to strike the testimony at page 2, lines 10-28 of the
14 Declaration, on the following grounds:
15            (a)   The testimony is irrelevant to these proceedings and is thus inadmissible.
16 Fed.R.Evid. 402. The testimony is irrelevant for the following reasons:
17                 (i)   The testimony is offered by Comerica for the purpose of
18 supporting its contention that Plaintiffs could have learned of the essential elements of their
19 claims against Comerica if Plaintiffs had diligently sought information that was publicly
20 available in the *Four Star* bankruptcy case and/or had investigated publicly available
21 documents that had been filed in that case or maintained by the bankruptcy trustee's
22 accountants. *See* Motion at 16:6-22.
23                 However, a plaintiff has no due diligence obligation to conduct
24 any investigation of publicly available facts which would support a claim against a defendant
25 unless the plaintiff first has reason to suspect that the defendant engaged in wrongdoing. *See*
26 *Prudential Home Mortg. Co. v. Superior Court* (1998) 66 Cal.App.4th 1236, 1248. In that
27 regard, a plaintiff is entitled to assume that a regulated business will not engage in conduct that
28 would violate the regulations which govern the business's operations. *Id.* Thus, in the absence

of Plaintiffs' actual knowledge of some fact that would have given Plaintiffs a reasonable basis for suspecting that Comerica had engaged in wrongful conduct, Plaintiffs were entitled to assume that Comerica had done nothing wrong, and Plaintiffs had no due diligence obligation to conduct any investigation regarding potential claims against Comerica. *See* discussion in Section IV.D.1. of Plaintiffs' Opposition to Comerica's Motion to Dismiss. There is not a single fact alleged in the Complaint or cited by Comerica in its Request for Judicial Notice that would allow the Court to conclude that Plaintiffs had any reason to suspect that Comerica had engaged in any wrongful conduct. Therefore, Plaintiffs had no due diligence obligation to conduct any investigation of publicly available information in search of evidence to support their claims against Comerica.

          (ii)    The testimony is not probative of the alleged facts that it purports to support, i.e. that Plaintiffs could have uncovered essential information bearing on their claims against Comerica. *See Gardenhire v. IRS*, 220 B.R. 376, 382 (B.A.P. 9th Cir. 1998), rev'd on other grounds, 209 F.3d 1145 (9th Cir. 2000). Comerica cites the testimony in support of its contention that Plaintiffs, by the exercise of reasonable diligence, could have uncovered facts supporting their claims against Comerica by attending exercising their rights to conduct examinations and subpoena documents in the *Four Star* bankruptcy under Bankruptcy Rule 2004, and to review documents relating to Four Star banking transactions which were filed with the bankruptcy court or maintained by the bankruptcy trustee's accountants. Motion at 16:6-22.

          In fact, the testimony provides nothing more than sheer speculation in support of Comerica's contention. There is no evidence that the Four Star Managers would have disclosed Comerica's involvement in the Four Star Ponzi scheme during 2004 examinations, and no such inference can be drawn. On the contrary, in ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court is required draw the opposite inference, i.e. that the Four Star Managers would have disclosed nothing with regard to Comerica's involvement, in view of the specific allegations made at paragraphs 53 to 55 of the Complaint that, at all times prior to the filing of the Complaint, Four Star Managers Ronald Anson and Jack Garrett refused to cooperate with any inquiries into Four Star's operations, and that Mark Cohn first disclosed the

facts of Comerica's role in the Four Star Ponzi scheme in October 2008 only after reaching a plea agreement with the United States Attorney over new wire fraud and mail fraud charges brought against him in 2007. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F. 3d 336, 337-38 (9th Cir. 1996) (when ruling on a motion under Fed.R.Civ.P. 12(b)(6) to dismiss for failure to state a claim, the court must accept all factual allegations as true, and must construe them and draw all reasonable inferences from them "in the light most favorable to nonmoving party.") Comerica's contention that Plaintiffs could have uncovered essential information regarding their claims against Comerica by examining documents filed with the bankruptcy court or maintained by the bankruptcy trustee's accountants also does not stand up to analysis, particularly in view of the fact that teams of lawyers and forensic accountants spent years investigating Four Star's operations in an attempt to identify culpable parties without ever suspecting that Comerica had engaged in any wrongdoing. *See* discussion in Section IV.D.2. of Plaintiffs' Opposition to Comerica's Motion to Dismiss.

(b) The probative value of the testimony is substantially outweighed by the danger of unfair prejudice and confusion of the issues. F.R.Evid. 403. The purported probative value of the testimony is that it allegedly supports Comerica's contention that Plaintiffs, by the exercise of reasonable diligence, would have uncovered the essential information supporting their claims against Comerica more than six years ago, thus their claims are barred by the statute of limitations. *See* Motion at 16:22-23. However, a motion to dismiss based on the running of the statute of limitations cannot be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail, supra,* 68 F.3d at 1207.

Given this high bar for granting Comerica's Motion, and given that the testimony provides, at most, a speculative basis for the factual conclusions that Comerica asserts in its Motion—i.e. that Plaintiffs would have learned of the essential information supporting their claims against Comerica more than six years ago—the probative value of the testimony is far outweighed by the prejudice to Plaintiffs and the confusion it generates

concerning the issue at hand, that issue being whether the statute of limitations on Plaintiffs' claims was tolled and/or did not accrue until October 2008.

**C. If the Court Intends to Rely on the Declaration in Ruling on Comerica's Motion to Dismiss, the Motion Must Be Treated as a Motion for Summary Judgment and Plaintiffs Must be Afforded a Reasonable Opportunity to Submit Evidence on All Disputed Factual Issues**

If a Rule 12(b)(6) motion presents matters outside the pleadings, and such evidence is considered by the Court, "the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." F.R.Civ.P. 12(d).

Thus, should the Court elect to consider the Declaration and thus treat this Motion as a motion for summary judgment, Plaintiffs are entitled to a reasonable opportunity to submit evidence relevant to all of the factual points raised in the Motion which are disputed by Plaintiffs. In addition, since the Motion was brought before Plaintiffs have had any opportunity to conduct discovery, the hearing on the motion should be continued for a reasonable period of time in order to afford Plaintiffs the opportunity to conduct discovery on these factual issues.

DATED: October 8, 2009

LAW OFFICE OF ROBERT LUBIN
LAW OFFICE OF KENNETH PRITIKIN

ROBERT LUBIN
KENNETH PRITIKIN
JOSEPH CAMENZIND, IV
Attorneys for the Plaintiffs.

PRITIKIN v. COMERICA BANK ET. AL.
PLAINTIFFS' OBJECTION TO AND MOTION TO STRIKE DECLARATION OF MONIQUE JEWETT-