*LAW OFFICE OF ROBERT LUBIN*
ROBERT M. LUBIN ESQ. (055863)
r1817@aol.com
JOSEPH CAMENZIND, IV (244154)
camenzindlaw@yahoo.com
177 Bovet Road, Suite 600
San Mateo, CA 94402
Telephone: (650) 638-2331
Fax: (650) 638-1005

*LAW OFFICE OF KENNETH PRITIKIN*
KENNETH PRITIKIN, ESQ. (108072)
kwpritikin@gmail.com
2950 Buskirk Avenue, Suite 300
Walnut Creek, CA 94597
Phone: (925) 407-2158
Fax: (925) 262-4688

Attorneys for the Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)

| | |
|---|---|
| ROBERT PRITIKIN, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>COMERICA BANK, et al.,<br><br>Defendants | Case No.: C09 03303 JF<br><br>**PLAINTIFFS' OBJECTION TO THE REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF COMERICA BANK'S MOTION TO DISMISS**<br><br>Date:   October 30, 2009<br>Time:   9:00 a.m.<br>Dept.:   Honorable Jeremy Fogel |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT Plaintiffs Robert Pritikin et al. ("Plaintiffs") hereby object to all Exhibits attached to the Request for Judicial Notice in Support of Defendant Comerica Bank's Motion to Dismiss the Complaint (hereinafter, the "Request for Judicial Notice").

Plaintiffs' objection is based on the fact, discussed below, that all Exhibits attached to the Request for Judicial Notice are irrelevant to the Motion to Dismiss. When a document is irrelevant to the matter before the court, judicial notice of the document is not warranted. *Turnacliff v. Westly*, 546 F.3d 1113, 1120, fn. 4 (9th Cir. 2008); *Campo v. Kennedy*, 517 F.3d 1070, 1075, fn. 7 (9th Cir. 2008).

### 1. The Exhibits are Irrelevant Because Plaintiffs Had No Due Diligence Obligation to Investigate Public Records for Evidence of Comerica's Misconduct

The purported relevance of the Exhibits is that they allegedly demonstrate that there was substantial publicly available information that put Plaintiffs on notice of their claims against Comerica as early as 2004. Specifically, Comerica argues that Plaintiffs could have learned of the essential elements of their claims against Comerica several years ago if Plaintiffs had reviewed pleadings filed in the *Four Star* bankruptcy case and in lawsuits brought by investors and creditors of Four Star Financial Services, LLC, and had reviewed publicly available documents that had been filed in the *Four Star* bankruptcy case or maintained by the bankruptcy trustee's accountants. *See* Motion at 3:19-22; 4:1-28; 5:1-19; 8:11 – 10:27; 16:1-5.

However, a plaintiff has no due diligence obligation to conduct any investigation of publicly available facts which would support a claim against a defendant unless the plaintiff first has reason to suspect that the defendant engaged in wrongdoing. *See Prudential Home Mortg. Co. v. Superior Court* (1998) 66 Cal.App.4th 1236, 1248. In that regard, a plaintiff is entitled to assume that a regulated business will not engage in conduct that would violate the regulations which govern the business's operations. *Id.* Thus, in the absence of Plaintiffs' actual knowledge of some fact that would have given Plaintiffs a reasonable basis for suspecting that Comerica had engaged in wrongful conduct, Plaintiffs were entitled to assume

1 that Comerica had done nothing wrong, and Plaintiffs had no due diligence obligation to conduct any investigation regarding potential claims against Comerica. *See* discussion in Section IV.D.1. of Plaintiffs' Opposition to Comerica's Motion to Dismiss.

There is not a single fact alleged in the Complaint or cited by Comerica in its Request for Judicial Notice that would allow the Court to conclude that Plaintiffs had any reason to suspect that Comerica had engaged in any wrongful conduct. Therefore, Plaintiffs had no due diligence obligation to conduct any investigation of publicly available information in search of evidence to support their claims against Comerica.

As such, it is irrelevant whether such an investigation might have uncovered facts supporting Plaintiffs' claims against Comerica.

### 2. Even If Plaintiffs Had a Due Diligence Obligation to Investigate Public Records for Evidence of Comerica's Misconduct, the Exhibits are Irrelevant Because They Contain No Facts to Suggest that Plaintiffs Had Claims Against Comerica

The statute of limitations on Plaintiffs' claims against Comerica did not run so long as Plaintiffs could not, by the exercise of reasonable diligence, acquire essential information bearing on the claims. *See* discussion in Section IV.A. of Plaintiffs' Opposition to Comerica's Motion to Dismiss.

The Exhibits attached to the Request for Judicial Notice do not supply any essential information in support of Plaintiffs' claims. In fact, there is not a single fact contained in any of the Exhibits that would direct any reasonable suspicion towards Comerica. *See* discussion in Section IV.D.2. of Plaintiffs' Opposition to Comerica's Motion to Dismiss. Therefore, even if Plaintiffs were charged with constructive knowledge of the contents of the Exhibits, that knowledge would not have supplied Plaintiffs with the essential information supporting any claim against Comerica, which is the standard that must be met in order for the statute of limitations on Plaintiffs' claims against Comerica to begin running.

/ / /

/ / /

/ / /

1    As such, the Exhibits are irrelevant for the purpose for which they have been offered.

3 DATED: October 8, 2009

LAW OFFICE OF ROBERT M. LUBIN
LAW OFFICE OF KENNETH PRITIKIN

ROBERT LUBIN
KENNETH PRITIKIN
JOSEPH CAMENZIND, IV
Attorneys for the Plaintiffs.