1   BUCHALTER NEMER
    A Professional Corporation
2       PETER G. BERTRAND (#87883)
        RICHARD C. DARWIN (#161245)
3   333 Market Street, 25th Floor
    San Francisco, California 94105-2126
4   Telephone:    (415) 227-0900
    Facsimile:    (415) 227-0770
5   rdarwin@buchalter.com

6   Attorneys for Defendant
    COMERICA BANK

7

8               UNITED STATES DISTRICT COURT

9      NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

10

11  ROBERT PRITIKIN, et al.,            CASE NO. CV 09-03303 JF

12              Plaintiffs,             COMERICA'S RESPONSE TO
                                        PLAINTIFFS' OBJECTION AND MOTION
13      v.                              TO STRIKE THE DECLARATION OF
                                        MONIQUE JEWETT-BREWSTER
14  COMERICA BANK, et al.,
                                        Date:       October 30, 2009
15              Defendants.             Time:       9:00 a.m.
                                        Dept.:      Honorable Jeremy Fogel
16

17

18          Defendant Comerica Bank hereby responds to Plaintiffs' Objection and Motion to Strike

    the Declaration of Monique Jewett-Brewster as follows.
19

20      A.      **The Matters Addressed in the Declaration Are Judicially Noticeable**

21          The matters that were the subject of Ms. Jewett-Brewster's declaration, e.g., the existence

    and function of Section 341(a) creditors' meetings, the creation of transcripts from those
22
    meetings, the rules and procedures of the United States Trustee regarding the maintenance of
23
    those transcripts, and the function of Rule 2004 examinations, are all matters of which this Court
24
    may take judicial notice. So, too, is the fact that documents get lost, and memories fade, eight to
25
    ten years after the relevant events occurred.
26
            In addition to the matters set forth in the Complaint, the Court may consider matters that
27
    are judicially noticeable in ruling on a motion to dismiss under Rule 12(b)(6). *See, In re Silicon*
28

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

BN 4619231v1                    1

COMERICA'S RESPONSE TO PLAINTIFFS' OBJECTION TO THE MOTION TO STRIKE THE
DECLARATION OF MONIQUE JEWETT-BREWSTER

1    *Graphics, Inc. Sec. Lit.*, 183 F.3d 970, 986 (9th Cir. 1999); *Emrich v. Touche Ross & Co.*, 846

2    F.2d 1190, 1198 (9th Cir. 1988). Although the declaration was not incorporated into Comerica's

3    separately-filed Request for Judicial Notice, the Court may take judicial notice of matters

4    "whether requested or not." Federal Rule of Evidence 201(c). The judicially noticeable facts,

5    procedures, and discovery mechanisms referenced in Ms. Jewett-Brewster's declaration all tend

6    to support the prejudice suffered by Comerica as a consequence of Plaintiffs' failure to file their

7    Complaint within the applicable limitations period.

8        **B.**    **Responses to Objections to Testimony**

9        1.    Page 2, lines 19-21, and page 3, lines 2-6:[1] The identified testimony is not

10   hearsay, as Ms. Jewett-Brewster is simply testifying regarding her own personal knowledge and

11   understanding of the record keeping policies of the United States Trustee. The testimony is

12   directly relevant to the issue of prejudice to Comerica, a matter that was placed in issue by

13   Plaintiffs' invocation of the doctrine of equitable tolling to justify the untimely filing of their

14   Complaint. *See*, Reply Brief at Section II.D.2, which is incorporated by reference herein. The

15   fact that the testimony supports the position of one party over the other is not a valid basis for

16   objecting to the testimony under Federal Rule of Evidence 403; there is nothing prejudicial or

17   inherently confusing about it. Further, Plaintiffs' reliance upon *Supermail Cargo Inc. v. United

18   States*, 68 F.3d 1204, 1207 (9th Cir. 1995) for the proposition that a motion to dismiss should not

19   be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts to support

20   his or her claim" is misplaced, in light of the fact that the quoted standard was explicitly

21   overruled by the Supreme Court in *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 563 (2007)

22   ("[A]fter puzzling the profession for 50 years, this famous observation has earned its retirement.")

23       2.    Page 2, line 26, through page 3, line 1: The cited testimony is not hearsay,

24   as it is based upon Ms. Jewett-Brewster's personal knowledge of the purpose of the telephone call

25   referenced in the declaration. The existence of a 341(a) meeting of creditors is established by the

26   Notice of Rescheduling of First Meeting of Creditors filed April 12, 2004 in *In re Four Star*

27       [1] It appears that the Plaintiffs have cited to the physical page of the Declaration, as opposed to the

28   number at the bottom of the page. Thus, the citation to "page 2, lines 19-21" is actually referring
to the page enumerated as "page 1" in the Declaration.

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

**COMERICA'S RESPONSE TO PLAINTIFFS' OBJECTION TO THE MOTION TO STRIKE THE
DECLARATION OF MONIQUE JEWETT-BREWSTER**

1    *Financial Services, LLC,* United States Bankruptcy Court, Central District of California Case No.

2    LA 03-37579, a true and correct copy of which was attached as Exhibit 16 to Comerica's RJN.

3            3.      Page 2, lines 10-28: For the reasons set forth in Comerica's moving papers

4    and Reply Brief, the availability of information regarding Four Star's bankruptcy, and the ability

5    of creditors to obtain Four Star records through discovery devices available in the context of that

6    bankruptcy, are both directly relevant to the issues of when Plaintiffs had notice or information of

7    circumstances to put a reasonable person on inquiry of wrongdoing, and whether they exercised

8    reasonable diligence in pursuing their claims. Further, as explained in *Norgart v. The Upjohn*

9    *Company*, 21 Cal.4th 383, 398-399 (1999), "the identity of the defendant is not an element of any

10   cause of action." *Id.* "*It follows that failure to discover, or have reason to discover, the identity of*

11   *the defendant does not postpone the accrual of a cause of action, whereas a like failure*

12   *concerning the cause of action itself does.*" *Id.* (emphasis added).  The rationale for

13   distinguishing between a plaintiff's ignorance of the defendant and ignorance of the cause of

14   action itself is based "on the commonsense assumption that once the plaintiff is aware of the

15   latter, he normally has sufficient opportunity within the applicable limitations period to discover

16   the identity of the former. He may often effectively extend the limitations period in question by

17   the filing and amendment of a Doe complaint and invocation of the relation-back doctrine.

18   Where he knows the identity of at least one defendant, *he must proceed thus."* *Id.*  (emphasis

19   added, internal quotes and citations omitted).

20           The case of *Prudential Home Mortgage Co. v. Superior Court*, 66 Cal.App.4th 1236,

21   1248 (1998) is distinguishable on the grounds explained in Comerica's Reply Brief.

22           Finally, the fact that the cited testimony of Ms. Jewett-Brewster supports one party's

23   position and does not support the other does not serve as a basis for excluding it under Federal

24   Rule of Evidence 403. The reference testimony is neither prejudicial nor inherently confusing.

25

26

27

28

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

BN 4619231v1            3

COMERICA'S RESPONSE TO PLAINTIFFS' OBJECTION TO THE MOTION TO STRIKE THE
DECLARATION OF MONIQUE JEWETT-BREWSTER

1  DATED: October 16, 2009

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BUCHALTER NEMER
A Professional Corporation


By:_____/s/ Richard C. Darwin_____
            RICHARD C. DARWIN
            Attorneys for Defendant
            COMERICA BANK

BUCHALTER NEMER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

BN 4619231v1

4